**EXHIBIT C**

MCC RECORDS MANAGEMENT
Co: _19_    Box# _6033_
CTRL# _96185_  Loc: _31-3-33_

TO:    FILE

FROM:  H. E. BUCKLES

DATE:  OCTOBER 6, 1987

 RE: CONCLUDED LITIGATION SUMMARY                    *Redacted*

1. Division/Location: MANSFIELD PRODUCTS CO.                Code:  1591

2. Plaintiff: RUSSELL BLUM

3. Date of Loss: 9/18/85

4. WCI Self-Retention/Other:  $500,000

5. Venue:
   SUPERIOR COURT OF CALIFORNIA, MARIN COUNTY

6. Insurance Reserve: _____

7. Settlement Authority Requested: _____

8. Amount of Suit: $10,000+

9. Description of Accident:
   PLAINTIFF'S HAND WAS CAUGHT IN WASHING MACHINE CAUSING ONE FINGER TO BE
   AMPUTATED BELOW THE FIRST KNUCKLE.

10. Outcome: SETTLED FOR $7,500.

11. Expenses:        **Redacted**

12. Comments (product, etc.):

Ref:___/al

cc: RISK MANAGEMENT



February 3, 1986

RECEIVED

FEB 4 1986

LEGAL WCI DEPT.

White Consolidated Industries, Inc.
Attn:  Mr. H. E. Buckles
Cleveland, OH  44111

Dear Ed:

John Hofstadt, the manager of CSS-Hayward, called me on Friday, 1-31, about this.  I received it from him this morning, and am sending it on.

According to John, Hayward has done no service, and A-1 is an unauthorized servicer.  Also note that all we have is a model number, LT170PXV3, so it's conceivable that this could be a Westinghouse Electric.

Please advise on what assistance you need.

Sincerely,

Michele Y. Lang
Consumer Relations Specialist





U.S.POSTAGE 1.84

RETURN RECEIPT
REQUESTED

CERTIFIED
P 540 789 340
MAIL

RETURN RECEIPT
REQUESTED

White-Westinghouse Corporation

930 Fort Duquesne Blvd.

Pittsburgh, Pa. 15222

FIRST CLASS

FIRST CLASS

WHAD-WHITE-WESTINGHOUSE
393 Curtis Street
P.O. Box 5006 94540
Hayward, CA 94544

DEF 000755

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*

WHITE-WESTINGHOUSE CORPORATION; GEORGE PANTAZES;
A-1 SERVICE UNLIMITED; DOES 1 to 25

|  |
|---|
| **POR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

### YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le está demandando)*

RUSSELL BLUM

| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court.<br><br>A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.<br><br>If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*<br><br>*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*<br><br>*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*<br><br>*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

CASE NUMBER: *(Número del Caso)*

15 0 0 8 2

The name and address of the court is: *(El nombre y dirección de la corte es)*

SUPERIOR COURT OF CALIFORNIA
COUNTY OF MARIN
HALL OF JUSTICE
SAN RAFAEL, CA  94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

HERRON & HERRON
J. WYNNE HERRON, ESQ.
600 Montgomery Street, 33rd Floor
San Francisco, CA  94111          Telephone:  415/788-2500

DATE: DEC 20 1985        HOWARD HANSON        Clerk, by _____, Deputy
*(Fecha)*                *(Actuario)*                              *(Delegado)*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  WHITE-WESTINGHOUSE CORPORATION

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
       ☐ other:
4. ☐ by personal delivery on *(date):*

Form Adopted by Rule 982                    (See reverse for Proof of Service)

DEF 000756

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)

. WYNNE HERRON, ESQ.                    TELEPHONE        FOR COURT USE ONLY
ERRON & HERRON                          (415) 788-2500
00 Montgomery Street, 33rd Floor                         **F I L E D**
an Francisco, California 94111          **RECEIVED**
TTORNEY FOR (NAME):   Plaintiff RUSSELL BLUM             DEC 30 1985      DEC 20 1985

ert name of court, judicial district or branch court, if any, and post office and street address:
                                                        HERRON & HERRON   HOWARD HANSON
UPERIOR COURT OF THE STATE OF CALIFORNIA                                  MARIN COUNTY CLERK
OUNTY OF MARIN                                                            By P. Ryan, Deputy
ALL OF JUSTICE, CIVIC CENTER
AN RAFAEL, CA  94903

LAINTIFF:

    RUSSELL BLUM

EFENDANT:

    WHITE-WESTINGHOUSE CORPORATION; GEORGE PANTAZES; A-1 SERVICE UNLIMITED;

☑ DOES 1 TO ___25___

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| ☐ MOTOR VEHICLE    ☐ OTHER (specify): | 108282 |
|    ☐ Property Damage    ☐ Wrongful Death | |
|    ☒ Personal Injury    ☐ Other Damages (specify): | |

1. This pleading, including attachments and exhibits, consists of the following number of pages: ___6___

2. a. Each plaintiff named above is a competent adult
      ☐ Except plaintiff (name):
         ☐ a corporation qualified to do business in California
         ☐ an unincorporated entity (describe):
         ☐ a public entity (describe):
         ☐ a minor    ☐ an adult
            ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            ☐ other (specify):
         ☐ other (specify):

      ☐ Except plaintiff (name):
         ☐ a corporation qualified to do business in California
         ☐ an unincorporated entity (describe):
         ☐ a public entity (describe):
         ☐ a minor    ☐ an adult
            ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            ☐ other (specify):
         ☐ other (specify):

   b. ☐ Plaintiff (name):
         is doing business under the fictitious name of (specify):

         and has complied with the fictitious business name laws.
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint—
         Attachment 2c.                    (Continued)

Form Approved by the                  COMPLAINT—Personal Injury, Property Damage,

DEF 000757

| SHORT TITLE:<br>BLUM v. WHITE-WESTINGHOUSE CORPORATION, et al. | CASE NUMBER<br>126282 |
| --- | --- |

**COMPLAINT**—Personal Injury, Property Damage, Wrongful Death    Page 1

3. a. Each defendant named above is a natural person

[X] Except defendant *(name)*:
White-Westinghouse Corporation

[ ] a business organization, form unknown
[X] a corporation
[ ] an unincorporated entity *(describe)*:

[ ] a public entity *(describe)*:

[ ] other *(specify)*:

[ ] Except defendant *(name)*:

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe)*:

[ ] a public entity *(describe)*:

[ ] other *(specify)*:

[X] Except defendant *(name)*:
A-1 Service Unlimited

[X] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe)*:

[ ] a public entity *(describe)*:

[ ] other *(specify)*:

[ ] Except defendant *(name)*:

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe)*:

[ ] a public entity *(describe)*:

[ ] other *(specify)*:

b. The true names and capacities of defendants sued as Does are unknown to plaintiff.

c. [ ] Information about additional defendants who are not natural persons is contained in Complaint—Attachment 3c.

d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

4. [ ] Plaintiff is required to comply with a claims statute, and
a. [ ] plaintiff has complied with applicable claims statutes, or
b. [ ] plaintiff is excused from complying because *(specify)*:

5. This court is the proper court because
[X] at least one defendant now resides in its jurisdictional area.
[ ] the principal place of business of a corporation or unincorporated association is in its jurisdictional area.
[X] injury to person or damage to personal property occurred in its jurisdictional area.
[ ] other *(specify)*:

6. [X] The following paragraphs of this complaint are alleged on information and belief *(specify paragraph numbers)*:
3a; Prod.L-2; Prod.L-4; Prod.L-5; Prod.L-6; Prem.L-2; Prem.L-5a; Prem.L-5b.

DEF 000758

| SHORT TITLE: | CASE NUMBER: 126282 |
|---|---|
| BLUM v. WHITE-WESTINGHOUSE CORPORATION, et al. | |

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death (Continued)**                     Page three

7. ☐  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   ☐ listed in Complaint—Attachment 7   ☐ as follows:

8. Plaintiff has suffered and will suffer
   ☒ wage loss
   ☒ hospital and medical expenses
   ☐ property damage
   ☐ other damage (specify):

   ☐ loss of use of property
   ☒ general damage
   ☒ loss of earning capacity

9. Relief sought in this complaint is within the jurisdiction of this court.

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ compensatory damages
       ☒ (Superior Court) according to proof.

       ☐ (Municipal and Justice Court) in the amount of $_____
    ☐ other (specify):

11. The following causes of action are attached and the statements above apply to each: (Each complaint must have
    one or more causes of action attached.)
    ☐ Motor Vehicle
    ☐ General Negligence
    ☐ Intentional Tort
    ☒ Products Liability
    ☒ Premises Liability
    ☐ Other (specify):

DATED:  November 27, 1985.

                                        HERRON & HERRON


    J. WYNNE HERRON                     By: _J. Wynne Herron_____
    _____                        (Signature of plaintiff or attorney)
     (Type or print name)                   Attorneys for Plaintiff

COMPLAINT—Personal Injury, Property Damage,                          Page three

DEF 000759

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BLUM v. WHITE-WESTINGHOUSE CORPORATION, et al. | 126282 |

___FIRST___ **CAUSE OF ACTION—Products Liability** Page __4__
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):*   RUSSELL BLUM

Prod.L-1. On or about *(date):* September 18, 1985  plaintiff was injured by the following product:

White-Westinghouse washing machine, Model No. LT170PXV3.

Prod.L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
☒ used in the manner intended by the defendants.
☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod.L-3. Plaintiff was a
☐ purchaser of the product.             ☒ user of the product.
☐ bystander to the use of the product.   ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:
Prod.L-4. ☐ **Count One—Strict liability** of the following defendants who
    a. ☒ manufactured or assembled the product *(names):*
      White-Westinghouse Corporation,

      ☒ Does ___1___ to ___5___
    b. ☒ designed and manufactured component parts supplied to the manufacturer *(names):*

      ☒ Does ___6___ to ___10___
    c. ☒ sold the product to the public *(names):*

      ☒ Does ___11___ to ___15___
Prod.L-5. ☒ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
    White-Westinghouse Corporation,

      ☒ Does ___1___ to ___15___
Prod.L-6. ☒ **Count Three—Breach of warranty** by the following defendants *(names):*
    White-Westinghouse Corporation,

      ☒ Does ___1___ to ___15___
    a. ☒ who breached an implied warranty
    b. ☒ who breached an express warranty which was
      ☒ written ☐ oral
Prod.L-7. ☒ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
    ☐ listed in Attachment—Prod.L-7 ☒ as follows: Defendant A-1 Service Unlimited negligently and carelessly inspected, repaired and maintained said washing machine prior to plaintiff's injury, so as to cause the machine to fail and not shut off as described above, and legally cause plaintiff the injuries described.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(6)     **CAUSE OF ACTION—Products Liability**     CCP 425.12

DEF 000760

| SHORT TITLE: BLUM v. WHITE-WESTINGHOUSE CORPORATION, et al. | CASE NUMBER 126282 |
|---|---|

___SECOND___    **CAUSE OF ACTION—Premises Liability**    Page __5__
(number)

**ATTACHMENT TO** [XX] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*:  RUSSELL BLUM
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*:  September 18, 1985    plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
Plaintiff's rental apartment included a White-Westinghouse, Model No. LT170PXV3, washing machine as part of the premises.  While the machine was washing laundry, plaintiff heard an unusual noise from the machine and tried to turn the machine off by pulling and turning the on-off dial, and then opening the machine door. However, the machine would not turn off.  As plaintiff then attempted to stop the machine, one of the fingers on his left hand was caught by spinning laundry and suddenly amputated beneath the first knuckle.

Prem.L-2.    [XX] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:

George Pantazes

[XX] Does __16__ to __25__

Prem.L-3.    [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names)*:

[ ] Does _____ to _____
Plaintiff, a recreational user, was  [ ] an invited guest  [ ] a paying guest.

Prem.L-4.    [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names)*:

[ ] Does _____ to _____
a. [ ] The defendant public entity had  [ ] actual  [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [XX] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names)*:

[XX] Does __16__ to __20__
b. [XX] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[XX] described in attachment Prem.L-5.b  [ ] as follows *(names)*:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(5)          **CAUSE OF ACTION—Premises Liability**          CCP 425.12

DEF 000761

BLUM v. WHITE-WESTINGHOUSE CORPORATION, et al.   CASE NO. _126282_

SECOND CAUSE OF ACTION - PREMISES LIABILITY                Page 6

Attachment to Complaint

Prem.L-5.   b.   George Pantazes was plaintiff's landlord, and
                 Does 1 to 25 were agents and employees of
                 defendant Pantazes and acted within the scope of
                 their agency or employment.   Defendant Pantazes
                 and Does 16 to 25 were engaged in the business
                 of leasing dwellings to tenants such as plaintiff.
                 Plaintiff's injuries resulted from a defect in
                 the premises, that is, a defect in the White-
                 Westinghouse washing machine, Model No.
                 LT170PXV3, which existed at the time the premises
                 were let to plaintiff.

                 Defendant A-1 Service Unlimited negligently and
                 carelessly inspected, repaired and maintained said
                 washing machine prior to plaintiff's injury, so
                 as to cause the machine to fail and not shut off
                 as described above, and legally cause plaintiff
                 the injuries described.

/2

INITIAL LITIGATION STATUS REPORT

CAPTION:                                    DATE:  February 14, 1986

**Russell Blum v. White Consolidated Industries, Inc.**
**(Mansfield Products Compnay)**

TYPE OF CASE:  Product Bodily Injury        ASSIGNED TO:  H. E. Buckles

DATE COMPLAINT FILED:   12-20-85            DATE OF LOSS:  9-18-85

WCI SELF-RETENTION:  $500,000.00            PRODUCT:  Washing Machine

AMOUNT OF SUIT: $10,000.00+                 MODEL NO.:  LT 170 PXV3

RESERVE AMOUNT:  Indemnity:                 SERIAL NO.:
                 Expense:
                 Total:                     OTHER (YEAR):

WCI COUNSEL:                                PLAINTIFF'S COUNSEL:

    Douglas Harvey, Esq.                        Herron & Herron
    Gordon & Rees                               600 Montgomery Street
    601 Montgomery Street                       San Francisco, CA  94111
    San Francisco, CA  94111                    (415) 788-2500
    (415) 986-8041

FACTS/COMMENTS:

    In attempting to stop machine, plaintiff's hand was caught by agitator and one
finger amputated below first knuckle.

HEB/lmb

cc:   H. R. Morse

ENTERED
REGISTER _1085_
DATE _2/14/86_

DEF 000763

LAW OFFICES

# GORDON & REES

FOURTH FLOOR
601 MONTGOMERY STREET
SAN FRANCISCO, CALIFORNIA 94111
(415) 986-5900

STUART M. GORDON
P. GERHARDT ZACHER
DOUGLAS B. HARVEY
JACK B. McCOWAN, JR.
JAMES PATRICK CASTLES
WILLIAM A. ROBLES
WILLIAM C. WILKA
CRAIG A. BESTWICK

DONALD W. REES
JAMES MOUSHEGIAN
JAMES M. HANAVAN
MITCHELL L. FORSTER*
P. KURT PETERSON
NANCY E. HUGGINS
ARTHUR L. LANTZ, JR.

DIANE R. CROWLEY
H. SCOTT SIRLIN
DANIEL J. HERLING
THOMAS A. PACKER
CASEY S. CLOW
PETER W. CRAIGIE
GORDON L. ENDOW
RYAN L. WERNER
DAVID C. CAPELL
M.J. PIETRYKOWSKI
LINDA LANDRY MILLER
ROBERT H. AARONSON
GRETA W. SUMMERVILLE
SARAH A. SMITH
CHARLES S. CUSTER
ROBIN L. WONDER

MICHAEL T. LUCEY
S. MITCHELL KAPLAN
THOMAS C. CROSBY
WILLIAM J. PETERS
C. LEWIS ROSS
CAROL E. REESE
JOHN F. HUGHES
DEBORAH A. LEE
BRADFORD W. LOMAS
GEORGE J. DECKER
RICHARD D. FIKE
JAMES J. O'DONNELL
JEFFREY S. MARTIN
JAMES A. HAHN
MONTI J. STEGEN
TIMOTHY L. WOODRUFF III

TELEX 6771151/GRSF UW

TELECOPIER (415) 986-8054

OF COUNSEL

WILLIAM G. JAMES

* A PROFESSIONAL CORPORATION

October 1, 1987

RECEIVED

OCT  5 1987

WCI
LEGAL DEPT.

George Fukunaga
Underwriters Adjusting Company
1900 South Norfolk, Suite 310
P.O. Box 5918
San Mateo, California 94402

H. E. Buckles
White Consolidated Industries, Inc.
11770 Berea Road
P.O. Box 2739
Cleveland, Ohio 44111

|       |            |                                |
|-------|------------|--------------------------------|
| Re:   | Insured:   | White Consolidated Industries  |
|       | Date/Loss: | September 18, 1985             |
|       | Claimant:  | Blum                           |
|       | File No.:  | 049-3U-0443                    |

Gentlemen:

Enclosed please find copies of the Release and Request for Dismissals in the above-referenced action. It is unfortunate that the plaintiff choose to take this case right up to trial in lieu of our reasonable position in the case. However, we are gratified that we were able to call the plaintiff's bluff and not increase our settlement offer in this case.

We have also enclosed our final statement for professional services rendered. We trust you will find the enclosed statement in order; but should you have any questions, please do not hesitate to contact me.

It was our pleasure to be of service to White Consolidated Industries in this case. We look forward to working with you again in the near future.

Very truly yours,

GORDON & REES

*William J. Peters*

WILLIAM J. PETERS

WJP:iet
Encls.

DEF 000764

## FULL RELEASE AND RECEIPT

Whenever the singular is used in this release, it includes the plural. Whenever the masculine gender is used, it includes the feminine or neuter gender. Whenever the word "complaint" is used, it includes any and all amended complaints, amendments to complaints, cross-complaints, amended cross-complaints, amendments to cross-complaints, complaints in intervention, amended complaints in intervention and amendments to complaints in intervention. Whenever the word "lien" is used, it includes any and all liens of any type and kind, including but not limited to those provided by law and by contract.

RUSSELL BLUM ("BLUM") in executing this release shall be deemed to have executed this release for himself and his heirs, executors, administrators, successors, and assigns and as guardian ad litem for and on behalf of any minor and the heirs, executors, administrators and assigns of the minor for whom he has been appointed guardian pursuant to Order of Court or otherwise.

Whenever the name of a party released and discharged is used it shall include any parent company, subsidiary or affiliated company of said party, the shareholders, directors, officers, agents, employees, heirs, executors, administrators, successors, and assigns of the party and of any parent company, subsidiary or affiliated company of said party, and all other persons and entities for whose acts and omissions the said party may be held liable.

BLUM, in consideration of the sum of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500.00), the receipt of which is hereby acknowledged, forever releases and discharges WESTINGHOUSE CONSUMER SERVICE of and from all claims, demands, damages, actions and causes of action of every kind and nature, including claims for attorneys' fees or costs in any way related to the complaint referred to below, known or unknown, existing, claimed to exist, or which can ever hereafter arise out of or result from or in connection with any and all acts and omissions of WESTINGHOUSE CONSUMER SERVICE from the beginning of time to and including the date below, including but not limited to the matters and things described in the complaint referred to below.

BLUM hereby agrees to the special considerations which follow:

1. The liability of all such claims is denied by WESTINGHOUSE CONSUMER SERVICE, and this final compromise and

settlement thereof shall never be treated as an admission of liability or responsibility at any time for any purpose.

2.   The provisions of Section 1542 of the Civil Code of the State of California are hereby expressly waived, and BLUM understands that said Section provides:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him, must have materially affected his settlement with the debtor referred to in the complaint described below and as to which BLUM is presently without knowledge, and in the same manner as it applies to damages presently known.

3.   If any claim for personal injuries and damages resulting therefrom was made in the complaint referred to below:

a.   BLUM represents and warrants that he has been fully advised and understands that said injuries are of such a character that the full extent and type of said injuries are not known at the date hereof, and that each and every injury might not now be known, and it is further understood that said injuries whether known or unknown at the date hereof, might possibly become progessively worse and that as a result thereof further damages may be sustained by BLUM; nevertheless, BLUM desires to forever and fully release and discharge WESTINGHOUSE CONSUMER SERVICE, understands that by the execution of this instrument no further claims may ever be asserted by BLUM and further agrees that this Release shall apply to any new and different damages which may manifest themselves in the future as a proximate result of the matters and things referred to in the complaint described below and as to which BLUM is presently without knowledge, and in the same manner as it applies to damages presently known; and

b.   BLUM further represents and warrants that he has not made any assignment of any cause of action for said personal injuries and agrees to hold WESTINGHOUSE CONSUMER SERVICE free and harmless from any cost, including attorneys' fees, loss, damage, or liability incurred by or imposed upon WESTINGHOUSE CONSUMER SERVICE, or its insurance carriers, by reason of any person, firm, corporation

-2-

DEF 000766

or any other entity claiming to have been damaged
by reason of said personal injuries or claiming
to be an assignee of any cause of action which
BLUM might have or claim to have by reason of
said personal injuries.

4.   BLUM represents and warrants that there are no
liens that will in any way affect WESTINGHOUSE CONSUMER SERVICE
arising out of or relating to the matters referred to in the
complaint referred to below save and except those held by a
party hereto, and BLUM agrees to defend and hold WESTINGHOUSE
CONSUMER SERVICE, free and harmless from any cost, including
attorneys' fees, loss, damage or liability incurred by or
imposed upon WESTINGHOUSE CONSUMER SERVICE, or its insurance
carriers, by reason of any lien not heretofore disclosed.

5.   BLUM agrees to execute any and all documents
necessary to carry out the terms and provisions of this release.

6.   BLUM hereby authorizes and directs that payment
of the aforesaid sum be made by draft payable both to BLUM
and to the counsel of BLUM, and said draft be delivered to
said counsel.

7.   This release is executed without reliance upon
any representation by either WESTINGHOUSE CONSUMER SERVICE
or any of its representatives.  BLUM has carefully read this
release and has been fully advised by his counsel as to the
nature and extent of each of the terms and provisions of this
release, and hereby abandons and dismisses with prejudice as
to WESTINGHOUSE CONSUMER SERVICE, the pending Action No. 126282,
filed in the Superior Court of the State of California, in
and for the County of Marin and authorizes his counsel to execute
a Dismissal with prejudice thereof as to WESTINGHOUSE CONSUMER
SERVICE.

8.   BLUM covenants and agrees that he will not, at
any time hereafter, commence, maintain or prosecute any action
at law or otherwise, or assert any claim against WESTINGHOUSE
CONSUMER SERVICE and/or execute or enforce any judgment against
WESTINGHOUSE CONSUMER SERVICE for damages or losses of any
kind or event arising from the matters and things referred to
in the complaint described hereinabove.

9.   BLUM will indemnify and hold harmless WESTINGHOUSE
CONSUMER SERVICE from any losses incurred directly or indirectly
be reason of the falsity of any representation herein by BLUM.

10.   BLUM hereby agrees to release and discharge any
lien against WESTINGHOUSE CONSUMER SERVICE, which presently

-3-

DEF 000767

exists or may exist in the future as a result of the matters
and things referred to in said complaint.

IN WITNESS WHEREOF, BLUM has hereunto set his hand
this 18th day of June, 1987

By _____

RUSSELL BLUM

ACKNOWLEGEMENT

State of California        )
                           )   ss.
County of Los Angeles      )

On this 18th day of June, in the year 1987
before me, Gail Coffelt, a Notary Public of said
State, duly commissioned and sworn, personally appeared RUSSELL
BLUM, known to me to be the person whose name is subscribed
to the within instrument, and acknowledged that he executed
the same.

In Witness Whereof, I have hereunto set my hand and
affixed my official seal the day and year in this certificate
first above written.

Notary Public in and
for said State

OFFICIAL SEAL
GAIL COFFELT
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Commission Expires Feb. 16, 1988

-4-

DEF 000768

Name, Address and Telephone Number of Attorney(s)

DOUGLAS B. HARVEY   (415) 986-5900
WILLIAM J. PETERS
GORDON & REES
601 Montgomery Street, Fourth Fl.
San Francisco, California 94111

Attorney(s) for Def. WESTINGHOUSE CONSUMER
SERVICE

Space Below for Use of Court Clerk Only

# FILED

JUN 26 1987

HOWARD HANSON
MARIN COUNTY CLERK
By P. Woodward, Deputy

SUPERIOR .......... COURT OF CALIFORNIA, COUNTY OF  MARIN ..............
(SUPERIOR, MUNICIPAL, or JUSTICE)

.................................................................................
(Name of Municipal or Justice Court District or of branch court, if any)

Plaintiff(s):

RUSSELL BLUM

Defendant(s):

WHITE-WESTINGHOUSE CORPORATION, et al.

(Abbreviated Title)

CASE NUMBER  126282

## REQUEST FOR DISMISSAL
### TYPE OF ACTION

[X] Personal Injury /Property Damage/Wrongful Death
[ ] Motor Vehicle          [X] Other
[ ] Domestic Relations     [ ] Eminent Domain
[ ] Other: (Specify) ..................................

TO THE CLERK: Please dismiss this action as follows: (Check applicable boxes.)
1. [X] With prejudice   [ ] Without prejudice
2. [X] Entire action    [ ] Complaint only      [ ] Petition only      [ ] Cross-complaint only
   [X] Other: (Specify)*

As to WESTINGHOUSE CONSUMER SERVICE sued as WHITE WESTINGHOUSE CORPORATION.

Dated: ....... June 24, 1987

*If dismissal requested is of specified parties only, of specified causes of action only or of specified cross-complaints only, so state and identify the parties, causes of action or cross-complaints to be dismissed.

HERRON & HERRON

By: _____

Attorney(s) for  Plaintiff RUSSELL BLUM
BRIAN F. HAAVISTO

(Type or print attorney(s) name(s))

TO THE CLERK: Consent to the above dismissal is hereby given.**

Dated: ..........................................

**When a cross-complaint (or Response (Marriage) seeking affirmative relief) is on file, the attorney(s) for the cross-complainant (respondent) must sign this consent when required by CCP 581(i), (2) or (5).

Attorney(s) for ..................................

(Type or print attorney(s) name(s))

(To be completed by clerk)          JUN 26 1987
[X] Dismissal entered as requested on ..........................................
[ ] Dismissal entered on ..........................................as to only
[ ] Dismissal not entered as requested for the following reason(s), and attorney(s) notified on ..........................................

HOWARD HANSON

Dated. ....... JUN 26 1987          By ....... P. WOODWARD

Form Adopted by Rule 982 of
The Judicial Council of California   F-1233   REQUEST FOR DISMISSAL          CCP 581,
Revised Effective July 1, 1972                                              Cal. Rules of
                                    CALIFORNIA NEWSPAPER SERVICE ...

DEF 000769

Name, Address and Telephone No. of Attorney(s)

DOUGLAS A. AKIN
LAW OFFICES OF DOUGLAS A. AKIN
120 Howard St., Suite 740
San Francisco, CA. 94105
(415) 983-4740

Attorney(s) for .... GEORGE PANTAZES

Space below for Use of Court Clerk Only

RECD JUL - 2 1987

**FILED**

JUN 30 1987

HOWARD HANSON
MARIN COUNTY CLERK
By A. Cooper, Deputy

.. SUPERIOR ....... COURT OF CALIFORNIA, COUNTY OF .. MARIN ...........
(SUPERIOR, MUNICIPAL, or JUSTICE)

.................................................
(Name of Municipal or Justice Court District or of branch court, if any)

Plaintiff(s):
RUSSELL BLUM

Defendant(s):
WHITE-WESTINGHOUSE CORPORATION
. et al
(Abbreviated Title)

CASE NUMBER  126282

## REQUEST FOR DISMISSAL
TYPE OF ACTION

[X] Personal Injury, Property Damage and Wrongful Death:
  [ ] Motor Vehicle   [X] Other
[ ] Domestic Relations   [ ] Eminent Domain
[ ] Other: (Specify) ........................................

TO THE CLERK: Please dismiss this action as follows: (Check applicable boxes.)
1. [X] With prejudice   [ ] Without prejudice
2. [ ] Entire action   [XX] Complaint only   [ ] Petition only   [ ] Cross-complaint only
[X] Other: (Specify)* Dismissing COMPLAINT as to GEORGE PANTAZES only; each
            side to pay its own costs

Dated: .......... 6/16/87 ..............
*If dismissal requested is of specified parties only, of specified
causes of action only or of specified cross-complaints only, so
state and identify the parties, causes of action or cross-complaints
to be dismissed.

Attorney(s) for .... PLAINTIFF ....................

.................................................
(Type or print attorney(s) name(s))

TO THE CLERK: Consent to the above dismissal is hereby given.**

Dated: .................................
**When a cross-complaint (or Response (Marriage) seeking affirma-
tive relief) is on file, the attorney(s) for the cross-complainant
(respondent) must sign this consent when required by CCP
581(i), (2) or (5).

Attorney(s) for ................................

.................................................
(Type or print attorney(s) name(s))

(To be completed by clerk)
[ ] Dismissal entered as requested on ........................................
[ ] Dismissal entered on ........... JUN 30 1987 ........... as to only ........................
[ ] Dismissal not entered as requested for the following reason(s), and attorney(s) notified on ........................

HOWARD HANSON , Clerk
A. COOPER

Dated ............ JUN 30 1987 ............  By ................................ , Deputy

Form Adopted by Rule 982 of
The Judicial Council of California
Revised Effective July 1, 1972

**REQUEST FOR DISMISSAL**

CCP 581, etc.;
Cal. Rules of Court,
Rule 1233

DEF 000770

Name, Address and Telephone No. of Attorney(s)

MICHAEL J. MURPHY
A Professional Corporation
177 Bovet Road, Sixth Floor
San Mateo, California  94402
(415) 571-5077

Attorney(s) for  A-L SERVICE UNLIMITED

Space Below for Use of Court Clerk Only

RECD JUN 2 0 1987

# FILED
JUN 26 1987

HOWARD HANSON
MARIN COUNTY CLERK
By P. Woodward, Deputy

SUPERIOR .... **COURT OF CALIFORNIA, COUNTY OF** ... MARIN .........
(SUPERIOR, MUNICIPAL, or JUSTICE)

................................................
(Name of Municipal or Justice Court District or of branch court, if any)

Plaintiff(s):

RUSSELL BLUM

Defendant(s):

WHITE-WESTINGHOUSE CORPORATION,
et al.,
(Abbreviated Title)

CASE NUMBER    126282

**REQUEST FOR DISMISSAL**
TYPE OF ACTION

☒ Personal Injury, Property Damage and Wrongful Death:
  ☐ Motor Vehicle       ☒ Other
☐ Domestic Relations    ☐ Eminent Domain
☐ Other: (Specify) .................................

**TO THE CLERK:** Please dismiss this action as follows: (Check applicable boxes.)
1. ☒ With prejudice      ☐ Without prejudice
2. ☒ Entire action       ☐ Complaint only      ☐ Petition only      ☐ Cross-complaint only
   ☐ Other: (Specify)*

HERRON & HERRON

Dated: ........ 6/16/87 ..........

*If dismissal requested is of specified parties only, of specified causes of action only or of specified cross-complaints only, so state and identify the parties, causes of action or cross-complaints to be dismissed.

BY ...........................
Attorney(s) for .... Plaintiff ..................
       J. WYNNE HERRON
       (Type or print attorney(s) name(s))

**TO THE CLERK:** Consent to the above dismissal is hereby given.**

Dated: ........ 6/24/87 ..........

**When a cross-complaint (or Response (Marriage) seeking affirmative relief) is on file, the attorney(s) for the cross-complainant (respondent) must sign this consent when required by CCP 581(i), (2) or (5).

DOUGLAS A. AKIN

Attorney(s) for .. Cross-Complainant GEO. PAN
       DOUGLAS A. AKIN
       (Type or print attorney(s) name(s))

{To be completed by clerk)      JUN 26 1987
☒ Dismissal entered as requested on ....................................
☐ Dismissal entered on ....................................
☐ Dismissal not entered as requested for the following reason(s), and attorney(s) notified on ....................................

6/21/8
MICHAEL J. MURPHY Attorney for
Cross-complainant A-L SERVICE UNLIMITED

HOWARD HANSON ..........................., Cle
       P. WOODWARD
Dated ........ JUN 26 1987 ..........     By ...................................., Dep

Form Adopted by Rule 982 of
The Judicial Council of California
Revised Effective July 1, 1972

**REQUEST FOR DISMISSAL**

CCP 581, etc.;
Cal. Rules of Cou
Rule 1233

DEF 000771

Name, Address and Telephone of Attorney(s)

DOUGLAS A. AKIN
LAW OFFICES OF DOUGLAS A. AKIN
120 Howard St., Suite 740
San Francisco, CA. 94105
(415) 983-4740

Space below for Use of Court Clerk Only

REC'D JUN 2 9 1987

**FILED**
JUN 2 6 1987
HOWARD HANSON
MARIN COUNTY CLERK
By .......... Woodward, Deputy

Attorney(s) for ..... GEORGE PANTAZES .............

..... SUPERIOR ..... COURT OF CALIFORNIA, COUNTY OF .... MARIN .........
(SUPERIOR, MUNICIPAL, or JUSTICE)

................................................
(Name of Municipal or Justice Court District or of branch court, if any)

Plaintiff(s):
RUSSELL BLUM

CASE NUMBER      126282

**REQUEST FOR DISMISSAL**
TYPE OF ACTION

Defendant(s):
WHITE-WESTINGHOUSE CORPORATION,
et al

(Abbreviated Title)

[X] Personal Injury, Property Damage and Wrongful Death:
  [ ] Motor Vehicle      [ ] Other
[ ] Domestic Relations    [ ] Eminent Domain
[ ] Other: (Specify) .........................................

**TO THE CLERK:** Please dismiss this action as follows: (Check applicable boxes.)
1. [X] With prejudice       [ ] Without prejudice
2. [ ] Entire action        [ ] Complaint only        [ ] Petition only        [X] Cross-complaint as to GEORGE PANTAZES only.
   [X] Other: (Specify)  Each side to bear its own costs

Dated: _June 24, 1987_
*If dismissal requested is of specified parties only, of specified causes of action only or of specified cross-complaints only, so state and identify the parties, causes of action or cross-complaints to be dismissed.

[signature]
Attorney(s) for  A-1 SERVICES UNLIMITED
MICHAEL J. MURPHY
(Type or print attorney(s) name(s))

**TO THE CLERK:** Consent to the above dismissal is hereby given.**

Dated: .....................................
**When a cross-complaint (or Response (Marriage) seeking affirmative relief) is on file, the attorney(s) for the cross-complainant (respondent) must sign this consent when required by CCP 581(i), (2) or (5).

Attorney(s) for .........................................

.........................................
(Type or print attorney(s) name(s))

(To be completed by clerk)
[X] Dismissal entered as requested on .... JUN 2 6 1987 ................................
[ ] Dismissal entered on ........................................ as to only ................................
[ ] Dismissal not entered as requested for the following reason(s), and attorney(s) notified on ........................................

HOWARD HANSON ......................., Clerk
By D. WOODWARD ......................., Deputy

Dated ................... JUN 2 6 1987 .......

Form Adopted by Rule 982 of
The Judicial Council of California

**REQUEST FOR DISMISSAL**

CCP 581, etc.;
Cal. Rules of Court,

DEF 000772

CLOSING LITIGATION STATUS REPORT                    *5-2292*

CAPTION: JOHNSON, JOANNE
         VS. WHITE CONSOLIDATED INDUSTRIES, INC.
NUMBER:  1650                                      MCC RECORDS MANAGEMENT
                                                   Co: *19*        Box# *2108*
LOCATION CODE: 0141-MANSFIELD          DATE: 10/21/92  CTRL# *96169*  Loc: *11-12-1*

TYPE OF CASE: PL-PI                    ASSIGNED TO: AL

DATE COMPLAINT FILED: 10/27/88         DATE OF LOSS:  3/29/86

PLACE: CT                              DOCKET #:

COURT: JUDICIAL DIST. SUPERIOR         CLAS FILE #: 0267M5545

AMOUNT OF SUIT:          $0            PRODUCT: WASHER

RESERVE AMOUNT:                        MODEL #: LA400EXW3
                     **Redacted**
EXPENSE RESERVE:                       SERIAL #: LHL27891
                                       TOTAL EXPENSES:
                                                           **Redacted**

WCI COUNSEL : PAUL A. SCHOLDER, P.C.
              PAUL A. SCHOLDER
              P.O. BOX 1722
              2 WHITNEY AVENUE
              NEW HAVEN, CT 06507            TELEPHONE: (203) 777-7218

PLAINTIFF'S COUNSEL: CHARLES B. PRICE, JR., ESQ.


                          FACTS\RESULT
                          ------------

HAND INJURIES AFTER PLAINTIFF REACHED INTO A WASHING MACHINE THAT CONTINUED
TO OPERATE.
SETTLED FOR $10,500; WCI'S PORTION WAS $9,000--EATON CONTRIBUTED THE BALANCE.

                                               **Redacted**




CC:

INITIAL LITIGATION STATUS REPORT


CAPTION: JOANNE JOHNSON VS. WHITE CONSOLIDATED INDUSTRIES


LOCATION CODE: 0141                    DATE: 11/10/88

TYPE OF CASE: PL-PI                    ASSIGNED TO: AL

DATE COMPLAINT FILED: 10/27/88         DATE OF LOSS: 3/29/86

PLACE: CONNECTICUT                     DOCKET NO.:

COURT: JUDICIAL DISTRICT OF NEW HAVEN SUPERIOR COURT

AMOUNT OF SUIT: NOT SPECIFIED          PRODUCT: WASHING MACHINE

RESERVE AMOUNT:        **Redacted**    MODEL NO.: LA400EXW3

                                       SERIAL NO.: LHL27891

                                       OTHER (YEAR):

WCI COUNSEL: PAUL A. SCHOLDER, ESQ.
             P.O. BOX 1722, 2 WHITNEY AVE., NEW HAVEN, CT  06507
             203-777-7218

PLAINTIFF'S CHARLES B. PRICE, JR., ESQ.
COUNSEL:    350 ORANGE ST., NEW HAVEN, CT  06503
            203-772-3100

FACTS/COMMENTS: PLAINTIFF SUSTAINED A SEVERE FRACTURE OF HER
FOREARM AFTER REACHING INTO A WASHING MACHINE DURING ITS SPIN
CYCLE.



_____/al


cc: RISK MANAGEMENT
    S. VOGELBACHER
    K. OLSON

DEF 000774

**RECEIVED** **SERVICE OF PROCESS TRANSMITTAL FORM**

**C T SYSTEM®**
NOV - 1 1988

C T Corporation System
The Corporation Trust Company

**W. C. I.**

HARTFORD, CONNECTICUT
(City)                    (State)

10/31/88
(Date)

**TO:** Raymond G. Dauscher, Secy. & Corp. CSL
White Consolidated Industries, Inc.
11770 Berea Road
Cleveland, Ohio   44111

(    ) Via Federal Express

(    ) Via Messenger

X      FED  EX

**RE:** PROCESS SERVED IN _____ CONNECTICUT
(Jurisdiction)

**FOR** White Consolidated Industries, Inc. _____ Delaware
(Name of Company)                                               (Domestic State)

ENCLOSED ARE COPIES OF LEGAL PROCESS SERVED UPON OR RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. **TITLE OF ACTION:**
Joanne Johnson  vs.   White Consolidated Industries, Inc.

2. **DOCUMENT(S) SERVED:**
Summons and Complaint

3. **COURT:**
Superior Court Judicial District of New Haven at New Haven

4. **NATURE OF ACTION:**
Plaintiff alleges personal injuries on March 29, 1986 due to the defective condition of a washing machine manufactured by the defendant. Claims more than $15,000.

5. (x) **PROCESS SERVED ON:**   C T CORPORATION SYSTEM in Hartford, Connecticut
( ) **PROCESS RECEIVED BY:**   C T CORPORATION SYSTEM in Hartford, Connecticut
   **FROM:**
   Envelope Post Marked _____ enclosed.

6. **DATE AND HOUR OF SERVICE OR RECEIPT:**
10/31/88  at  10:15

7. **APPEARANCE OR ANSWER DUE:**
November 29, 1988

8. **PLAINTIFF'S ATTORNEY(S):**
Charles B. Price, Jr.
350 Orange Street
New Haven, Conn.  06503          203-772-3100

9. **REMARKS:**
( ) This confirms our telephone call to your office.
( ) Above telephoned to C T          office and is sent to you per their instructions.

KINDLY ACKNOWLEDGE RECEIPT BY SIGNING
THE CARBON COPY AND RETURNING IT TO ➤

Signed ___ C T CORPORATION SYSTEM

Per ___ Dana Smith

Address ___ One Commercial Plaza

Hartford, Connecticut  06103 - 3597

C T 318C - 1M - 4/84

DEF 000775

SUMMONS
CIVIL -except family actions)
JD-C V-1 R... 1-87
GEN. STAT. 51-346, 51-347, 51-349, 51-350, 52-45a.
52-48, 52-259
PR, BK. 49, 63, 66

SUPERIOR COURT

Amount, legal interest or prop-
erty in demand, exclusive of in-
terest and costs is
a. ☐ less than $2,500
b. ☐ $2,500 through $14,999.99
c. ☒ $15,000 or more
d. ☐ Claiming other relief in addi-
tion to or in lieu of money
damages.

**INSTRUCTIONS**

1. Prepare on typewriter: sign original summons (top sheet) and conform copies of the summons (sheets 3 and 4).
2. If there is more than one defendant, prepare or photocopy conformed summons for each additional defendant.
3. Attach the original summons, with computer sheet attached (page 2), to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by officer, file original papers and officer's return with the clerk of the court.
5. The party recognized to pay costs must appear personally before the authority taking the recognizance.
6. Do not use this form for actions in which an attachment, garnishment or replevy is being sought. See Practice Book Section 49 for other exceptions.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| JUDICIAL DISTRICT OR G.A. NO. | AT (Town in which writ is returnable) (Gen. Stat. 51-346, 51-349) | RETURN DATE (Mo., day, yr.) |
|---|---|---|
| NEW HAVEN | NEW HAVEN | NOVEMBER 29, 1988 |

ADDRESS OF CLERK OF COURT WHERE WRIT AND OTHER PAPERS SHALL BE FILED (Gen. Stat. 51-347, 51-350)

235 Church Street, New Haven, Connecticut 06510

CASE TYPE (From Judicial Dept. code list)
Major **T**    Minor **90**

| PARTIES | NOTE: Individual's Names: Last, First, Middle Initial | NAME AND ADDRESS OF EACH PARTY | Form JD-CV-2 attached ☐ |
|---|---|---|---|
| FIRST NAMED PLAINTIFF ► | | JOHNSON, JOANNE, 35B Brewster Road, Glastonbury, Connecticut | |
| Additional Plaintiff | | | |
| FIRST NAMED DEFENDANT ► | | c/o C.T. Corporation Services WHITE CONSOLIDATED INDUSTRIES, INC. Systems, One Commercial Plaza, Hartford, Conn. 06103 | |
| Additional Defendant | | | |
| Additional Defendant | | | |
| Additional Defendant | | | |

**NOTICE to each DEFENDANT**

1. You are being sued.
2. This paper is a Summons in a lawsuit.
3. The Complaint attached to these papers states the claims that each Plaintiff is making against you in this lawsuit.
4. To respond to this summons, you or your attorney must file a form called an "Appearance" with the Clerk of the above named Court at the above Court address on or before the second day after the above Return Date.
5. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default.

6. The "Appearance" form may be obtained at the above Court address.
7. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately take the Summons and Complaint to your in-surance representative.
8. If you have questions about the Summons and Complaint, you should consult an attorney promptly. The Clerk of Court is not permitted to give advice on legal questions.

| DATE | SIGNED (sign and "X" proper box) | TYPE IN NAME OF PERSON SIGNING AT LEFT |
|---|---|---|
| October 27, 1988 | ☒ Commissioner of Superior Court ☐ Assistant Clerk | Charles B. Price, Jr. |

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

| NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE | | TELEPHONE NO. | JURIS NO. (If atty. or law firm) |
|---|---|---|---|
| Jacobs, Grudberg, Belt & Dow, P.C. | 350 Orange Street New Haven, Conn. | 772-3100 | 28884 |

NAME AND ADDRESS OF PERSON RECOGNIZED TO PROSECUTE IN THE AMOUNT OF $250

Robert A. Jacobs, 10 Blue Trail Dr., Woodbridge, Conn.

SIGNATURE OF PLAINTIFF IF PRO SE

| NO. PLFS. | NO. DEFS. | NO. CNTS. | SIGNED (official taking recognizance, "X" proper box) | | For Court Use |
|---|---|---|---|---|---|
| 1 | 1 | 1 | | ☒ Commissioner of Superior Court ☐ Assistant Clerk | RECEIPT NO. |

**IF THIS SUMMONS IS SIGNED by a CLERK:**

a. The signing has been done so that the Plain-tiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner pro-vided by law.
c. The Clerk is not permitted to give any legal

advice in connection with any lawsuit.

d. The Clerk signing this Summons at the re-quest of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service thereof.

A TRUE COPY
ATTEST:

| I hereby certify I have read and understand the above: | SIGNED (Pro se plaintiff) | DATE SIGNED | DOCKET NO. |
|---|---|---|---|

COPY

SUMMONS, Civ

DEF 000776

RETURN DATE:   NOVEMBER 29, 1988

JOANNE JOHNSON                    :      SUPERIOR COURT

VS.                               :      JUDICIAL DISTRICT OF NEW HAVEN
                                         AT NEW HAVEN

WHITE CONSOLIDATED
   INDUSTRIES, INC.               :      OCTOBER 27, 1988

<u>C O M P L A I N T</u>

1.   The plaintiff, Joanne Johnson, is a resident of
Glastonbury, Connecticut.

2.   The defendant White Consolidated Industries, Inc.is, and
at all relevant times to the matter herein was, a corporation
organized under the laws of the State of Delaware, certified to
do business in Connecticut.

3.   The defendant manufacturers, sells, and distributes
clothing washer machines, particularly modes LA 400 (hereinafter
the "product"), to various retailers for resale.

4.   On February 7, 1986, the plaintiff purchased the product
for use as a clothing washer from Jack Roan, Inc., Main Street,
Willimantic, Connecticut.

5.   When the product was manufactured and sold by the
defendants it would continue to operate with an open lid,
rendering the condition of the washer defective, unsafe for its
intended use, and unreasonably dangerous to users, such as
plaintiff Joanne Johnson.

6.   The product in this case was expected to, and did, reach

JACOBS, GRUDBERG, BELT & DOW, P.C. • ATTORNEYS AT LAW
350 ORANGE STREET • POST OFFICE BOX 606 • NEW HAVEN, CT, 06503
(203) 772-3100 • JURIS NO. 28884

DEF 000777

JACOBS, GRUDBERG, BELT & DOW, P.C. • ATTORNEYS AT LAW
350 ORANGE STREET • POST OFFICE BOX 606 • NEW HAVEN, CT. 06503
(203) 772-3100 • JURIS NO. 28884

the consumer plaintiff without substantial change in the
condition in which it was manufactured wand sold by the
defendants.

7.   The defendants knew, or in the exercise of reasonable
care, should have known, that the defective, unsafe and
unreasonably dangerous condition of the washer existed when the
product was manufactured and put into the stream of commerce.

8.   On March 29, 1986, during the course of using the
product in an intended and foreseeable manner, as a result of the
defective and unreasonably dangerous condition of the product,
the spinning motion of the washer caused the plaintiff to be
pulled into the machine and fracture her wrist as she tried to
untangle the items being washed from the agitation device.

9.   The plaintiff suffered serious, painful, and permanent
injuries which will continue to cause her discomfort, suffering,
inconvenience, humiliation, anxiety and distress of mind, and
impairment of her capacity to enjoy life's activities.

10.  As a further result, the plaintiff incurred expenses
for medical treatment and medicines, and it will be necessary to
incur further expenses for such purposes in the future.

11.  As a further result, the plaintiff's earning capacity
has been impaired and may be permanently impaired.

12.  This action is a product liability claim brought
pursuant to Conn. Gen. Stat. Section 52-572m et seq.

DEF 000778

13.   Wherefore the plaintiff claims damages.

THE PLAINTIFF

BY _____
CHARLES B. PRICE, JR.
JACOBS, GRUDBERG, BELT & DOW, P.C.
Her Attorney

JACOBS, GRUDBERG, BELT & DOW, P.C. • ATTORNEYS AT LAW
350 ORANGE STREET • POST OFFICE BOX 606 • NEW HAVEN, CT. 06503
(203) 772-3100 • JURIS NO. 28984

A TRUE COPY
ATTEST:
Deputy Sheriff, New Haven County
Anthony C. Amodio

3

DEF 000779

RETURN DATE:  NOVEMBER 29, 1988

JOANNE JOHNSON           :    SUPERIOR COURT

VS.                      :    JUDICIAL DISTRICT OF NEW HAVEN
                            AT NEW HAVEN

WHITE CONSOLIDATED INDUSTRIES, :    OCTOBER 27, 1988
INC.

<u>STATEMENT OF AMOUNT IN DEMAND</u>

The plaintiff claims damages.

The amount in demand, exclusive of interest and costs, is in excess of Fifteen Thousand Dollars ($15,000.00).

THE PLAINTIFF

BY _____
     CHARLES B. PRICE, JR.
   JACOBS, GRUDBERG, BELT & DOW, P.C.
       Her Attorney

A TRUE COPY
ATTEST:
Deputy Sheriff, Hartford County
Anthony C. Amedeo

JACOBS, GRUDBERG, BELT & DOW, P.C.  •  ATTORNEYS AT LAW
350 ORANGE STREET  •  POST OFFICE BOX 606  •  NEW HAVEN, CT. 06503
(203) 772-3100  •  JURIS NO. 28864

4

T 1210—General Release—Individual or Corpor.                                    BLUMBERG, INC. LAW BLANK PUBLISHERS

# To all to whom these Presents shall come or may Concern,

**Know That** WHITE CONSOLIDATED INDUSTRIES, INC., a Delaware Corporation, with its principal place of business in Cleveland, Ohio,

as **RELEASOR**,

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~ in consideration of the sum of One Thousand Five Hundred Dollars        ($ 1,500.00 ),

received from The Eaton Corporation, an Ohio Corporation, with its principal place of business in Cleveland, Ohio,

as **RELEASEE**,

receipt whereof is hereby acknowledged, releases and discharges The Eaton Corporation, its agents, servants and employees,

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, with particular and limited reference to a calim to recover damages on account of personal and bodily injuries sustained by one Joanne Johnson on or about March 29, 1986, at Willimantic, Connecticut, all of which claims are asserted by White Consolidated Industries, Inc., against The Eaton Corporation, in a Third Party Complaint, dated March 21, 1989, as filed in a certain civil action, known as Docket No. CV88 036 26 10 S, Joanne Johnson v. White Consolidated Industries, Inc., pending in the Superior Court for the State of Connecticut, for the Judicial District of Hartford/New Britain, at Hartford, which Third Party Complaint shall be withdrawn as part of the consideration for the payment provided for herein.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

**In Witness Whereof,** the RELEASOR ~~has xxxxxxxx this RELEASE or~~ has caused this RELEASE to be executed by its duly authorized officers ~~and his xxxxxxxx xxxxx xx xxxxxxxx xxxxxx~~ on April ————,  19 92.
May 22

Executed and delivered in the presence of:

[signatures]                                                              L.S.
WHITE CONSOLIDATED INDUSTRIES, INC
BY: H.E. Buckles, Its Associate L.S.
General Counsel, hereunto duly
authorized

STATE OF CONNECTICUT, COUNTY OF                          ss.:

The foregoing instrument was acknowledged before me this                          19       by.....................

.......................................................
(names of persons acknowledged)

.......................................................
(Signature of person taking acknowledgment)
(Title or rank)              (Serial number, if any)

DEF 000781

T 1210—General Release—Individual or Corpor.    JL  BLUMBERG, INC. LAW BLANK PUBLISHERS

# To all to whom these Presents shall come or may Concern,

**Know That** WHITE CONSOLIDATED INDUSTRIES, INC., a Delaware Corporation, with its principal place of business in Cleveland, Ohio,

as RELEASOR,

in consideration of the sum of One Thousand Five Hundred Dollars ($ 1,500.00 ),

received from The Eaton Corporation, an Ohio Corporation, with its principal place of business in Cleveland, Ohio,

as RELEASEE,

receipt whereof is hereby acknowledged, releases and discharges The Eaton Corporation, its agents, servants and employees,

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE, with particular and limited reference to a claim to recover damages on account of personal and bodily injuries sustained by one Joanne Johnson on or about March 29, 1986, at Willimantic, Connecticut, all of which claims are asserted by White Consolidated Industries, Inc., against The Eaton Corporation, in a Third Party Complaint, dated March 21, 1989, as filed in a certain civil action, known as Docket No. CV88 036 26 10 S, Joanne Johnson v. White Consolidated Industries, Inc., pending in the Superior Court for the State of Connecticut, for the Judicial District of Hartford/New Britain, at Hartford, which Third Party Complaint shall be withdrawn as part of the consideration for the payment provided for herein.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

**In Witness Whereof,** the RELEASOR has caused this RELEASE to be executed by its duly authorized officers on April  May 22, 19 92.

Executed and delivered in the presence of:

_____  L.S.
WHITE CONSOLIDATED INDUSTRIES, INC
BY: H.E. Buckles, Its Associate L.S.
General Counsel, hereunto duly authorized

STATE OF CONNECTICUT, COUNTY OF                    ss.:

The foregoing instrument was acknowledged before me this          19      by_____

(names of persons acknowledged)

Signature of person taking acknowledgment
(Title or rank)    (Serial number, if any)

DEF 000782

T 1210—General Release—Individual or Corpor.̇     Ĵ   BLUMBERG, INC. LAW BLANK PUBLISHERS

## 𝕿𝖔 𝖆𝖑𝖑 𝖙𝖔 𝖜𝖍𝖔𝖒 𝖙𝖍𝖊𝖘𝖊 𝕻𝖗𝖊𝖘𝖊𝖓𝖙𝖘 𝖘𝖍𝖆𝖑𝖑 𝖈𝖔𝖒𝖊 𝖔𝖗 𝖒𝖆𝖞 𝕮𝖔𝖓𝖈𝖊𝖗𝖓,

**𝕶𝖓𝖔𝖜 𝕿𝖍𝖆𝖙** WHITE CONSOLIDATED INDUSTRIES, INC., a Delaware Corporation, with its principal place of business in Cleveland, Ohio,

as **RELEASOR**,

~~X XXXXXXXX XXXXXXXX XXXXXXXX XXXXXXXX XXXXXX~~
in consideration of the sum of One Thousand Five Hundred Dollars     ($ 1,500.00 ),

received from The Eaton Corporation, an Ohio Corporation, with its principal place of business in Cleveland, Ohio,

as **RELEASEE**,

receipt whereof is hereby acknowledged, releases and discharges The Eaton Corporation, its agents, servants and employees,

the RELEASEE, RELEASEE'S heirs, executors, adminis-trators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE. with particular and limited reference to a claim to recover damages on account of personal and bodily injuries sustained by one Joanne Johnson on or about March 29, 1986, at Willimantic, Connecticut, all of which claims are asserted by White Consolidated Industries, Inc., against The Eaton Corporation, in a Third Party Complaint, dated March 21, 1989, as filed in a certain civil action, known as Docket No. CV88 036 26 10 S, Joanne Johnson v. White Consolidated Industries, Inc., pending in the Superior Court for the State of Connecticut, for the Judicial District of Hartford/New Britain, at Hartford, which Third Party Complaint shall be withdrawn as part of the consideration for the payment provided for herein.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

**𝕴𝖓 𝖂𝖎𝖙𝖓𝖊𝖘𝖘 𝖂𝖍𝖊𝖗𝖊𝖔𝖋,** the RELEASOR ~~has executed this RELEASE or~~ has caused this RELEASE to be executed by its duly authorized officers ~~and his hand and seal or its corporate seal~~ on April     , 19 92.

Executed and delivered in the presence of:

_M.P. Buckle_                            L.S.
WHITE CONSOLIDATED INDUSTRIES, INC
BY: H.E. Buckles, Its Associate L.S.
General Counsel, hereunto duly
authorized

STATE OF CONNECTICUT, COUNTY OF          ss.:

The foregoing instrument was acknowledged before me this          19     by....................

(names of persons acknowledged)

(Signature of person taking acknowledgment)
(Title or rank)          (Serial number, if any)

If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."

DEF 000783

T 1210—General Release—Individual or Corporation.                    JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

# To all to whom these Presents shall come or may Concern,

**Know That** I, JOANNE JOHNSON, being over the age of 21 years, now or formerly of the Town of Glastonbury, County of Hartford, and State of Connecticut,

as **RELEASOR,**

~~xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx~~
in consideration of the sum of   Ten Thousand Five Hundred Dollars        ($10,500.00),

received from   White Consolidated Industries, Inc., a Delaware Corporation, having its principal place of business in Cleveland, Ohio,

as **RELEASEE,**

receipt whereof is hereby acknowledged, releases and discharges   White Consolidated Industries, Inc., its agents, servants, employees, officers and directors,

the RELEASEE, RELEASEE'S heirs, executors, administrators, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE , with particular reference to any and all claims to recover damages of every nature whatsoever, arising out of personal and bodily injuries sustained by Joanne Johnson in a certain accident, incident, or occurrence, on March 29, 1986, in Willimantic, Connecticut, all of which claims are asserted in a certain civil action, known as Docket No. CV88 36 26 10 S, Joanne Johnson v. White Consolidated Industries, Inc., pending in the Superior Court, for the Judicial District of Hartford/New Britain, which action shall be withdrawn forthwith as part of the consideration for the payment provided for nerein.  This is not an admission of liability, but the settlement of a doubtful and disputed claim.  The parties hereto agree that neither they, nor their attorneys or representatives shall reveal to anyone the terms, conditions or amounts of this settlement except as shall be mutually agreed, in writing,  in advance of such disclosure.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

**In Witness Whereof,** the RELEASOR has executed this RELEASE ~~or has caused this RELEASE to be executed by its duly authorized representative if a corporation~~ on   April _____ ,  19 92

Executed and delivered in the
presence of:

_____                      _____  L.S.
                                                            JOANNE JOHNSON
                                                          _____  L.S.


STATE OF CONNECTICUT, COUNTY OF  NEW HAVEN        ss.: New Haven, Conn.

The foregoing instrument was acknowledged before me this  7th  day of  Apr., 1992  by ....................
   JOANNE JOHNSON
   _____
   (names of persons acknowledged)

                                              _____
                                              (Signature of person taking acknowledgment)
                                              (Title or rank)        (Serial number, if any)
                                              Comm'r. Superior Court - Notary Public

If the party making payment is not the same as the party released, delete words "as RELEASEE" and add names of parties released after the word "discharges."

DEF 000784

Docket No. CV88 36 26 10 S                                Return Date.............................

....JOANNE JOHNSON....                    SUPERIOR COURT
        *(First Named Plaintiff)*                              *(Court)*
                                          JUDICIAL DISTRICT OF HARTFORD/NEW
            vs.                           BRITAIN AT HARTFORD
                                                 *(District or G.A.)*

....WHITE CONSOLIDATED INDUSTRIES,        APRIL     1992
....*(First Named Defendant)* INC., ET AL....        *(Date)*

# WITHDRAWAL

[X] This case is withdrawn as to all defendants without costs to any party.

[ ] This case is withdrawn as to the defendant.......................................................... only, without costs.

The

[X] Complaint

[ ] Counterclaim

[ ] Cross Complaint

[ ] ............................................
        *(Insert Other Pleading Being Withdrawn)*

in the above entitled action is hereby withdrawn.

        Plaintiff

....JOANNE JOHNSON.............; By *[signature]*................ Her..... Attorney<sup>s</sup>
                                    For Jacobs, Grudberg, Belt &
..............................; By....Dow, P.C............................... Attorney

..............................; By.......................................... Attorney


        Defendant

....WHITE CONSOLIDATED INDUSTRIES, INC....By............................ Its Attorney
                                         Paul A. Scholder, P.C.
..............................; by.......................................... Attorney

..............................; By.......................................... Attorney


# CERTIFICATION

I hereby certify that a copy of the above was mailed to all counsel and pro se parties of record on: ....................

..........................................................
                                *(Signature of Counsel or Pro se party)*

JD-CV-41  Rev. 8-88  (Old JD-6013)

DEF 000785

Docket No. CV88 36 26 10 S.                           Return Date:...........................

JOANNE JOHNSON                                  SUPERIOR COURT
........(First Named Plaintiff)........                    (Court)
                                                JUDICIAL DISTRICT OF HARTFORD/NEW
                    vs.                         BRITAIN AT HARTFORD
                                                ........(District or G.A.)........

WHITE CONSOLIDATED INDUSTRIES,                  ~~APRIL~~ June 8, 1992
.....(First Named Defendant)..... INC., ET AL                    (Date)

# W I T H D R A W A L

[X] This case is withdrawn as to all defendants without costs to any party.

[ ] This case is withdrawn as to the defendant ....................................................... only, without costs.

The

[X] Complaint

[ ] Counterclaim

[ ] Cross Complaint

[ ] ....................................................................
      (Insert Other Pleading Being Withdrawn)

in the above entitled action is hereby withdrawn.

Plaintiff

JOANNE JOHNSON .........................; By ..................................... Her ....Attorney s
                                              For Jacobs, Grudberg, Belt &
.......................................; By ...Dow, P.C.......................... Attorney

.......................................; By ....................................... Attorney


Defendant

WHITE CONSOLIDATED INDUSTRIES, INC .; By .....................................  Its Attorney
                                              Paul A. Scholder, P.C.
.......................................; by ....................................... Attorney

.......................................; By ....................................... Attorney


# C E R T I F I C A T I O N

I hereby certify that a copy of the above was mailed to all counsel and pro se parties of record on: 6-8-92 .....

                                              .........................................
                                              (Signature of Counsel or Pro se party)

JD-CV-41   Rev. 8-88  (Old JD-6013)

DEF 000786

Docket No. CV88 36 26 10 S

Return Date...........................................

JOANNE JOHNSON
*(First Named Plaintiff)*

SUPERIOR COURT
*(Court)*

JUDICIAL DISTRICT OF HARTFORD/NEW
BRITAIN AT HARTFORD
*(District or G.A.)*

vs.

~~APRIL~~ JUNE 1, 1992
*(Date)*

WHITE CONSOLIDATED INDUSTRIES,
*(First Named Defendant)* INC., ET AL

# WITHDRAWAL

☐ This case is withdrawn as to all defendants without costs to any party.

☒ This case is withdrawn as to the third party defendant, The Eaton Corporation only, without costs.

The

☐ Complaint

☐ Counterclaim

☐ Cross Complaint

☒ Third Party Complaint, dated Mar. 21, 1989
*(Insert Other Pleading Being Withdrawn)*

in the above entitled action is hereby withdrawn.

Defendant and Third Party
          Plaintiff

WHITE CONSOLIDATED INDUSTRIES,; By............................................... Its Attorney
INC.                                               PAUL A. SCHOLDER, P.C.

.................................................; By............................................... Attorney

.................................................; By............................................... Attorney

Third Party Defendant

The Eaton Corporation ............; By............................................... Its Attorneys
                                                      FOR ROBINSON & COLE

.................................................; by............................................... Attorney

.................................................; By............................................... Attorney

# CERTIFICATION

I hereby certify that a copy of the above was mailed to all counsel and pro se parties of record on: ..........................

..............................................................................
*(Signature of Counsel or Pro se party)*

JD-CV-41  Rev. 8-88  (Old JD-6013)

DEF 000787

Preliminary Engineering Analysis of Design of

Safety Systems on the Frigidaire Top-Loading Washer,

in the Accident Involving Shane Carpenter

Joseph F. Shelley, Ph.D., P.E.

Technalysis, Inc.

Princeton, New Jersey

December 11, 1999

DEF 001162

## TABLE OF CONTENTS

1.   Methodology of Evaluation

2.   Frigidaire Top-Loading Washer

3.   Description of Accident

4.   Inspection of Washer

5.   Inherent Hazard of Exposed, Rotating Washer Tub

6.   Description in Owner's Guide of Lid Interlock Safety Function

7.   Test Observation of Operation Cycle of Washer

8.   Design Defects of Frigidaire Washer

   a.   Lack of Fail-Safe Design of Lid Interlock System

   b.   Lack of Adequate Safety Warning Information in Owner's Guide and
        Operating Instructions

   c.   Lack of Identification of Lid Interlock Failure in "Avoid Service
        Checklist" Section of Owner's Guide, and in "Before Calling For Service"
        Brochure

9.   Discussion, and Conclusions

DEF 001163

## APPENDICES

A    Installation Instructions

B    Owner's Guide

C    Operating Instructions

D    "Before Calling For Service" Brochure

E    Photographs taken During Inspection

DEF 001164

1. Methodology of Evaluation

The methods used to evaluate the design of the safety systems on the Frigidaire Washer are based on engineering design principles and criteria within my professional field of education and experience.

The fundamental principles of the design of any machine or mechanical system require that three critical factors be completely analyzed by the design engineer/manufacturer. These are hazard, risk and danger. A hazard is a condition, or changing set of circumstances, that gives rise to a potential injury. Risk is the probability of injury. Risk, in part, is dependent upon the proximity and number of times users are exposed to the hazard. Danger is the unreasonable and unacceptable combination of hazard and risk. Any danger that exposes a user of a product to a risk of serious injury or death is unreasonable and unacceptable, if there are reasonable injury prevention systems and devices that would eliminate or reduce the danger.

It is the responsibility of the manufacturer to first identify all of the hazards that users will be exposed to during the anticipated uses of the machine or system. Once a hazard has been identified, the fundamental next step in engineering design is to eliminate the hazard by designing it out of the machine or system to the extent feasible. If the hazard cannot be designed out or eliminated entirely, then the second step is to safeguard or enclose the hazard at its source, or provide other safety systems, to protect the user. When this cannot be accomplished, warnings regarding the hazard must be placed in the operating manual and on the equipment.

The primary purpose of safeguarding machinery, or mechanical systems, is to protect against injury to users of such systems. In the case of top-loading washers that may operate with the lid open, the primary source of such injury is the ultra hazardous high-speed rotational motion of the open washer basket tub, with wet clothing,

during the spin portion of the machine cycle.

2. Frigidaire Top-Loading Washer

The Frigidaire Top-Loading Washer is a machine intended for consumer use for washing clothes. In use, soiled clothing is placed into the washer through a top opening that has a hinged lid. A variety of water levels, water temperature and speeds are available to be selected by the user. During the washing portion of the cycle, the rotor agitates the clothing in slow reciprocating angular motion. During this period the machine may be operated with the lid open, in order to observe the washing motion and to add clothing and/or cleaning materials. When the washer enters the spin part of the cycle, the design condition is that a lock mechanism engages with a safety lid lock eye, on the underside of the lid, to prevent the lid from being opened during the period that the washer basket tub is in high speed angular motion. At the end of the spin cycle the lid lock is disengaged, so that the lid may be opened.

The installation instructions for the Frigidaire Washer are in Appendix A, and the Owner's Guide is in Appendix B. A separate sheet of operating instructions is in Appendix C, and Appendix D contains a brochure describing what to do before calling for service.

3. Description of Accident

On August 17, 1999 a Frigidaire washer was in use at the Carpenter residence, 36 Dawn Road, Levittown, PA. This machine was located in a small laundry room immediately adjacent to a family room. Shane Carpenter, a child born on May 20, 1993, was in the vicinity of the family room and laundry room area. At this time a

Page 2

DEF 001166

small plastic table, of height 16 inches, was positioned near the front of the washer. At some time, while the washer was in use, the child climbed up on the plastic table and fell through the open top area into the basket tub of the washer. While he was in this position the washer entered, or was in, the spin portion of the cycle, causing his body to be rotated at the speed of the basket tub. This event caused his body to be subjected to very high levels of centrifugal force. His two younger sisters became aware of this situation, due to the noise of the rotating unbalanced load in the washer. They alerted the mother, who called 911, and Shane was removed from the washer by the rescue squad. There was a police investigation of this event.

4. Inspection of Washer

An inspection of the Frigidaire washer involved in the accident, at the Carpenter residence in Levittown, PA, was made on November 19, 1999. Present at this inspection were Mr. Joseph Stampone and Mr. Nicholas Renzi, Stampone and D'Angelo, Jenkintown, PA, Mrs. Carpenter and this writer. Photographs taken on that date are in Appendix E. The description of these photographs is below:

Figure(s)

1,2   Front, oblique views of washer

3   Lid in fully open position

4   Safety lid lock eye on underside of lid

5   Plumbing, electrical and drain connections to wall

6-8   Control knobs on panel

9-14   Position of plastic table at front, right side of washer, in position it was in at the time of the accident. This table has dimensions of 16 inches on all sides

15   View showing height of 36 inches of top of washer from floor. Other

Page 3

DEF 001167

dimensions are 27 inch width, and 25 inch depth

Figures 16 through 22 are described in Section 6 of this report.

5. <u>Inherent Hazard of Exposed, Rotating Washer Tub</u>

The washer tub is a large diameter steel shell structure with a perforated wall. Due to its own weight, and the weight of wet clothing in this tub, the assembly of the tub and clothing would be considered to be a very heavy element. In order to extract the water from the clothing, this unit must be spun at high speed during part of the machine cycle.

If this unit is permitted to spin with the washer lid open, it poses an extreme hazard of injury to persons in the immediate vicinity of the washer. If a person were standing in front of the washer and leaning over the washer to look into the tub, or inadvertently reached into the tub, and any part of his clothing, hair or jewelry became captured, or tangled, in the heavy rotating tub, extremely serious injuries, or death, would be expected to result.

From an engineering perspective, this high speed rotating tub is a hazard that must be guarded at its source. An evident way to protect against injury from this hazard would be to not permit the lid to ever be opened during any part of the spin cycle, when the tub is in high speed motion.

6. <u>Description in Owner's Guide of Lid Interlock Safety Function</u>

Frigidaire was aware of the hazard of washer operation with the lid open, and they designed an interlock locking latch for the lid. The following statements describing the operation of this latch appear on page B8, where the underlining has been added

DEF 001168

for emphasis:

"10. Remove items when the cycle is completed

As a safety measure, the lid automatically locks during the spin portions of a cycle. The safety lid lock unlocks approximately 1 minute after the end of the spin. To open the lid during spin, stop the washer and wait approximately 1 minute for the safety lid lock to release."

The following similar statements appear on page C1:

"10. Start the washer by closing the lid and pulling out the cycle selector knob. The washer will operate with the lid open; however, the tub will not spin unless the lid is closed. To stop the washer, push in the cycle selector knob. To change a cycle, push in the cycle selector knob and turn it clockwise to the desired setting. Pull out the knob to restart the washer.

11. Remove items when cycle is completed. As a safety measure, the lid will AUTOMATICALLY LOCK during the spin portion of each cycle. The lid will automatically unlock approximately 1 minute after the tub stops spinning."

7. Test Observation of Operation Cycle of Washer

The operation of the Frigidaire washer involved in the accident was tested for a full cycle. In this test the following settings were used:

Page 5

DEF 001169

a.   The wash/rinse temperature was set to "warm/cold"

b.   The load size was set to "medium"

c.   The cycle selector knob was set to "Regular", with an eight minute wash time.

Several towels were placed in the washer, to simulate clothing to be washed, and the lid was intentionally left open during the entire test. The washer was started and allowed to operate through the full cycle of washing, rinsing and final spin. Certain photographs, taken through the open lid, are seen as Figures 16 through 22 in Appendix E. The description of these photographs is below:

Figure(s)

16    Rotor agitation during wash process

17,18 Rinse water entering machine during high speed rotation of tub

19-21 Views of inside of tub during high speed rotation of tub

22    Typical flattened position of tub contents against tub wall, due to large centrifugal forces during spin.

It is again emphasized that the washer operated through all processes of the washing cycle even though the lid was in the fully open position during the entire test.

7. Design Defects of Frigidaire Washer

a. Lack of Fail-Safe Design of Interlock System

The lid on the washer is provided with a lock eye on its underside, to be used to latch, and lock, the lid during periods when the tub is in spinning motion. This locking mechanism design, which is basically a safety interlock, even has the sophistication of a timed release of the locking function so that the motion of the tub has completely stopped before the lid may be opened.

Page 6

DEF 001170

It is a cardinal rule of engineering design that the failure of any component, system or circuitry of an interlock mechanism used to protect against hazard of injury must be in a "fail-safe" mode. This means that such failures would effectively disable the machine so that continued operation with the inoperative interlock mechanism would not be possible. For the present case, it was evident from the test conducted with the washer that the lid failed to interlock during the spin periods of the tub and that, in spite of this non-functioning interlock, the washer could continue to be operated.

THE LACK OF A LID INTERLOCK SYSTEM ON THE FRIGIDAIRE WASHER, OF SUCH A DESIGN THAT ALWAYS PREVENTS OPENING OF THE LID DURING SPIN MOTIONS, OR COMPLETELY DISABLES THE WASHER FOR ANY MALFUNCTION OF THE LID INTERLOCK SYSTEM OR ITS COMPONENTS , IS A CRITICALLY SERIOUS DESIGN DEFECT OF THIS PRODUCT

b. Lack of Adequate Safety Warning Information in Owner's Guide and Operating Instructions

There are two principal hazards of injury to users of the Frigidaire Washer. The first is electrical shock injury due to the washer structure not being properly grounded. The second is contact of any part of the user's body, or loose hair, clothing or jewelry, due to intentional or inadvertent contact with the washer tub when this element is in spin motion.

On pages B3 and B4 of the Owner's Guide are listed a variety of items under the heading "Important Safety Instructions." In these statements a distinction is made between the words "instruction" and "warning." An instruction is understood to

DEF 001171

simply mean to give directions to accomplish an objective. A warning, by comparison, must have two components. The first is a statement that advises of the danger. The second statement describes the appropriate evasive or protective actions to take to avoid injury.

The necessity of insuring electrical grounding of the washer is given in repeated, emphasized statements on pages B3 and B4. The single reference to contact of a person's body with a moving washer tub appears on page B4 as:

---

"!WARNING To prevent injury, do not reach into the washer while parts are moving. Before loading, unloading or adding items, push in the cycle selector knob and allow the tub to coast to a complete stop before reaching inside."

---

Although the above statements have the lead word "WARNING", these statements are primarily instructions. The above statements fail to contain an adequate statement, and description, of the magnitude of the danger of capture in the spinning tub. In addition, these statements make no reference whatsoever to inadvertent capture of hair, clothing or jewelry in the moving tub.

The operating Instructions for the washer are in Appendix C. It would be reasonably expected that the user of the washer would make reference to the concise list of items in the Operating Instructions, Appendix C, far more frequently than to the lengthy Owner's Guide. It is interesting to note that the information in the inadequate warning statement on page B4, repeated above, is not even contained in the Operating Instructions.

Page 8

DEF 001172

In view of the fact that defective design of the Frigidaire washer allows the lid to be open, or opened, during the spin motion, and thus exposes the user to the danger of injury, the manual should have contained bold, explicit warning statements, with pictorial symbols, of the ultra hazardous effect of having the lid open while the washer tub is in spin motion. There should also have been an instruction to periodically check the lid locking function during spin motion, and a strongly worded warning to immediately remove the machine from service if such a condition was found to exist.

It is interesting to note that the warning statement from page B4, repeated above, contains misleading information. Statement 10, from page B8, and statement 11, from page C1, both describe the condition that the lid will not unlock until approximately 1 minute after the end of the spin motion. The wording, in the statement from page B4, "... allow the tub to coast to a complete stop before reaching inside " would suggest to the user that a visual determination could be made, through the open lid, of this motion. This, in turn, would suggest that it is a proper and acceptable procedure to operate through a spin cycle with the lid open. The above information is totally redundant and confusing, since a properly functioning interlock circuit would not permit the lid to be opened until all tub motion had stopped.

THE LACK OF ADEQUATE SAFETY WARNING INFORMATION IN THE OWNER'S GUIDE, AND IN THE OPERATING INSTRUCTIONS, IS A CRITICALLY SERIOUS DESIGN DEFECT OF THE FRIGIDAIRE WASHER.

c. Lack of Identification of Lid Interlock Failure in "Avoid Service Checklist" Section of Owner's Guide, and in "Before Calling For Service" Brochure

Page 9

DEF 001173

A list of machine problems, and their possible causes, are given on pages B19 through B21, and D1 and D2. Conspicuously absent in these lengthy lists of possible machine problems is the possibility of operation of the washer, with the lid open, during spin motion of the washer tub. This condition should have received signal attention in the list of machine problems. There should have been a prominent, highlighted instruction to periodically check the lid locking function during the spin motion. This instruction should have been accompanied by a strong warning to immediately remove the machine from service if such a condition was found to exist.

THE LACK OF IDENTIFICATION IN THE WASHER PROBLEM CHECK LISTS, OF THE POSSIBLE MACHINE MALFUNCTION OF SPIN MOTION WITH THE LID OPEN, IS A CRITICALLY SERIOUS DESIGN DEFECT OF THE FRIGIDAIRE WASHER.

9. Discussion, and Conclusions

With reference to the discussion in Section 1 of this report, the high speed rotating, exposed washer tub is clearly a hazard that gives rise to a potential injury. The risk, or probability of injury, to the user of the washer is extremely high, since this person must be in the immediate vicinity of the washer when this product is in use. For the foreseeable condition of an inoperative lid interlock latch, this combination of hazard and risk presents a danger to the operator that is unacceptable.

It would have been an elementary matter, in the original design of the lid latch interlock system, to have designed this system in a fail-safe mode. With such a design, any failure of components in this interlock system would cause the washer to be inoperative. Such a design would use state-of-the-art technology that was well known and widely used at the time of manufacture of the washer.

Page 10

DEF 001174

In summary, it is my professional engineering opinion that the Frigidaire Washer is defective in design, and that the defects make use of this product unreasonably dangerous. It is my further specific engineering opinion that these defects include:

a.    Use of a lid interlock latch design that permits the lid to be open, or opened, during high speed rotational motion of the washer tub and its contents.

b.    Use of a lid interlock system design that fails in a fail-unsafe mode

c.    Lack of adequate warning statements in the Owner's Guide, and in the Operating Instructions, on the hazard of capture by the washer tub during high speed spinning motion of this element

d.    Use of misleading statements, in the Owner's Guide, that suggest that operation of the washer with the lid open, during washer tub spin motion, is a proper and acceptable use of the washer

e.    Lack of identification, in the washer problem check lists, of possible washer tub spin motion with the lid open as a serious problem requiring immediate shut-down of washer

It is my further engineering opinion that:

f.    The above described design defects existed at the time that the washer left the control of the manufacturer

g.    One, or more, of these design defects was the direct cause of the accident that

DEF 001175

caused injury to Shane Carpenter.

Respectfully Submitted,

Dr. Joseph F. Shelley
Professional Engineer
State of New York
License 40906 PE

DEF 001176