# Closing Litigation Status Report

MCC RECORDS MANAGEMENT
Co.: 19
Box# 47266
CTRL# 96185  Loc: 21-3-2B

**Caption:** Exclusa v. White-Westinghouse

**Matter Number:**

**Location:** Puerto Rico                    **Date Printed:** 08/13/99

**Type of Case:**

**Date Complaint Filed:**                    **Assigned to:**

**Place:** San Juan                          **Date of Loss:**

**Court:** US District Court                 **Docket #:** 97-1250-JP

**Amount of Suit:**                          **Clas File #:**

**Reserve Amount:**                          **Product:**

**Expense Reserve:**                         **Model #:**

**Total Expenses:**                          **Serial #:**

**WCI Counsel:** Hector Cuebas Tanon
                Vicente & Cuebas
                PO Box 11609
                San Juan, PR 00910

**Plaintiff's Counsel:** Raul Davila Rivera
                        63 Fortaleza St.
                        Old San Juan, Puerto Rico 00901

## Facts / Result

Settlement Release for $600,000.00 dated 12/12/97

DEF 000788

RECEIVED & FILED
97 DEC 23 PM 2: 49
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN. P.R.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA EXCLUSA and EVELYN RUIZ-EXCLUSA | CIVIL NO. 97-1250-JP |
| Plaintiffs | TORT AND PERSONAL INJURY |
| v. | |
| WHITE WESTINGHOUSE PUERTO RICO CORP., ALMACENES PITUSA, INC. | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants | |

### ADDENDUM TO SETTLEMENT AGREEMENT

**TO THE HONORABLE COURT:**

   **NOW COMES Plaintiffs and Co-Defendants** through their respective undersigned attorneys and to this Honorable Court respectfully states as follows:

   1.    The parties wish to clarify that the release contained in the Settlement Agreement and Release dated and filed with this Court on December 12, 1997 extends to and covers any and all parties who were as may have been responsible for the damages past, present and future which relate to the incident alleged in the complaint.



Civil No: 97-1250 (JP)
Page -2 -

2.     This specifically includes, but is not limited to, White Consolidiated

Industries, Inc. its subsidiaries and operating divisions, including White

Westinghouse of Puerto Rico, Inc., its officers, employees, contractors and sub-

contractors, as well as Pitusa, its officers, employees, contractors and sub-

contractors.

IN WITNESS WHEREOF, THE PARTIES HERETO have caused this

Addendum to Settlement Agreement to be made and executed.

Signed, sealed, and delivered by the parties, through their undersigned

attorneys.

In San Juan, Puerto Rico, this 23 day of December, 1997.

VICENTE & CUEBAS                    BAUZA & DAVILA
Counsel for Defendants              As Counsel for Plaintiffs
HAROLD D. VICENTE, Esq.             RAUL DAVILA RIVERA, Esq.
HECTOR CUEBAS TAÑON, Esq.           63 Fortaleza Street
P. O. Box 11609                     Old San Juan, Puerto Rico
San Juan, PR  00910-1609                         00901
Phone:  (787) 751-8000              Phone:  (787) 725-5953
   Fax:  (787) 756-5250                       (787) 725-0339
                                       Fax:  (787) 723-0025


HECTOR CUEBAS TAÑON                 RAUL DAVILA RIVERA
   USDC-P. R. 122002                   USDC- P. R.  113908

DEF 000790

Civil No: 97-1250 (JP)
Page -3 -

MODESTO L. RODRIGUEZ SUAREZ
Counsel for Almacenes Pitusa
MARICHAL & HERNANDEZ
Calle Bolivia #33, Suite #301
Hato Rey, Puerto Rico  00917
Phone:  (787) 753-1565
Fax :  (787) 763-1704
        (787) 763-2809

MODESTO L. RODRIGUEZ SUAREZ
USDC-P.R. 128312

a:\1060-104.doc

DEF 000791

*1060*

ENTERED ON DOCKET
12/22/97 PURSUANT
TO FRCP RULES 58 & 79

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| HILDA EXCLUSA, | * | |
| EVELYN RUIZ-EXCLUSA, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVIL NO. 97-1250 (JP) |
| | * | |
| WHITE WESTINGHOUSE P.R. CORP., | * | |
| ALMACENES PITUSA, INC., | * | |
| | * | |
| Defendants | * | |
| | * | |

RECEIVED & FILED
1997 DEC 19  PM 3: 53
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

J U D G M E N T

The parties herein have filed a "Settlement Agreement and Release" in this case (**docket No. 75**). Pursuant thereto, the Court:

1. **ENTERS JUDGMENT** for Plaintiff Mrs. Hilda Exclusa to have and recover from co-Defendant White Westinghouse of Puerto Rico, Inc., the sum of **Six Hundred Thousand Dollars ($600,000.00)** for all damages suffered by Plaintiffs, past, present, and future, or which may become known in the future, alleged or not, and as described in said "Settlement Agreement and Release;"

2. **ORDERS** said payment to be made within thirty (30) days to Hilda Exclusa and her attorney Mr. Raúl Dávila;

3. **DISMISSES** the claim filed by Evelyn Ruiz-Exclusa with prejudice;

DEF 000792

CIVIL NO. 97-1250 (JP)          2

4.   **ENTERS JUDGMENT** without imposing costs and attorney's fees and **ORDERS** that each party **SHALL** bear its own costs and attorneys' fees; and

5.   **ORDERS** that the agreements entered into by and between the parties hereto, as contained in the "Settlement Agreement and Release" filed herein pertaining to the release, discharge, non-admission of liability, and all other agreements and understanding are incorporated in this judgment and made to form part thereof.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

In San Juan, Puerto Rico, this *19th* day of December, 1997.

JAIME PIERAS, JR.
UNITED STATES DISTRICT JUDGE

DEF 000793

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA EXCLUSA and<br>EVELYN RUIZ-EXCLUSA<br><br>　　　Plaintiffs<br><br>　　　v.<br><br>WHITE WESTINGHOUSE PUERTO RICO<br>CORP., ALMACENES PITUSA, INC.<br><br>　　Defendants | CIVIL NO. 97-1250-JP<br><br>TORT AND PERSONAL<br>INJURY<br><br>PLAINTIFFS DEMAND<br>TRIAL BY JURY |

## SETTLEMENT AGREEMENT AND RELEASE

**TO THE HONORABLE COURT:**

　　**NOW COMES Plaintiffs and Co-Defendants** through their respective undersigned attorneys and to this Honorable Court respectfully states as follows:

　　A.　　On February 24, 1997, Plaintiffs initiated this judicial proceeding before the United States District Court, for the District of Puerto Rico against, among other defendants, **WHITE WESTINGHOUSE OF PUERTO RICO, INC. ("WESTINGHOUSE")**, hereinafter referred to as "the Litigation".

　　B.　　Plaintiffs and Co-Defendants now mutually desire to amicably compromise, settle, and resolve all outstanding disputes and matters between and



DEF 000794

Civil No: 97-1250 (JP)
Page 2

among themselves in accordance with the terms hereof.

C.    It is understood and agreed that this settlement is the compromise of disputed claims, and that the payment made is not to be construed in any way as an admission of liability on the part of any party.

NOW, THEREFORE, in consideration of the premises contained herein, and other good and valuable consideration, the receipt and sufficiency of which Plaintiffs and Westingjouse hereby acknowledge, the parties covenant and agree as follows:

1.    The foregoing recitals are acknowledged to be true and correct and are incorporated by reference herein. All claims and disputes that were or that could have been asserted in the Litigation, and all other claims, whether known or unknown, between Plaintiffs and all defendants in the case related to matters between the parties are intended to be and are hereby settled and released in accordance with this Settlement Agreement.

2.    "WESTINGHOUSE" will pay within thirty (30) days from the signing of this document by all parties, the aggregate sum of SIX HUNDRED THOUSAND NO/ DOLLARS ($600,000.00), in full and complete settlement of all their personal injury claims, including the pain and suffering, mental anguish and emotional distress suffered by Plaintiffs that were or that could have been raised in the



DEF 000795

Civil No: 97-1250 (JP)
Page - 3 -

Litigation. This sum is to be paid to Mrs. Hilda Exclusa and her attorney Mr. Raúl Dávila.

3. Each of the parties shall bear their own costs and attorney's fees.

4. In consideration of the sum of SIX HUNDRED THOUSAND DOLLARS ($600,000.00) and for other good and valuable consideration, Plaintiffs DO FULLY AND FOREVER DISCHARGE AND RELEASE "WESTINGHOUSE", and all other co-defendants, namely "ALMACENES PITUSA", and their respective predecessors, successors, affiliates, assigns, divisions, subsidiaries, directors, officers, partners, controlling persons, employees, agents, consultants, administrators, and receivers from any and all demands, liabilities, obligations, damages, causes of action or suits, whether known or unknown, which Plaintiffs have had, may have had, or hereinafter may acquire against each or any of them, as a result of the Litigation or any other related matter.

5. Co-defendant Evelyn Ruiz Exclusa requests the dismissal with prejudice of her claim, and reiterates in all its extention and force the release and discharge expressed in Paragraph Four (4) above.

6. This Settlement Agreement and Release embodies the entire agreement and understanding of the parties hereto, supersedes any prior agreements between the parties to the extent that they are inconsistent herewith,



DEF 000796

Civil no. 97-1250 (JP)
Page -4-

and may not be changed, altered, or modified except by an instrument in writing signed by the party against whom the enforcement of any such change, alteration, or modification is sought.

IN WITNESS WHEREOF, THE PARTIES HERETO have caused this Settlement Agreement and Release to be made and executed.

Signed, sealed, and delivered by the parties, through their undersigned attorneys.

In San Juan, Puerto Rico, this 12 day of December, 1997.

VICENTE & CUEBAS
Counsel for Defendants
HAROLD D. VICENTE, Esq.
HECTOR CUEBAS TAÑON, Esq.
P. O. Box 11609
San Juan, PR 00910-1609
Phone:  (787) 751-8000
    Fax:  (787) 756-5250

BAUZA & DAVILA
As Counsel for Plaintiffs
RAUL DAVILA RIVERA, Esq.
63 Fortaleza Street
Old San Juan, Puerto Rico
00901
Phone:  (787) 725-5953
    (787) 725-0339
Fax:  (787) 723-0025

HECTOR CUEBAS TAÑON
USDC-P. R. 122002

RAUL DAVILA RIVERA
USDC- P. R. 113908

MODESTO L. RODRIGUEZ SUAREZ

DEC 18 '97 09:15                    1 787 756 5250              PAGE.005

DEF 000797

Civil No: 97-1250 (JP)
Page —5—

Counsel for Almacenes Pitusa
MARICHAL & HERNANDEZ
Calle Bolivia #33, Suite #301
Hato Rey, Puerto Rico  00917
Phone:  (787) 753-1565
  Fax :  (787) 763-1704
         (787) 763-2809


MODESTO L. RODRIGUEZ SUAREZ
USDC-P. R. 128312

a:\1060-99.doc

PAG. 01

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE ARECIBO



ESTADOS UNIDOS DE AMERICA,        ]
EL PRESIDENTE DE LOS ESTADOS UNIDOS ]   SS:
ESTADO LIBRE ASOCIADO DE P.R.     ]

EXCLUSA, HILDA
            DEMANDANTE                              CASO NUM: C DP95-0357
                VS.                                       SALON: 0402
WHITE WESTINGHOUSE OF PUERTO RICO, INC.    DAÑOS Y PERJUICIOS
            DEMANDADO                               CAUSAL O DELITO

LIC. CUEBAS TAÑON HECTOR
ESTACION FERNANDEZ JUNCOS
PO BOX 11609
SAN JUAN PR
                            00910-1609


NOTIFICACION DE SENTENCIA


    EL SECRETARIO QUE SUSCRIBE NOTIFICA A USTED QUE ESTE TRIBUNAL HA DICTADO
SENTENCIA  EN EL CASO DE EPIGRAFE CON FECHA 21 DE ENERO DE 1998     , QUE HA
SIDO DEBIDAMENTE  REGISTRADA Y  ARCHIVADA EN LOS AUTOS DE ESTE CASO, DONDE
PODRA USTED ENTERARSE DETALLADAMENTE DE LOS TERMINOS DE LA MISMA.

    Y, SIENDO O REPRESENTANDO USTED LA PARTE PERJUDICADA POR LA SENTENCIA,
DE LA CUAL PUEDE ESTABLECERSE RECURSO DE APELACION, DIRIJO A  USTED ESTA
NOTIFICACION, HABIENDO  ARCHIVADO EN LOS AUTOS DE ESTE  CASO COPIA DE ELLA
CON FECHA  DE  04 DE FEBRERO DE 1998

DAVILA RIVERA RAUL
63 CALLE FORTALEZA
                            SAN JUAN PR
                            00901

MARRERO GARCIA HILDA M
PO BOX 195234
                            SAN JUAN
                            00919-5234


ARECIBO        , PUERTO RICO, A 04 DE FEBRERO DE 1998

                    MARIA DEL CARMEN CRUZ COLON
                    _____
                                    SECRETARIO
            POR: ROSA H. AGUILAR BAEZ
                    _____
                                SECRETARIO AUXILIAR

O.A.T.704-NOTIFICACION DE SENTENCIA

DEF 000799

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE ARECIBO**

EXCLUSA, HILDA
                    Demandante

VS.

WHITE WESTINGHOUSE OF PR, INC.
                    Demandado

CIVIL NUM.: C DP95-0337
SALON DE SESIONES 402

SOBRE:

DAÑOS Y PERJUICIOS

## SENTENCIA

Se tiene a la parte demandante por desistida y apartada de esta acción de esta acción, con perjuicio.

**REGISTRESE Y NOTIFIQUESE.**

En Arecibo, Puerto Rico a 21 de enero de 1998.

EDNA ABRUÑA RODRIGUEZ
JUEZ SUPERIOR

CERTIFICO:
MARIA DEL CARMEN CRUZ COLON
SECRETARIA GENERAL

POR: ROSA H. AGUILAR
        SECRETARIA AUXILIAR III

98/OIMM

DEF 000800

CLOSING LITIGATION STATUS REPORT

CAPTION: LEWIS, PAMELA                                    04086/0
         V  LAUNDRY & MONTGOMERY WARDS
NUMBER:  RM0627

LOCATION CODE: LAUNDRY/WEBSTER CITY, IA    DATE: 10/05/99

TYPE OF CASE: PL-PI                        ASSIGNED TO: HEB

DATE COMPLAINT FILED: 10/27/98             DATE OF LOSS: 10/23/96

PLACE: SHAWNEE, KS                         DOCKET #: 98CV1408

COURT: DISTRICT                            CLAS FILE #: EQUINOX      10000.81700

AMOUNT OF SUIT:           $0               PRODUCT: WASHER

RESERVE AMOUNT:              **Redacted**  MODEL #: 46-2351-00

EXPENSE RESERVE:                           SERIAL #: 01
                                           TOTAL EXPENSES:          **Redacted**

WCI COUNSEL : DONALD W. VASOS
              DONALD W. VASO
              4400 SHAWNEE MISSION
              PARKWAY, SUITE 100
              SHAWNEE MISSION, KS 66205    TELEPHONE: (000) 000-0000

PLAINTIFF'S COUNSEL: GENE SCHROER - P.O. BOX 2667, TOKEPA, KS


                          FACTS\RESULT
                          -------------
WOMAN OPENED WASHER DURING SPIN CYCLE AND GOT ARM CAUGHT. ALLEGES FAILURE OF
THE LOCKING MECHANISM.
SETTLED, 6/28/99, $5,500.00.

                              MCC RECORDS MANAGEMENT
                              Co: 19         Box# 14267
                              CTRL# 96185  Loc: 30-7-1


CC:

DEF 000811

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
DIVISION 4

PAMELA L. LEWIS,                          )
                                          )
                    Plaintiff,            )
                                          )
        vs.                               )        Case No. 98 CV1408
                                          )
WHITE CONSOLIDATED INDUSTRIES,            )
INC., and MONTGOMERY WARD,                )
                                          )
                    Defendants.           )

## RELEASE

FOR THE SOLE CONSIDERATION of FIVE THOUSAND FIVE HUNDRED

DOLLARS and no/100 ($5,500.00), receipt of which is hereby acknowledged, paid in full

satisfaction and settlement by White Consolidated Industries, Inc., the undersigned does

hereby RELEASE AND FOREVER DISCHARGE WHITE CONSOLIDATED INDUSTRIES,

INC., and MONTGOMERY WARD, and their agents, employees, heirs, assigns, trustees,

and all other persons, firms, or corporations who may be liable, or who are claimed to be

liable, (hereinafter RELEASEES) from all claims, demands, damages, liability, actions or

causes of action on account of personal injury occurring on or about October 23, 1996, at

734 Twiss Street, Topeka, Shawnee County, Kansas.

IT IS UNDERSTOOD AND AGREED that payment of the above amount of money

is not an admission of liability, fault or breach; that this release is made as a compromise

to avoid expense and to terminate all controversy and claims for loss, damage, and injury,

of any kind that are known or unknown, including future development or aggravation

thereof, and in any way growing out of or resulting from the above mentioned incident.

DEF 000812

The undersigned realizes and fully understands that the RELEASEES have agreed to pay this aforesaid sum solely in reliance upon (1) my express assurances and express representations that I intend this settlement to be a full and final disposition of any and all claims that the undersigned may have against the RELEASEES, (2) my express representation that I do not contemplate or intend to make any claims or take any further action against the RELEASEES, at any time in the future, and (3) my express understanding that the consideration received herein is all the money or consideration the undersigned will ever receive from the RELEASEES in any action, as a result of the aforementioned occurrence.

The undersigned realizes and fully understands that this release will prevent the undersigned from making any further claims of any kind against WHITE CONSOLIDATED INDUSTRIES , INC., and MONTGOMERY WARD for personal injury, property damage, loss of services, medical expenses or claims of any type arising from the occurrence described above.

The undersigned further agrees to indemnify and hold the RELEASEES harmless from any and all claims, counts, causes of action and demands that may be made against the RELEASEES by the undersigned, arising out of the events and circumstances alleged in the Petition filed in this action.

IT IS FURTHER UNDERSTOOD AND AGREED that the petition and all claim for relief asserted by the undersigned in the lawsuit pending in the District Court of Shawnee County, Kansas, styled *Pamela L. Lewis, Plaintiff v. White Consolidated Industries, Inc., and Montgomery Ward, Defendants*, No. 98-CV-1408, SHALL BE DISMISSED WITH PREJUDICE.

DEF 000813

THIS IS A FULL RELEASE OF ALL CLAIMS.

WITNESS MY HAND AND SEAL THIS ___ day of _June_ , 1999.

_Pamela K Lewis_
PAMELA K. LEWIS

Attorneys fees waived or
satisfied in full.

BY: _____
Gene E. Schroer
Schroer, Rice, P.A.
115 S.E. Seventh Street
P.O. Box 2667
Topeka, KS  66601-2667

LISA ANN ROBBEL
NOTARY   PUBLIC
State Of Kansas
My Appt. Expires _____

DEF 000814

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
DIVISION 4

PAMELA L. LEWIS,                              )
                                              )
                    Plaintiff,                )
                                              )
        vs.                                   )    Case No. 98 CV1408
                                              )
WHITE CONSOLIDATED INDUSTRIES,                )
INC., and MONTGOMERY WARD,                    )
                                              )
                    Defendants.               )

## STIPULATION FOR DISMISSAL WITH PREJUDICE

Comes now plaintiff Pamela L. Lewis, and defendants White Consolidated

Industries, Inc., and Montgomery Ward, by and through their duly authorized attorneys,

and state that plaintiff's claims have been settled and should be dismissed with prejudice,

with plaintiff and defendant White to bear their respective costs.


SCHROER, RICE, P.A.                          VASOS LAW OFFICES


GENE E. SCHROER                              DONALD W. VASOS
115 S.E. Seventh Street                      4400 Shawnee Mission Pkwy, Suite 100
Topeka, KS   66601-2667                      Shawnee Mission, KS 66205-2518

ATTORNEY FOR PLAINTIFF                        ATTORNEYS FOR DEFENDANTS

DEF 000815

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
DIVISION 4

FILED BY CLERK
KS. DISTRICT COURT
3RD JUDICIAL DISTRICT

JUN 25  3 56 PM '99

TOPEKA. KANSAS

PAMELA L. LEWIS,                        )
                                        )
                        Plaintiff,      )
                                        )
            vs.                         )       Case No. 98 CV1408
                                        )
WHITE CONSOLIDATED INDUSTRIES,          )
INC., and MONTGOMERY WARD,              )
                                        )
                        Defendants.     )

## ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to the Stipulation of Dismissal filed by the parties, all issues being fully

compromised and settled,

IT IS ORDERED that all claims against defendants are DISMISSED WITH

PREJUDICE, with plaintiff and defendant White Consolidated Industries, Inc., to bear their

respective costs.


_____
DATE

_____
JUDGE OF THE CIRCUIT COURT


Approved by:

SCHROER, RICE, P.A.

_____
GENE E. SCHROER
115 S.E. Seventh Street
Topeka, KS   66601-2667
ATTORNEY FOR PLAINTIFF

VASOS LAW OFFICES

_____
DONALD W. VASOS
4400 Shawnee Mission Pkwy, Suite 100
Shawnee Mission, KS 66205-2518
ATTORNEYS FOR DEFENDANTS


DEF 000816

| SUPPLIER NO. | | WCI | SHARED SERVICES 11770 BEREA ROAD CLEVELAND, OH 44111 | | PAYEE NO. | CHECK NO. |
|---|---|---|---|---|---|---|
| TUWE5083 | | | | | 10196360 | 00015310 |
| SUPPLIER NAME | | | | | DATE | PAGE |
| PAMELA LEWIS AND SCHROER, RICE, P.A. | | | | | 06/29/99 | 1 of 1 |
| INV. NO. | DATE | COMPANY | | GROSS | DISCOUNT | NET |
| 98CV1408 RM062 | 062999 | White Consolidated Ind., Inc RETURN CHECK TO LEGAL DEPT SETTLEMENT: LEWIS, PAMELA & LAUNDRY & MONTGOMERY WARDS $5,500.00 | | 5,500.00 | | 5,500.00 |
| | | | | 5,500.00 | | 5,500.00 |

*To Remove Document Fold and Tear Along This Perforation*

**WCI**
Mellon Bank (East) N.A.
Pittsburgh, PA 15259
SHARED SERVICES

000153 10

06/29/99

PAY ■ FIVE THOUSAND FIVE HUNDRED DOLLARS AND 00 CENTS **********        *******$5,500.00

TO THE ORDER OF   *PAMELA LEWIS AND SCHROER, RICE, P.A.*

Working Fund
VOID AFTER 90 DAYS

AUTHORIZED SIGNATURES

⑈0000015310⑈ ⑆043301601⑆ 000⑈2866⑈

DEF 000817

*C° - 4/30/99*

# VASOS LAW OFFICES

Suite 100
4400 Shawnee Mission Parkway
Shawnee Mission, Kansas 66205-2518
(913) 362-4400
Fax (913) 362-4244
Email: vasoslaw.com

*Attorneys:*
DAVID A. HOFFMAN
DONALD W. VASOS*
*Kansas and Missouri*

*Investigators:*
RICHARD B. HINZE
GARY A. SCHOLTZ, C.L.I.

*Wyandotte County Office:*
One Security Plaza
707 Minnesota Avenue
Suite M-3
Kansas City, Kansas 66101

June 21, 1999

Gene E. Schroer
Schroer, Rice, P.A.
115 S.E. Seventh Street
P.O. Box 2667
Topeka, KS  66601

RECD JUN 24 1999

RE:  *Pamela Lewis v. Frigidaire and Montgomery Ward*
     **Our File No. 98-392**

Dear Mr. Schroer:

This is to confirm our recent telephone conversation wherein above-captioned matter was settled for $5,500.00.

I am enclosing herewith a copy of the *Release* for your client's signature, and the *Stipulation* and *Order of Dismissal*.  Please advise whether there is any lien that will have to be recognized in this case, including S.R.S. and any subrogation lien by a self-funded health care plan governed by ERISA.

It is further my understanding that Pam Lewis was not married at the time of the incident.  Please advise how the check should be made out.

Very truly yours,

DONALD W. VASOS

DWV:clw
Enclosure
c:    Ed Buckles

DEF 000818

## IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
### DIVISION 4

PAMELA L. LEWIS,              )
                                 )
                Plaintiff,       )
                                 )
     vs.                      )      Case No. 98 CV1408
                                 )
WHITE CONSOLIDATED INDUSTRIES,  )
INC., and MONTGOMERY WARD,    )
                                 )
                Defendants.  )

## <u>RELEASE</u>

FOR THE SOLE CONSIDERATION of FIVE THOUSAND FIVE HUNDRED DOLLARS and no/100 ($5,500.00), receipt of which is hereby acknowledged, paid in full satisfaction and settlement by White Consolidated Industries, Inc., the undersigned does hereby RELEASE AND FOREVER DISCHARGE WHITE CONSOLIDATED INDUSTRIES, INC., and MONTGOMERY WARD, and their agents, employees, heirs, assigns, trustees, and all other persons, firms, or corporations who may be liable, or who are claimed to be liable, (hereinafter RELEASEES) from all claims, demands, damages, liability, actions or causes of action on account of personal injury occurring on or about October 23, 1996, at 734 Twiss Street, Topeka, Shawnee County, Kansas.

IT IS UNDERSTOOD AND AGREED that payment of the above amount of money is not an admission of liability, fault or breach; that this release is made as a compromise to avoid expense and to terminate all controversy and claims for loss, damage, and injury, of any kind that are known or unknown, including future development or aggravation thereof, and in any way growing out of or resulting from the above mentioned incident.

DEF 000819

The undersigned realizes and fully understands that the RELEASEES have agreed to pay this aforesaid sum solely in reliance upon (1) my express assurances and express representations that I intend this settlement to be a full and final disposition of any and all claims that the undersigned may have against the RELEASEES, (2) my express representation that I do not contemplate or intend to make any claims or take any further action against the RELEASEES, at any time in the future, and (3) my express understanding that the consideration received herein is all the money or consideration the undersigned will ever receive from the RELEASEES in any action, as a result of the aforementioned occurrence.

The undersigned realizes and fully understands that this release will prevent the undersigned from making any further claims of any kind against WHITE CONSOLIDATED INDUSTRIES , INC., and MONTGOMERY WARD for personal injury, property damage, loss of services, medical expenses or claims of any type arising from the occurrence described above.

The undersigned further agrees to indemnify and hold the RELEASEES harmless from any and all claims, counts, causes of action and demands that may be made against the RELEASEES by the undersigned, arising out of the events and circumstances alleged in the Petition filed in this action.

IT IS FURTHER UNDERSTOOD AND AGREED that the petition and all claim for relief asserted by the undersigned in the lawsuit pending in the District Court of Shawnee County, Kansas, styled *Pamela L. Lewis, Plaintiff v. White Consolidated Industries, Inc., and Montgomery Ward, Defendants*, No. 98-CV-1408, SHALL BE DISMISSED WITH PREJUDICE.

THIS IS A FULL RELEASE OF ALL CLAIMS.

WITNESS MY HAND AND SEAL THIS _____ day of _____, 1999.


_____
PAMELA L. LEWIS


Attorneys fees waived or
satisfied in full.

BY: _____
Gene E. Schroer
Schroer, Rice, P.A.
115 S.E. Seventh Street
P.O. Box 2667
Topeka, KS   66601-2667

DEF 000821

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
DIVISION 4

PAMELA L. LEWIS,                                    )
                                                    )
                                Plaintiff,          )
                                                    )
            vs.                                     )        Case No. 98 CV1408
                                                    )
WHITE CONSOLIDATED INDUSTRIES,                      )
INC., and MONTGOMERY WARD,                          )
                                                    )
                                Defendants.         )

## STIPULATION FOR DISMISSAL WITH PREJUDICE

Comes now plaintiff Pamela L. Lewis, and defendants White Consolidated

Industries, Inc., and Montgomery Ward, by and through their duly authorized attorneys,

and state that plaintiff's claims have been settled and should be dismissed with prejudice,

with plaintiff and defendant White to bear their respective costs.


SCHROER, RICE, P.A.                      VASOS LAW OFFICES


_____                  _____
GENE E. SCHROER                          DONALD W. VASOS
115 S.E. Seventh Street                  4400 Shawnee Mission Pkwy, Suite 100
Topeka, KS   66601-2667                  Shawnee Mission, KS 66205-2518

ATTORNEY FOR PLAINTIFF                   ATTORNEYS FOR DEFENDANTS


DEF 000822

DEF 000823

IN THE DISTRICT COURT OF SHAWNEE COUNTY, KANSAS
DIVISION 4

PAMELA L. LEWIS,                          )
                                          )
                    Plaintiff,            )
                                          )
          vs.                             )          Case No. 98 CV1408
                                          )
WHITE CONSOLIDATED INDUSTRIES,            )
INC., and MONTGOMERY WARD,                )
                                          )
                    Defendants.           )

## ORDER OF DISMISSAL WITH PREJUDICE

Pursuant to the Stipulation of Dismissal filed by the parties, all issues being fully

compromised and settled,

IT IS ORDERED that all claims against defendants are DISMISSED WITH

PREJUDICE, with plaintiff and defendant White Consolidated Industries, Inc., to bear their

respective costs.

_____              _____
         DATE                                JUDGE OF THE CIRCUIT COURT

Approved by:

SCHROER, RICE, P.A.                   VASOS LAW OFFICES

_____              _____
GENE E. SCHROER                      DONALD W. VASOS
115 S.E. Seventh Street              4400 Shawnee Mission Pkwy, Suite 100
Topeka, KS   66601-2667              Shawnee Mission, KS 66205-2518
ATTORNEY FOR PLAINTIFF               ATTORNEYS FOR DEFENDANTS

DEF 000824

## RECORDED STATEMENTS

White Consolidated        96-1023 Lewis
INSURED                    POL. NO.

STMT. _Pamela H. Lewis_                    ACC. DATE  10-23-96
              NAME                         REL. TO ACC.

DATE TAKEN  02-10-97

RECAP _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

STMT. _____
              NAME                    REL. TO ACC.

DATE TAKEN _____

RECAP _____

_____
_____
_____
_____
_____
_____
_____
_____

Redacted

10S100A

DEF 000825

DISTRICT COURT OF SHAWNEE COUNTY KANSAS
200 East 7th
Topeka, Kansas  66603

Chambers of                                    Case Number: 98CV001408
Eric S. Rosen
District Judge                                       May 21, 1999
Division 04

PAMELA L. LEWIS
_____                    RECD JUN 01 1999
        Plaintiff

        VS.

WHITE CONSOLIDATED INDUSTRIES INC, et. al.
_____

        Defendant

The above-captioned case has been set for Status Conference on
June 24, 1999  AT 03:00P.M., IN DIVISION 04, ROOM 303.
If you have any questions concerning this notice, please write or
call (785) 233-8200 Ext. 4303.

Status conference will be conducted by phone. Court will initiate the
call.

CERTIFICATE OF MAILING
-----------------------

     I hereby certify that a copy of the above and foregoing NOTICE
was mailed this Friday, May 21, 1999, by United States mail,
postage prepaid thereon, to the following:

                                        VALERIE L. SMITH
                                        _____
                                        Administrative Assistant

ATTORNEYS

GENE E. SCHROER                         (785) 357-0333
DONALD W. VASOS                         (785) 362-4400
MONTGOMERY WARD                         (    )    -

TO _____

FROM _____

INSURED _____

CLAIM NO. _____

RECEIVED
MAY 2 5 1999
By

DEF 000826

DISTRICT COURT OF SHAWNEE COUNTY KANSAS
200 East 7th
Topeka, Kansas   66603

Chambers of
Eric S. Rosen
District Judge
Division 04

PAMELA L LEWIS
_____
      Plaintiff

      VS.
_____

WHITE CONSOLIDATED INDUSTRIES INC, et al.
_____
      Defendant

Case Number: 98CV001408

April 22, 1999

The above-captioned case has been set for Status Conference on
May 21, 1999  AT 10:00A.M., IN DIVISION 04, ROOM 303.
If you have any questions concerning this notice, please write or
call (785) 233-8200 Ext. 4303.

Status conference will be conducted by phone. Court will initiate the
call.

CERTIFICATE OF MAILING
----------------------
      I hereby certify that a copy of the above and foregoing NOTICE
was mailed this Thursday, April 22, 1999, by United States mail,
postage prepaid thereon, to the following:

                    VALERIE L SMITH
                    _____
                    Administrative Assistant

ATTORNEYS -

GENE E. SCHROER                    (785) 357-0333
DONALD W. VASOS                    (785) 362-4400
MONTGOMERY WARD                    (   )    -



DEF 000827

CLOSING LITIGATION STATUS REPORT

CAPTION: VAUGHN, TOMMY JEAN                           05356/0
          V MONTGOMERY WARD & CO.
NUMBER:  RM0571

LOCATION CODE: LAUNDRY/WEBSTER CITY, IA    DATE: 10/05/99

TYPE OF CASE: PL-PI                    ASSIGNED TO: HEB

DATE COMPLAINT FILED:  0/00/00         DATE OF LOSS:  7/26/97

PLACE: LOS ANGELES, CA                 DOCKET #: KC027484

COURT: SUPERIOR                        CLAS FILE #: EQUINOX    10000.81700

AMOUNT OF SUIT:          $0            PRODUCT: WASHER

RESERVE AMOUNT:                        MODEL #:
                        **Redacted**
EXPENSE RESERVE:                       SERIAL #:
                                       TOTAL EXPENSES:        **Redacted**

WCI COUNSEL : PRINDLE, DECKER & AMARO (LONG BEACH)
              MICHAEL L. AMARO
              310 GOLDEN SHORE
              4TH FLOOR
              LONG BEACH, CA 90802-4246       TELEPHONE: (562) 436-3946

PLAINTIFF'S COUNSEL:


                        FACTS\RESULT
                        --------------

PLAINTIFF SUFFERED A WRIST FRACTURE AFTER REACHING INTO A SPINNING WASHER.
SETTLED, $20,000.00, 6/10/99.


CC:

## *FULL RELEASE OF ALL CLAIMS*

FOR AND IN CONSIDERATION of the sum of *TWENTY FOUR THOUSAND DOLLARS AND NO/100 ($24,000.00)* to me in hand paid, receipt whereof is hereby acknowledged, I do for myself, my heirs, executors, administrators and assigns, fully and forever release and discharge *WHITE CONSOLIDATED INDUSTRIES, INC. and MONTGOMERY WARD*, and its officers, directors and shareholders, and all other persons, firms, associations and corporations, and each of them, of and from any and all claims, demands, actions or causes of actions which I may or might have against them, or any of them, by reason of any damages or injuries whatsoever sustained by me and occasioned directly or indirectly by an accident occurring on or about the *26TH day of JULY, 1997, at or near 1621 Howellhurst, West Covina, California 91790*.

This is intended as a full and complete release of all or any claims that I may or might have by reason of the happening of the said accident, and in accepting said sum I do so in full settlement of any and all such claims, and intend to and do hereby release all of said persons, firms, associations and corporations of and from any and all liability of any nature whatsoever for all damage or injury to my person and property (specifically including all expenses to which I may have been put, and also including all consequential damage to me on account of injuries to others), as well for all consequences, effects and results of any such injury or damage, whether the same are now known or unknown to me, expected or unexpected by me, or have already appeared or developed or may now be latent or may in the future appear to develop, and all rights under Section 1542 of the Civil Code are hereby expressly waived.*

It is understood that this settlement is not an admission of any liability but is in compromise of a disputed claim and for said consideration I hereby assume the risk of any damages, injuries, or disability which may now be latent or unexpected or which may hereafter appear, develop or occur as the result of said accident, and I will hold said persons, firms, associations and corporations harmless from any and all claims therefor.

In the event there is any action to recover damages pending, I direct that the same be dismissed forthwith.

I agree that this settlement and release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, nor shall the dismissal of any action filed by me constitute a retraxit or estop persons who may claim to be damaged by reason of the accident, to pursue any legal remedies they may have against the undersigned or any other persons.

*I HEREBY CERTIFY THAT I HAVE READ ALL OF THIS RELEASE AND CODE SECTION AND FULLY UNDERSTAND ALL OF THE SAME, AND IN WITNESS*

*WHEREOF I HAVE EXECUTED THIS RELEASE THIS* _12_ *DAY OF* _MAY_____ , 19_99_, *AT* _West Covina_ , *CALIFORNIA.*

_Tommie Vaughn_____

TOMMIE JEAN VAUGHN

*\*CIVIL CODE 1542. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time or executing the release, which if known by him must have materially affected his settlement with the debtor.*

MLA/VAUGHN/RELEASE

DEF 000802

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):    TELEPHONE NO.: (562) 436-3946

Michael L. Amaro, Esq. - Bar No. 109514
Prindle, Decker & Amaro
310 Golden Shore, Fourth Floor
Long Beach, CA 90802-4246

FOR COURT USE ONLY

**ORIGINAL FILED**

**JUN 24 1999**

**LOS ANGELES SUPERIOR COURT**

ATTORNEY FOR (Name): Defendant, MONTGOMERY WARD

Insert name of court and name of judicial district and branch court, if any:
LOS ANGELES SUPERIOR COURT
EAST DISTRICT

PLAINTIFF/PETITIONER: TOMMIE JEAN VAUGHN vs. MONTGOM

DEFENDANT/RESPONDENT: MONTGOMERY WARD & CO., INC., e

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [X] Personal Injury, Property Damage, or Wrongful Death<br>    [ ] Motor Vehicle    [ ] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[ ] Other (specify): | KC027484 |

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) [X] With prejudice    (2) [ ] Without prejudice
  b. (1) [ ] Complaint    (2) [ ] Petition
    (3) [ ] Cross-complaint filed by (name):        on (date):
    (4) [ ] Cross-complaint filed by (name):        on (date):
    (5) [X] Entire action of all parties and all causes of action
    (6) [ ] Other (specify):*

Date: MAY 10, 1999

PATRICIA A. LAW

(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

HOLSTEIN, TAYLOR, UNITT & LAW

(SIGNATURE)
Attorney or party without attorney for: TOMMIE JEAN VAUGHN
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint - or Response (Family Law) - seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

(To be completed by clerk)
3. [X] Dismissal entered as requested on (date): JUN 24 1999
4. [ ] Dismissal entered on (date):    as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [ ] a. Attorney or party without attorney notified on (date):
    b. Attorney or party without attorney not notified. Filing party failed to provide
    [ ] a copy to conform    [ ] means to return conformed copy

A. MALDONADO

Date: JUN 24 1999    Clerk, by _____, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

DEF 000803

| SUPPLIER NO. | *WCI* | SHARED SERVICES | PAYEE NO. | CHECK NO. |
|---|---|---|---|---|
| 1UWE5007 | | 1770 BEREA ROAD CLEVELAND, OH 44111 | 10194447 | 00014817 |

| SUPPLIER NAME | | DATE | PAGE |
|---|---|---|---|
| TOMMY JEAN VAUGHN AND THEIR ATTORNEYS | | 06/10/99 | 1 of 1 |

| INV. NO. | DATE | COMPANY | GROSS | DISCOUNT | NET |
|---|---|---|---|---|---|
| KC027484/RM0571 | 061099 | White Consolidated Ind., Inc | 20,000.00 | | 20,000.00 |
| SETTLEMENT: VAUGHN, TOMMY JEAN V | | | | | |
| MONTGOMERY WARDS  $20 000.00 | | | | | |
| RETURN CHECK TO LEGAL DEPT | | | | | |
| | | | 20,000.00 | | 20,000.00 |

---

*To Remove Document Fold and Tear Along This Perforation*

*WCI*                                                                      00014817    60-1641
                                                                                              433
SHARED SERVICES                    Mellon Bank N.A.                   06/10/99
                                   Pittsburgh PA 15259
PAY ONLY ☒☒☒☒ ☒☒☒☒☒ 20,000.00            ****$20,000.00

PAY ☒ TWENTY THOUSAND DOLLARS AND 00 CENTS **********

                                                         Working Fund
TO                                                       VOID AFTER 90 DAYS
THE    *TOMMY JEAN VAUGHN AND THEIR ATTORNEYS*
ORDER  HOLSTEIN, TAYLOR, UNITT & LAW
OF

                                                         AUTHORIZED SIGNATURES

⑈0000014817⑈ ⑆043301601⑆ 000⑈2866⑈

# Matter Screen Report

Matter No:                    RM0571

mpany

Status:
Org Level 1:            Closed
Org Level 2:            FHP
Matter Class:           Webster City, IA
Access Group:           Litigation
File Number:            Public
                        0019-00008970

Budget Performance

Annual:                         Budget
Life of Case:                   $0
                                $35,000

Court / Jurisdiction
Court:
Trial by:               Superior
Court Type:
Judge:                  State
State/Prov:
)0  Country:            CA      County:    Los An

Appeal
Appeal:
Amount:
Court:

DEF 000805

CLOSING LITIGATION STATUS REPORT

CAPTION: VAUGHN, TOMMY JEAN                    05356/0    *Inter*
         V MONTGOMERY WARD & CO.                          *filing at*
NUMBER:  RM0571                                           *MWC*

LOCATION CODE: LAUNDRY/WEBSTER CITY, IA    DATE: 10/05/99

TYPE OF CASE: PL-PI                        ASSIGNED TO: HEB

DATE COMPLAINT FILED:  0/00/00             DATE OF LOSS:  7/26/97

PLACE: LOS ANGELES, CA                     DOCKET #: KC027484

COURT: SUPERIOR                            CLAS FILE #: EQUINOX    10000.81700

AMOUNT OF SUIT:          $0                PRODUCT: WASHER

RESERVE AMOUNT:                            MODEL #:
                      **Redacted**
EXPENSE RESERVE:                           SERIAL #:
                                           TOTAL EXPENSES:         **Redacted**

WCI COUNSEL : PRINDLE, DECKER & AMARO (LONG BEACH)
              MICHAEL L. AMARO
              310 GOLDEN SHORE
              4TH FLOOR
              LONG BEACH, CA 90802-4246          TELEPHONE: (562) 436-3946

PLAINTIFF'S COUNSEL:


                          FACTS\RESULT
                          --------------

PLAINTIFF SUFFERED A WRIST FRACTURE AFTER REACHING INTO A SPINNING WASHER.
SETTLED, $20,000.00, 6/10/99.










CC:

## *FULL RELEASE OF ALL CLAIMS*

FOR AND IN CONSIDERATION of the sum of *TWENTY FOUR THOUSAND DOLLARS AND NO/100 ($24,000.00)* to me in hand paid, receipt whereof is hereby acknowledged, I do for myself, my heirs, executors, administrators and assigns, fully and forever release and discharge *WHITE CONSOLIDATED INDUSTRIES, INC. and MONTGOMERY WARD,* and its officers, directors and shareholders, and all other persons, firms, associations and corporations, and each of them, of and from any and all claims, demands, actions or causes of actions which I may or might have against them, or any of them, by reason of any damages or injuries whatsoever sustained by me and occasioned directly or indirectly by an accident occurring on or about the *26TH day of JULY, 1997, at or near 1621 Howellhurst, West Covina, California 91790.*

This is intended as a full and complete release of all or any claims that I may or might have by reason of the happening of the said accident, and in accepting said sum I do so in full settlement of any and all such claims, and intend to and do hereby release all of said persons, firms, associations and corporations of and from any and all liability of any nature whatsoever for all damage or injury to my person and property (specifically including all expenses to which I may have been put, and also including all consequential damage to me on account of injuries to others), as well for all consequences, effects and results of any such injury or damage, whether the same are now known or unknown to me, expected or unexpected by me, or have already appeared or developed or may now be latent or may in the future appear to develop, and all rights under Section 1542 of the Civil Code are hereby expressly waived. *

It is understood that this settlement is not an admission of any liability but is in compromise of a disputed claim and for said consideration I hereby assume the risk of any damages, injuries, or disability which may now be latent or unexpected or which may hereafter appear, develop or occur as the result of said accident, and I will hold said persons, firms, associations and corporations harmless from any and all claims therefor.

In the event there is any action to recover damages pending, I direct that the same be dismissed forthwith.

I agree that this settlement and release shall not destroy or otherwise affect the rights of persons on whose behalf this payment is made, nor shall the dismissal of any action filed by me constitute a retraxit or estop persons who may claim to be damaged by reason of the accident, to pursue any legal remedies they may have against the undersigned or any other persons.

*I HEREBY CERTIFY THAT I HAVE READ ALL OF THIS RELEASE AND CODE SECTION AND FULLY UNDERSTAND ALL OF THE SAME, AND IN WITNESS*

*WHEREOF I HAVE EXECUTED THIS RELEASE THIS* 12 *DAY OF* MAY _____, 19 99, *AT* West Covina *CALIFORNIA.*

*Tommie Vaughn*
TOMMIE JEAN VAUGHN

*\*CIVIL CODE 1542.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time or executing the release, which if known by him must have materially affected his settlement with the debtor.*

MLA/VAUGHN/RELEASE

DEF 000807

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Michael L. Amaro, Esq. - Bar No. 109514
Prindle, Decker & Amaro
310 Golden Shore, Fourth Floor
Long Beach, CA  90802-4246

**(562) 436-3946**

ORIGINAL FILED
JUN 24 1999
LOS ANGELES
SUPERIOR COURT

ATTORNEY FOR *(Name)*: Defendant, MONTGOMERY WARD

Insert name of court and name of judicial district and branch court, if any:

**LOS ANGELES SUPERIOR COURT
EAST DISTRICT**

PLAINTIFF/PETITIONER: TOMMIE JEAN VAUGHN vs. MONTGOM

DEFENDANT/RESPONDENT: MONTGOMERY WARD & CO., INC., e

**REQUEST FOR DISMISSAL**
[X] Personal Injury, Property Damage, or Wrongful Death
     [ ] Motor Vehicle    [ ] Other
[ ] Family Law
[ ] Eminent Domain
[ ] Other *(specify)*:

CASE NUMBER:

KC027484

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

**1. TO THE CLERK:** Please dismiss this action as follows:
 a. (1) [X] With prejudice    (2) [ ] Without prejudice

 b. (1) [ ] Complaint    (2) [ ] Petition
    (3) [ ] Cross-complaint filed by *(name)*:      on *(date)*:
    (4) [ ] Cross-complaint filed by *(name)*:      on *(date)*:
    (5) [X] Entire action of all parties and all causes of action
    (6) [ ] Other *(specify)*:*

Date: MAY 10, 1999

**PATRICIA A. LAW**
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

HOLSTEIN, TAYLOR, UNITT & LAW

▶ *Patricia S Law*
(SIGNATURE)

Attorney or party without attorney for: TOMMIE JEAN VAUGHN
[X] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

**2. TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

▶
(SIGNATURE)

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

*(To be completed by clerk)*
3. [X] Dismissal entered as requested on *(date)*: JUN 24 1999
4. [ ] Dismissal entered on *(date)*:     as to only *(name)*:
5. [ ] Dismissal not entered as requested for the following reasons *(specify)*:

6.    [ ] a. Attorney or party without attorney notified on *(date)*:
       b. Attorney or party without attorney not notified. Filing party failed to provide
         [ ] a copy to conform    [ ] means to return conformed copy

*A. MALDONADO*

Date: JUN 24 1999     Clerk, by_____, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

DEF 000808

| SUPPLIER NO. | | WCI | SHARED SERVICES 11770 BEREA ROAD CLEVELAND, OH 44111 | | PAYEE NO. | | CHECK NO. |
|---|---|---|---|---|---|---|---|
| 1UWE5007 | | | | | 10194447 | | 00014817 |
| SUPPLIER NAME | | | | | | DATE | PAGE |
| TOMMY JEAN VAUGHN AND THEIR ATTORNEYS | | | | | | 06/10/99 | 1 of 1 |

| INV. NO. | DATE | COMPANY | GROSS | DISCOUNT | NET |
|---|---|---|---|---|---|
| KC027484/RM0571 | 061099 | White Consolidated Ind., Inc | 20,000.00 | | 20,000.00 |
| SETTLEMENT: VAUGHN, TOMMY JEAN V | | | | | |
| MONTGOMERY WARDS  $20,000.00 | | | | | |
| RETURN CHECK TO LEGAL DEPT | | | | | |
| | | | 20,000.00 | | 20,000.00 |

*To Remove Document Fold and Tear Along This Perforation*

**WCI**   00014817

SHARED SERVICES   06/10/99

>>>PAY ONLY **$20,000.00** *CHECKS*   *****$20,000.00

PAY ■ TWENTY THOUSAND DOLLARS AND 00 CENTS *********

Working Fund
VOID AFTER 90 DAYS

TO
THE
ORDER
OF   *TOMMY JEAN VAUGHN AND THEIR ATTORNEYS*
HOLSTEIN, TAYLOR, UNITT & LAW

AUTHORIZED SIGNATURES

⑆00000 14817⑈ ⑆043301601⑆ 000⑈2866⑈

DEF 000809

## Closing Litigation Status Report

*Getz-Richeson, Diane*

**RM0588**

**Division / Location:** FHP / Webster City, IA

**Assigned to:** HEB

**Date of Loss:** 12/01/97

**Docket Number:** 719326

**Amount of Suit:**

**Reserve Amount:**

**Total Budget:**

**Total Expenses:**

*Redacted*

**Claim Number:** 04763/0

**Date Closed:** 03/31/00

**Date Complaint Filed:** 03/30/98

**Court:** Superior

**Place:** CA

Equinox / 10000.817003

**Product Information:**
**Product:** Washer
**Model #:** MWX233RB
**Serial #:** XC60134540

**WCI Counsel:**

Prindle, Decker & Amaro

310 Golden Shore

4th Floor

Long Beach   CA   90802-4246

562-436-3946

**Opposing Counsel:**

MCC RECORDS MANAGEMENT
Co: _19_          Box# _8970_
CTRL# _96185_   Loc: _24-2-10_

---

### Facts / Result

Plaintiff stuck her arm into a spinning washing machine and sustained personal injuries (broken elbow, wrist, thumb).

| | |
|---|---|
| 10/22/1999 | Verdict $150,000; Negotiating and setting up appeal.  Mediation end of October 1999. |
| 11/02/1999 | Settled, $140,000.00, 10/29/99.<br>Check #18981, 11/2/99; Chapin, Fleming, McNitt, Shea & Carter as attorney for Diane Getz-Richeson. |

---

DEF 000810

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
CATHY MONTELL as the Mother and Natural
Guardian of CHRISTOPHER MONTELL, an infant under
fourteen (14) years of age, and CATHY MONTELL,
individually,

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs,

-against-

ELECTROLUX HOME PRODUCTS,

Defendant.
------------------------------------------------------------------X

Plaintiffs, by their attorneys, **DELL & LITTLE, LLP,** complaining of the Defendant, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF CHRISTOPHER MONTELL

1.      At all times herein mentioned, Plaintiffs were and still are residents of the County of Nassau, State of New York.

2.      That at all times herein mentioned, Defendant **ELECTROLUX HOME PRODUCTS** was and still is a foreign corporation, duly authorized to do business in the State of New York.

3.      That Defendant, **ELECTROLUX HOME PRODUCTS,** committed a tortious act within the State of New York.

4.      That Defendant, **ELECTROLUX HOME PRODUCTS,** regularly does, or solicits, business in the State of New York.

Redacted

2

DEF 00085

5.    That Defendant **ELECTROLUX HOME PRODUCTS** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

6.    That at all times herein mentioned the Defendant **ELECTROLUX HOME PRODUCTS** was in the business of selling, manufacturing and distributing washing machines for .e purpose of sale and use to the general public.

7.    That at all times herein mentioned the Defendant **ELECTROLUX HOME PRODUCTS**, was in the business of selling, manufacturing and distributing washing machines for the purpose of sale and use to businesses.

8.    That the Defendant, **ELECTROLUX HOME PRODUCTS** manufactured, produced and distributed a certain "Frigidaire Washing Machine" model number FWX445LB.

9.    That at all times herein mentioned, and prior to November 26, 1998, the Defendant, **ELECTROLUX HOME PRODUCTS**, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

10.    That on November 26, 1998, Plaintiff **CHRISTOPHER MONTELL** used said product of Defendant, **ELECTROLUX HOME PRODUCTS**.

11.    That the Defendant **ELECTROLUX HOME PRODUCTS** warranted said product was fit for the purpose for which it was intended.

12.    That the Defendant **ELECTROLUX HOME PRODUCTS** warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

13.    That the Defendant, **ELECTROLUX HOME PRODUCTS** impliedly warranted that the said product was of merchantable quality and was safe for use.

3

**Redacted**

14.    That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

15.    That Defendant, **ELECTROLUX HOME PRODUCTS** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

16.    That on November 26, 1998 the Plaintiff while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

17.    That the aforesaid accident was caused solely and wholly by reason that Defendant, **ELECTROLUX HOME PRODUCTS** breached its warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

18.    That as a result of the foregoing, Plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries Plaintiff was caused, and will continue to be caused, to incur expenses for medical care and attention; and Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

19.    That this action falls under one or more of the exceptions of CPLR § 1602.

20.    That as a result of the foregoing, Plaintiff was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

4

DEF 000853

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF CHRISTOPHER MONTELL

21.    Plaintiff **CHRISTOPHER MONTELL**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though same were more fully set forth at length herein.

22.    That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff.

23.    That on November 26, 1998, Plaintiff **CHRISTOPHER MONTELL,** used the product for the purpose and use normally intended.

24.    That on November 26, 1998, while Plaintiff **CHRISTOPHER MONTELL** was using the said product, the washing machine pulled plaintiff's hand into the machine causing Plaintiff to suffer severe bodily injuries.

25.    That by reason of the foregoing, the Defendant, **ELECTROLUX HOME PRODUCTS**, its servants, agents, licensees and/or employees are liable to Plaintiff for strict liability and tort, and/or strict products liability.

26.    That by reason of the foregoing, Plaintiff **CHRISTOPHER MONTELL,** has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF CHRISTOPHER MONTELL

27.    Plaintiff **CHRISTOPHER MONTELL**, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though same more fully set forth at length herein.

5

Redacted

28.     That Plaintiff **CHRISTOPHER MONTELL** was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, **ELECTROLUX HOME PRODUCTS**, its agents, servants, licensees and/or employees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

29.     That by reason of the foregoing, Plaintiff **CHRISTOPHER MONTELL**, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF CATHY MONTELL

30.     Plaintiff **CATHY MONTELL** repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though same more fully set forth at length herein.

31.     That at all times hereinafter mentioned, Plaintiff **CATHY MONTELL** was the mother of the Plaintiff **CHRISTOPHER MONTELL** and as such was entitled to the society and services of her son, **CHRISTOPHER MONTELL**.

32.     That by reason of the foregoing, Plaintiff **CATHY MONTELL** was deprived of the society and services of the Plaintiff **CHRISTOPHER MONTELL**.

33.     That by reason of the foregoing, Plaintiff **CATHY MONTELL** was damaged in an amount not to exceed the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**Redacted**

6

DEF 000855

**WHEREFORE,** Plaintiffs pray for a judgment against the Defendant herein in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, on the First Cause of Action; in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; in the sum of ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action, and in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Fourth Cause of Action together with the costs and disbursements of this action.

Yours, etc.

DELL & LITTLE, LLP
Attorneys for Plaintiff(s)
350 OLD COUNTRY ROAD, Suite 105
Garden City, NY 11530
(516) 294-5814

7

STATE OF NEW YORK  )
          ) ss.:
COUNTY OF NASSAU  )

    CATHY MONTELL, being duly sworn says:

  1.  I am one of the Plaintiffs above named.

  2.  I have read the foregoing **SUMMONS & COMPLAINT** and know its contents; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                     _CATHY MONTELL_
                  CATHY MONTELL

Sworn hereto before me this
___ day of __May__ , 2003

_____
Notary Public

JOSEPH G. DELL
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NASSAU COUNTY
REG. #02DE4991498
MY COMM. EXP. FEB. 3, 20__

**DANIEL S. BURDETT, P.E., P.C.**
200 WEST 72ND STREET
NEW YORK, NEW YORK 10023
(212) 799-5716

To:  Dell & Little, LLP
     350 Old Country Road
     Suite 105
     Garden City, NY  11530

From:  Daniel S. Burdett
       Professional Engineer

Date:  4/20/04

Subject:  Accident that occurred to infant Christopher Montell
          on 11/16/98 at approximately 1:50 p.m.

------------------------------------------------------------

    At your request, on 5/18/99 the accident washing machine
was inspected.  Photographs were taken.  Ms. Cathy Montell was
present.

    The following is noteworthy:

                A - <u>GENERAL INFORMATION</u>

    1.  The following was reviewed:

    a)  The deposition of the defendant dated 3/8/04.

    b)  The deposition of the plaintiffs - Christopher and
Cathy Montell dated 3/8/04.

    c)  Response to Defendant's First Set of Interrogatories,
dated 3/8/04.

    d)  Owner and installation manual.

    e)  Purchase and delivery order.

    f)  Photographs of Christopher's injuries and photographs
of the machine.

    g)  Electrical schematic of the washer.

    2.  The accident site is the lower floor of a residential
house located at 6 Murray Street, Bayville, New York 11709.

    3.  Observations and measurements of the subject washing
machine indicated:

    a)(1)  The machine is approximately 36" high by 27" wide
by 20" deep (front to back).

DEF 000858

DANIEL S. BURDETT, P.E., P.C.
200 WEST 72ND STREET
NEW YORK, NEW YORK 10023
(212) 799-5716

Page 2

2) The spindle or agitator is approximately 18" high.

b) The label reads "Frigidaire, (2) Speed (10) Cycles".
The serial # is XC4279883. The model number is FWX445LBSWH.

c) The machine was not operated during the inspection.
The machine was used after the subject accident up until 5/10/99,
when there was smoke coming from the washer and it was not used
since that time.

4. The washing machine is located next to a dryer.

5. The Owner's Guide describes the loading technique and
various do's and don'ts.

a) In particular, page 8: (enclosed)

#9 - "Start the washer. Close the washer lid and start
the washer. The washer will agitate with the lid open; however,
the tub will not spin unless the lid is closed".

#10- "Remove items when the cycle is completed. As a
safety measure, the lid automatically locks during the spin
cycle. The safety lid unlocks approximately (1) minute after
the end of the spin cycle. To open the lid during spin, stop
the washer and wait approximately (1) minute for the safety
lid lock to release".

6. Inside the top cover, item #4 reads:

"Close lid. Washer fills and agitates with lid open, but
does not advance into the spin cycle unles the lid is closed.
As a safety measure, the lid automatically locks during the
spin portion of each cycle. Lid automatically unlocks approx.
(1) minute after end of spin".

Redacted                    - ANALYSIS

1. Infant Christopher opened the lid during the spin cycle
to add a shirt to the wash load. His mother, Cathy, thought
the washer was still in the wash agitation cycle. Instantly,
the shirt wrapped around Christopher's hand causing his right
thumb to be partially amputated.

2. Ms. Montell never tried to open the lid during the
spin cycle before or after the accident.

3. The most dangerous point of the washing cycle - the
spin cycle, was compromised because the top lid was allowed
to be opened. The locking mechanism failed. The failure whether

DEF 000859

Redacted

**DANIEL S. BURDETT, P.E., P.C.**
200 WEST 72ND STREET
NEW YORK, NEW YORK 10023
(212) 799-5716

Page 3

electrical or mechanical is irrelevant.  The lock mechanism
did not "fail safety" a key basic requirement in fail safe
design and operation.  That is, if a critical safety component
fails, it must fail safety such that, in this case, the lid
could not open during the spin period!  An example of the fail
safety requirement is when a traffic light fails, the traffic
light goes into a red blinking mode - it fails safely.

Ms. Montell never experienced the problem of the lid
opening during the spin cycle, she had never tried it.  Whether
the locking lid mechanism (interlock) ever worked is unknown
- no advance notice of the lid function is required since if
it fails, the lid must remain locked and opened only with the
manufacturer's supplied instructions (written on the washer).

C - CONCLUSIONS

It is my Professional Engineering Opinion that the accident
washing machine was unsafe, hazardous and deficient in its
design, manufacturing, and quality control/inspection procedures.
The major safety device - the interlock mechanism to keep the
top lid closed during the spin cycle, malfunctioned or never
functioned.

The manufacturers quality control/inspection procedures
of the lid mechanism are not known.  Every lid locking system
should be tested.  The lid/lock inspection and testing procedures
by the manufacturer is unknown and was not provided.  Every
washing machine that goes out the door must be checked for this
critical safety feature.

DEF 000860

DANIEL S. BURDETT, P.E., P.C.
200 WEST 72ND STREET
NEW YORK, NEW YORK 10023
(212) 799-5716

To:  Dell & Little, LLP
     350 Old Country Road
     Suite 105
     Garden City, NY  11530

From: Daniel S. Burdett
      Professional Engineer

Date: 4/20/04

Subject: Accident that occurred to infant Christopher Montell
         on 11/16/98 at approximately 1:50 p.m.

----------------------------------------------------------------

     At your request, on 5/18/99 the accident washing machine
was inspected.  Photographs were taken.  Ms. Cathy Montell was
present.

     The following is noteworthy:

                  A – GENERAL INFORMATION

     1.  The following was reviewed:

     a)  The deposition of the defendant dated 3/8/04.

     b)  The deposition of the plaintiffs – Christopher and
Cathy Montell dated 3/8/04.

     c)  Response to Defendant's First Set of Interrogatories,
dated 3/8/04.

     d)  Owner and installation manual.

     e)  Purchase and delivery order.

     f)  Photographs of Christopher's injuries and photographs
of the machine.

     g)  Electrical schematic of the washer.

     2.  The accident site is the lower floor of a residential
house located at 6 Murray Street, Bayville, New York 11709.

     3.  Observations and measurements of the subject washing
machine indicated:

     a)(1)  The machine is approximately 36" high by 27" wide
by 20" deep (front to back).

DEF 000861

)                                    )

DANIEL S. BURDETT, P.E., P.C.
200 WEST 72ND STREET
NEW YORK, NEW YORK 10023
(212) 799-5716

Page 2

(2)   The spindle or agitator is approximately 18" high.

b)   The label reads "Frigidaire, (2) Speed (10) Cycles".
The serial # is XC4279883.  The model number is FWX445LBSWH.

c)   The machine was not operated during the inspection.
The machine was used after the subject accident up until 5/10/99,
when there was smoke coming from the washer and it was not used
since that time.

4.   The washing machine is located next to a dryer.

5.   The Owner's Guide describes the loading technique and
various do's and don'ts.

a)   In particular, page 8: (enclosed)

#9 - "Start the washer. Close the washer lid and start
the washer.  The washer will agitate with the lid open; however,
the tub will not spin unless the lid is closed".

#10 - "Remove items when the cycle is completed.  As a
safety measure, the lid automatically locks during the spin
cycle.  The safety lid unlocks approximately (1) minute after
the end of the spin cycle.  To open the lid during spin, stop
the washer and wait approximately (1) minute for the safety
lid lock to release".

6.   Inside the top cover, item #4 reads:

"Close lid. Washer fills and agitates with lid open, but
does not advance into the spin cycle unles the lid is closed.
As a safety measure, the lid automatically locks during the
spin portion of each cycle.  Lid automatically unlocks approx.
(1) minute after end of spin".

B - ANALYSIS

1.   Infant Christopher opened the lid during the spin cycle
to add a shirt to the wash load.  His mother, Cathy, thought
the washer was still in the wash agitation cycle.  Instantly,
the shirt wrapped around Christopher's hand causing his right
thumb to be partially amputated.

2.   Ms. Montell never tried to open the lid during the
spin cycle before or after the accident.

3.   The most dangerous point of the washing cycle – the
spin cycle, was compromised because the top lid was allowed
to be opened.  The locking mechanism failed.  The failure whether

DEF 000862

)                                                          )

DANIEL S. BURDETT, P.E., P.C.
200 WEST 72ND STREET
NEW YORK, NEW YORK 10023
(212) 799-5716

Page 3

electrical or mechanical is irrelevant.  The lock mechanism
did not "fail safety" - a key basic requirement in fail safe
design and operation.  That is, if a critical safety component
fails, it must fail safety such that, in this case, the lid
could not open during the spin period!  An example of the fail
safety requirement is when a traffic light fails, the traffic
light goes into a red blinking mode - it fails safely.

   Ms. Montell never experienced the problem of the lid
opening during the spin cycle, she had never tried it.  Whether
the locking lid mechanism (interlock) ever worked is unknown
- no advance notice of the lid function is required since if
it fails, the lid must remain locked and opened only with the
manufacturer's supplied instructions (written on the washer).

C - CONCLUSIONS

   It is my Professional Engineering Opinion that the accident
washing machine was unsafe, hazardous and deficient in its
design, manufacturing, and quality control/inspection procedures.
The major safety device - the interlock mechanism to keep the
top lid closed during the spin cycle, malfunctioned or never
functioned.

   The manufacturers quality control/inspection procedures
of the lid mechanism are not known.  Every lid locking system
should be tested.  The lid/lock inspection and testing procedures
by the manufacturer is unknown and was not provided.  Every
washing machine that goes out the door must be checked for this
critical safety feature.

)

DEF 000863



3/99

20"
36"
~36'
8½"
17"
27"

① D/A
11/25/98 ~ 150pm
(used until fire)
② D/Fire/Smok
5/10/99 — not used
(smoke in washer)   since

Rec'd as gift — 12/5/
Hooked up ~ 12/12/ by
Perry-ex Husband

① after spin- take 30/40sec to come to stop-?
② Serial # XC4279883P

yde· ① Load clothes — set for time — pull out knob
② Add detergent — water into washer
③ Rinse/add 3/4 minutes -? — Soapwater
④ Agge rinse/— clear water
spin — 3-4 times
⑤ Final spin ← until washed her

① Fill w/ water
② agg rinse
③ 1st spin
④ Refill and clean water
⑤ 2nd/Final spin
⑥ Dry wash in Dryer

Model #
① FWX445LBSWH

Serial #
② XC4279883I

③ "Frigidaire"

④ Delivery → 2/9/95

FENDANT'S
EXHIBIT

# ⊠ Electrolux

### Investigation Report

Claimant: Cathy and Christopher Montell

Inspection Date: February 17, 2004

This report is based on my inspection of the washer at the Montell residence in Nassau County, New York.

The model number of the machine was FWX445LBS0, serial number is XC42798831. The machine was manufactured during the 6th month of 1994.

The washer was located in a corner of the garage. The lid was not on the washer at the time of my inspection. The hinge pins were broken from the lid and were not with the lid or washer. The lid striker was on the lid and was in good shape. The lid lock assembly was mounted on the top panel where it should be and outward signs showed it to be in good shape also.

I tried to operate the washer but I felt the motor or transmission bearing must have been ceased from lack of use and in a high moisture area for a long period of time. I did not try to force the machine to work. I did however use an ohm meter to test the circuits in the washing machine. The ohm meter testing told me that the lid lock worked properly. With the lid open there was no continuity in the lid lock so the machine would not go into spin. Putting the lid on the machine and using the ohm meter, then there was continuity and the machine would have gone into spin. There was a report of a fire in the machine sometime after the accident. I could not see any signs of a fire. Some times a belt will smoke a little causing a smell of fire. Examining the washer reviled that the machine was in fairly good shape for a machine that is ten years old and was subject to outside weather conditions.

The machine as designed will not spin with the lid open. With my knowledge and experience of the wiring schematic, lid lock, machine testing and machine operation, I can say that the machine would not have spun with the lid open if it had been operable when I examined it. If the lid was attached properly at the time of the accident, it is my opinion that this accident to infant plaintiff could not and did not happen as has been alleged.

Respectively submitted,

*Fred J. Pauk* 6/22/04

Fred J. Pauk
Manager Product Safety and Compliance
Electrolux Home Products

**ELECTROLUX HOME PRODUCTS NORTH AMERICA**

| MAILING ADDRESS | OFFICE ADDRESS | TELEPHONE | SITE |
|---|---|---|---|
| 400 Des Moines Street | 400 Des Moines Street | 515 832 5334 | www.frigidaire.com |
| Webster City, Iowa 50595 | Webster City, Iowa 50595 | FAX | www.poulan.com |
| USA | USA | 515 832 6988 | www.weedeater.com |

FRIGIDAIRE   *TAPPAN*   W   Gibson

DEF 000865

1                                                          1

2       UNITED STATES DISTRICT COURT
        EASTERN DISTRICT OF NEW YORK
3       CENTRAL ISLIP
        ------------------------------------------X
4
        CATHY MONTELL, as the Mother and Natural
5       Guardian of CHRISTOPHER MONTELL, an infant
        under fourteen (14) years of age, CATHY
6       MONTELL, Individually,

7                                        Plaintiffs,

8              -against-

9       ELECTROLUX HOME PRODUCTS, INC.,

10                                       Defendant.
        ------------------------------------------X
11
                                    March 8, 2004
12                                  2:36 P.M.

13                                  350 Old Country Road
                                    Garden City, New York
14

15

16                       EXAMINATION BEFORE TRIAL of

17           the Defendant, ELECTROLUX HOME

18       PRODUCTS, INC., by FRED PAUK.

19

20

21

22                       TOMMER REPORTING, INC.
                         192 Lexington Avenue
23                             Suite 802
                       New York, New York 10016
24                         (212) 684-2448
                           Ref: T10175C
25

DEF 000866

1                                                          2

2        A P P E A R A N C E S :

3

4        DELL & LITTLE, LLP
               Attorneys for Plaintiffs
5              350 Old Country Road, Suite 105
               Garden City, New York 11530
6
         BY:    JOSEPH G. DELL, ESQ.
7

8

9        BOEGGEMAN, GEORGE, HODGES & CORDE, P.C.
               Attorneys for Defendant
10             ELECTROLUX HOME PRODUCTS, INC.
               11 Martine Avenue
11             White Plains, New York 10606

12       BY:    PAUL E. SVENSSON, ESQ.

13

14            **              **              **

15

16

17

18

19

20

21

22

23

24

25

            TOMMER REPORTING, INC. (212) 684-2448

DEF 000867

3

<u>S T I P U L A T I O N S</u>

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the respective parties herein, that the filing and sealing be and the same are hereby waived.

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to the form of the question, shall be reserved to the time of the trial.

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be sworn to and signed before any officer authorized to administer an oath, with the same force and effect as if signed and sworn to before the Court.

**       **       **

TOMMER REPORTING, INC. (212) 684-2448

DEF 000868

4

1

2    F R E D    P A U K,

3         called as a witness, having been first

4         duly sworn, was examined and testified

5         as follows:

6   EXAMINATION BY

7   MR. DELL:

8         Q.    State your name for the record,

9   please.

10        A.    Fred Pauk.

11        Q.    Your address, please?

12        A.    400 Des Moines Street, Webster

13  City, Iowa 50595-1407.

14        Q.    How are you doing, sir?

15        A.    I'm good, thank you.

16        Q.    My name is Joe Dell. We met once

17  before this at the inspection of the washing

18  machine in Bayville some several weeks ago.

19  I'm going to ask you questions this afternoon

20  that have to do with this Frigidare washing

21  machine.  If there's anything I ask you you

22  don't understand, let me know, I'll rephrase

23  the question.

24        If you want to take a break at any

25  time, let me know and we'll take a break.  As

DEF 000869

5

FRED PAUK

1
2   a courtesy to the court reporter, everything

3   I ask you will be verbal.  You have to wait

4   till I finish and then respond verbally,

5   okay?

6         A.     Okay.

7         Q.     Are you currently employed?

8         A.     Yes, sir.

9         Q.     By whom?

10        A.     By Electrolux Home Products.

11        Q.     How long have you been employed

12  by that employer?

13        A.     Well, Electrolux bought

14  Frigidare in 1987, I believe, and I had

15  started with Frigidare in 1985.

16        Q.     Prior to working for Frigidare

17  in 1985 who did you work for?

18        A.     I went to school for two years

19  and before that I worked in a meat packing

20  plant.

21        Q.     The school you went to for two

22  years, what was that in?

23        A.     That was industrial electronics

24  and electrical class.

25        Q.     When you went to work for

DEF 000870

6

1                         FRED PAUK

2    Frigidare, what type of work did you do

3    there?

4          A.      I started in the test and

5    evaluation lab.

6          Q.      The test and evaluation lab is

7    that where they test finished products,

8    component parts or something else?

9          A.      Those days we did all of it

10   there.  So a component or a finished product,

11   yes.

12         Q.      Would the products, would the

13   components be tested to failure or some other

14   method?

15         A.      Some were tested to failure,

16   some were tested to what they call life, so

17   many cycles.

18         Q.      In your current employment with

19   Electrolux Home Products, do you work in a

20   particular division?

21         A.      I just work in the laundry

22   division, yes.

23         Q.      The Frigidare model washer

24   that's involved in Christopher Montell's

25   case, are you familiar with that washer?

               TOMMER REPORTING, INC. (212) 684-2448

7

```
1                      FRED PAUK
2         A.    Yes, I am.
3         Q.    Do you know when Frigidare first
4    came out with the model washer that's
5    involved in this case?
6         A.    Not right off the top of my
7    head, no.
8         Q.    The one that's involved in
9    Christopher Montell's incident, do you know
10   when that was manufactured?
11        A.    That was what I thought you just
12   asked me.
13        Q.    Oh, okay.
14        A.    I probably could find those
15   records, but I don't know exactly when it
16   started.
17        Q.    The previous question was do you
18   know when that model came out.  Do you know
19   if it came out in the '70s, '80s, '90s?
20        A.    You're talking about that
21   design?
22        Q.    Yes, that design, sure.
23        A.    I'm sorry, that design came out
24   in 1989.
25        Q.    That washer has a lid lock?
```

TOMMER REPORTING, INC. (212) 684-2448

DEF 000872

8

FRED PAUK

1

2        A.     That's true.

3        Q.     Who manufactures the lid lock?

4        A.     US Controls.

5        Q.     Who is US Controls?

6        A.     They're a supplier of ours that

7    I don't know what all they supply, but

8    they're electrical type supplier.

9        Q.     They're an electrical component

10   parts supplier to Frigidare?

11       A.     That's correct.

12       Q.     Do you know when lid locks were

13   first utilized by Frigidare on their washing

14   machines?

15       A.     I've not been able to pin it

16   down exactly, but it was in the mid, mid '70s

17   some place.

18       Q.     Does Frigidare still make the

19   model washing machine involved in Christopher

20   Montell's accident?

21       A.     Model number, no.

22       Q.     Same design?

23       A.     Same design, yes.

24       Q.     Same type of lid lock?

25       A.     Yes.

DEF 000873

9

1                          FRED PAUK

2              Q.     Do you know where US Controls is

3       located?

4              A.     I want to say Berlin, Wisconsin,

5       but I'm not sure, and I think they've changed

6       names since then or been bought out by

7       somebody, but I really don't know.

8              Q.     If we left a space in the

9       transcript, would you back at your office

10      have the information available to write in

11      the information on US Controls?

12             A.     Yes.

13             Q.     Okay, we would just ask that you

14      do that with your attorney's direction.

15             A.     Um-hmm.

16      *_____

17             Q.     The model that was involved in

18      Christopher's Montell's incident, do you know

19      if there were any alternative lid locks for

20      that model?

21             A.     No.

22             Q.     Do you have an understanding of

23      how that lid lock works?

24             A.     Yes, I do.

25             Q.     Can you tell me what is that?

TOMMER REPORTING, INC. (212) 684-2448

DEF 000874

10

1         FRED PAUK

2         A.    The lid lock senses, well, first

3    it's an on/off switch and it senses when it's

4    closed.  Then, the current flows through a

5    bimetal piece which curves and sends over the

6    locking device that goes into the striker,

7    and then the current continues onto the motor

8    once the motor stops or you shut the machine

9    off or it ends the cycle, then it cools back

10   off and the bimetal cools off and then locks.

11        Q.    Approximately how long does it

12   take after the cycle ends to cool off?

13        A.    Around about a minute.  Some

14   longer, some shorter, and it depends on the

15   ambient air temperature around and things

16   like that.

17        Q.    At the moment the cycle's off

18   the agitator still spins?

19        A.    Yes, the agitator will be

20   spinning.

21        Q.    Is it spinning based on its own

22   centrifugal force or is it spinning because

23   it has electrical current or something else?

24        A.    No, once the electricity stops

25   its spinning just for centrifugal force.

TOMMER REPORTING, INC. (212) 684-2448

DEF 000875

11

1              FRED PAUK

2          Q.     Prior to inspecting the washing

3    machine did anyone advise you as to how

4    Christopher Montell claims his accident

5    occurred?

6          A.     No, not really.  I just got a

7    claim that there was a claim out here in New

8    York to come and inspect the washing machine.

9          Q.     Do you have a current

10   understanding of how that accident is alleged

11   to have occurred?

12         A.     From listening today.

13         Q.     From having listened do you have

14   an understanding as to how that could happen?

15              MR. SVENSSON:  That requires an

16         expert opinion perhaps.

17              MR. DELL:  He's not being

18         produced as an expert I take it, just

19         a fact witness?

20              MR. SVENSSON:  Well, we'll go

21         off the record for a second.

22              (Whereupon, an informal

23         discussion was held off the record)

24   BY MR. DELL:

25         Q.     You have a file in front of you

DEF 000876

12

1              FRED PAUK

2    today?

3              A.    Yes, I do.

4              Q.    Is that a file you prepared with

5    regard to the Montell case?

6              A.    Yes, it is.

7              MR. DELL:  Why don't we have it

8              marked.  We'll mark the file as

9              Plaintiffs' 1.

10             (Whereupon, the Electrolux Home

11             Products file was received and marked

12             as Plaintiffs' Exhibit 1 for

13             identification, as of this date.)

14             Q.    Just so the record's clear,

15    we've marked the file that you prepared with

16    regard to the Montell case as Plaintiffs'

17    Exhibit 1 for identification.  Your attorney

18    will take a look at it so there's nothing

19    privileged in it.

20             MR. DELL:  And just so the

21             record's clear, this witness is being

22             produced as a fact witness pertaining

23             to this case, not an expert witness.

24             Q.    Do you have an understanding as

25    to whether or not it's possible to open the

TOMMER REPORTING, INC. (212) 684-2448

DEF 000877

13

1                         FRED PAUK

2      lid while the spin cycle is still engaged?

3              A.    No, it's not.

4              Q.    Does the model involved in this

5      case have any warning on it, on the machine

6      itself that would alert the user that you

7      shouldn't open the lid when it's in a spin

8      cycle?

9              A.    You can't open the lid when it's

10     in spin cycle.

11             Q.    Are there any warnings on the

12     machine itself with regard to its use or

13     operation?

14             A.    Yes, inside the lid.

15             Q.    Are there any on the outside of

16     the lid?

17             A.    There are probably some on the

18     back, some warnings on the back of the

19     console.

20             Q.    Back of the machine itself?

21             A.    That's right.

22             Q.    That portion of the machine

23     would be facing the wall generally?

24             A.    That's correct.

25             Q.    Does the machine, the one

DEF 000878

14

                    FRED PAUK

1

2      involved in this case, operate with the lid

3      open?

4              A.    It will agitate with the lid

5      open, but will not spin.

6              Q.    The agitator, when the agitator

7      is engaged, does it make three hundred degree

8      spins, does it do something else?

9              A.    No, it oscillates.  It goes back

10     and forth.

11             Q.    Does not make full rotations?

12             A.    That's correct.

13             Q.    And it will do that with the lid

14     open?

15             A.    That's correct.

16             Q.    At that moment those warnings

17     are visible?

18             A.    With the lid open, yes.

19             Q.    The control to turn on and off

20     the washing machine, where are they located?

21             A.    On the back, along the back of

22     the machine.

23             Q.    If the lid's open, can you reach

24     those?

25             A.    You can kind of reach around

           TOMMER REPORTING, INC. (212) 684-2448

DEF 000879

15

1                          FRED PAUK

2       them, but yes.  I mean, no, they're not.  The

3       lid covers them basically.

4                   Q.     Other than those controls are

5       there any other controls like a kill switch

6       that are within reaching distance with the

7       lid up?

8                   A.     No.

9                   Q.     Does the agitator or the basket

10      have any type of brake?

11                  A.     No, it does not.

12                  Q.     How is it that the agitator or

13      basket stops spinning after a spin cycle?

14                  A.     It just comes to a rest.

15                  Q.     Just naturally winds down?

16                  A.     That's correct.

17                  Q.     Were you ever present when

18      Frigidare tested the lid lock?

19                  A.     I tested the first lid locks.

20                  Q.     These particular lid locks?

21                  A.     Yes.

22                  Q.     You tested them at Frigidare?

23                  A.     That's correct.

24                  Q.     Were they tested for life,

25      number of cycles or were they tested to

DEF 000880

16

1                         FRED PAUK

2      failure?

3                   A.    All three.

4                   Q.    So, life, cycles and failure?

5                   A.    That's correct.

6                   Q.    Did Electrolux keep records at

7      the time of those tests?

8                   A.    Yeah, at the time they did.

9                   Q.    Do you still have them?

10                  A.    No, I'm sorry, they're long

11     gone.  That was '87, so they'd be long gone.

12     Actually I correct that, it was '86.

13                  Q.    Does Frigidare or Electrolux

14     currently have any of the test results of the

15     lid lock, the one involved in this case?

16                  A.    No.

17                  Q.    Those have all been discarded?

18                  A.    Yes.

19                  Q.    Have you ever testified for

20     Electrolux or Frigidare before?

21                  A.    Yes, I have.

22                  Q.    How many times?

23                  A.    Five.

24                  Q.    Did they involve the same

25     washing machine that's involved in this case

TOMMER REPORTING, INC. (212) 684-2448

DEF 000881

17

1                          FRED PAUK

2      or different ones?

3              A.      Not the same washing machine,

4      not always washing machines.

5              Q.      How many of them were washing

6      machines?

7              A.      Well, let me think here.

8      Actually, I don't believe I've been to court

9      with a washing machine before.

10             Q.      Have you ever been to a

11     deposition like we're doing right now?

12             A.      Yes.

13             Q.      How many times?

14             A.      Two I think.

15             Q.      Either one involve washing

16     machines?

17             A.      Yes, both of them.

18             Q.      Either one involve this type of

19     washing machine?

20             A.      This model, no.

21             Q.      Either one of them involve lid

22     locks?

23             A.      Yes.

24             Q.      We'll just leave a space in the

25     transcript.


            TOMMER REPORTING, INC. (212) 684-2448

18

1                    FRED PAUK

2              MR. DELL:  We just call for the

3         caption and index or docket number of

4         those cases and the copy of the

5         transcript.

6              MR. SVENSSON:  That request you

7         should put in writing.

8              MR. DELL:  We will.

9    * _____

10             A.   Wait a minute.  We're talking

11   about depositions, right?

12             Q.   Just depositions, yes.

13             A.   'Cause I don't think I've ever

14   been to trial.  I might be wrong.  I might

15   only have one.

16             Q.   That's okay.

17             Did you examine the washing machine

18   that's involved in this case?

19             A.   Yes, I did.

20             Q.   Do you remember the date that

21   you did that?

22             A.   No, it was about two weeks ago.

23             Q.   I was present?

24             A.   That's correct.

25             Q.   Your attorney was present?

TOMMER REPORTING, INC. (212) 684-2448

DEF 000883

19

                              FRED PAUK

1

2          A.      That's correct.

3          Q.      Christopher was there for a

4    little bit of it?

5          A.      Yeah, I seen him go

6    skateboarding down the road.

7          Q.      His brothers were there, some of

8    them?

9          A.      Yes.

10         Q.      Did you take any notes when you

11   did that inspection?

12         A.      No, I didn't.

13         Q.      Did you take photographs?

14         A.      Yes.

15         Q.      Do you have a copy of those

16   photographs?

17         A.      Not with me.

18                 MR. DELL:  We'll call for the

19                 production of photographs and

20                 follow-up in writing.

21         Q.      Did you issue any written

22   reports to anyone after it?

23         A.      No, I have not.

24         Q.      Did you make any verbal reports

25   to anyone after it?

DEF 000884

20

1                           FRED PAUK

2          A.     Just what Paul and I talked

3    about on the way back here I guess.

4                MR. SVENSSON:  For the record

5                we'll note that it was February 17th,

6                2004.

7                MR. DELL:  I know it was cold

8                'cause I was waiting for you guys out

9                there.  My feet were getting cold.

10         Q.     There are particular warnings

11   listed in the owner's guide on Pages 3 and 4;

12   is that correct?

13         A.     That's correct.

14         Q.     Are those warnings listed on the

15   machine itself?

16         A.     No, they are not.

17         Q.     The owner's guide, is that

18   designed to be attached to the machine or

19   kept separate from the machine?

20         A.     I guess it's kept separate.  I

21   don't know what you mean by attached.  Glued

22   to the machine, no.

23         Q.     Is there any plastic pouch

24   either connected to the machine or tethered

25   to it by the cord so the operator's guide or

DEF 000885

21

```
 1                    FRED PAUK
 2    manual can be left with the machine?
 3            A.    No.
 4                  MR. DELL:  I'm done, that's it.
 5    EXAMINATION BY
 6    MR. SVENSSON:
 7            Q.    Mr. Pauk, I'm going to draw your
 8    attention to Plaintiffs' Exhibit 1, that was
 9    the packet of information that plaintiff's
10    attorney marked earlier today.  Included in
11    Plaintiffs' Exhibit 1 are these materials
12    that you took from the files?
13            A.    Yes.
14            Q.    The files that are maintained at
15    Electrolux?
16            A.    That's correct.
17            Q.    Did you find an owner's guide in
18    the files?
19            A.    Yes, I do.
20            Q.    Can you show us that owner's
21    guide?
22            A.    Yes (handing).
23            Q.    I don't want to mark the one
24    clean copy you have.  I'll just show you
25    what's been marked as Defendants' Exhibit D
```

TOMMER REPORTING, INC. (212) 684-2448

DEF 000886

1          FRED PAUK

2     and ask you if Defendants' Exhibit D is

3     substantially identical to the owner's guide

4     that you took out of the file?  So, you have

5     to go through them page by page.

6          A.    Yes, it's the same.

7          Q.    Okay, thank you. Now, how can

8     you be sure that this owner's guide was

9     prepared or issued for the washing machine in

10    question here today?

11         A.    Well, it has our pack number

12    down on the bottom of it and it was

13    manufactured or put together in the 12th

14    month of 1993, and this machine, I believe,

15    was built in 1994, and this is a Frigidare

16    machine.  Other than that it's the owner's

17    guide that we send out with Frigidare's

18    machines.

19         Q.    Is it routine business practice

20    for Frigidare to send out an owner's guide

21    with all of its machines?

22         A.    Yes.

23         Q.    Did the owner's guide include

24    operating instructions for the consumer?

25         A.    Operating instructions come on a

DEF 000887

23

FRED PAUK

1
2      different card, and they're also in this
3      file.  There are probably some operating
4      instructions in there and there are some
5      laundry tips, so on and so forth, but the
6      pure operating instructions we put on a
7      different sheet of paper.
8            Q.    If I showed you Defendants'
9      Exhibit D, would that be the operating
10     instructions that you're referring to?
11           A.    Yes, it is.
12           Q.    Did the owner's guide include
13     warnings for the consumer?
14           A.    Yes, the owner's guide does,
15     yes.
16           Q.    Are those the warnings that
17     plaintiff's attorney referred to earlier on
18     Pages 3 and 4?
19           A.    That's correct.
20           Q.    I'm going to also show you
21     what's been marked previously as Defendants'
22     Exhibit A. Can you identify what that's a
23     photograph of?
24           A.    I believe it's the washing
25     operating instructions that are painted in

TOMMER REPORTING, INC. (212) 684-2448

DEF 000888

24

1                         FRED PAUK

2      the lid.  I'll just check them against my

3      print here.  Yes, that's the same

4      instructions.

5              Q.    You're referring to Exhibit A

6      being the instructions that are on the inside

7      lid of the washing machine?

8              A.    That's correct.

9                   MR. SVENSSON:  Okay, thank you.

10                  (Time noted:  3:01 P.M.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

TOMMER REPORTING, INC. (212) 684-2448

DEF 000889

25

1

2            A C K N O W L E D G E M E N T

3

4      STATE OF NEW YORK   )
                           )  ss.:
5      COUNTY OF NEW YORK  )

6

7            I, FRED PAUK, hereby certify that I

8      have read the transcript of my testimony

9      taken under oath in my deposition of the 8th

10     day of March, 2004.

11           That the transcript is a true,

12     complete and correct record of what was

13     asked, answered and said during this

14     deposition, and that the answers on the

15     record as given by me are true and correct.

16

17                        _____

18                             FRED PAUK

19

20     Signed and subscribed to

21     before me this       day

22     of              , 2004.

23

24     _____

25     Notary Public


            TOMMER REPORTING, INC. (212) 684-2448

DEF 000890

26

1

2                              INDEX

3       EXAMINATION BY                         PAGE

4       Mr. Dell                                 4

5       Mr. Svensson                            21

6

7                            EXHIBITS

8       PLF'S          DESCRIPTION              PAGE

9       1              Electrolux Home Products
                       file regarding Christopher
10                     Montell                  12

11

12                           REQUESTS

13      PG-LN   DESCRIPTION

14       9-16   Insert the information regarding
                where US Controls is located.
15
        18- 9   Produce the caption or docket
16              number of Electrolux washing machine
                cases involving lid locks and
17              copies of the transcripts.

18      19-18   Produce a copy of the photographs
                taken by Mr. Pauk.
19

20

21

22

23

24

25


              TOMMER REPORTING, INC. (212) 684-2448


                                            DEF 000891

31

1

2                    C E R T I F I C A T E

3

4              I, REGINA TOPPINS, hereby

5      certify that the Examination of FRED PAUK was

6      held before me on March 8, 2004;

7                    That said witness was duly sworn

8      before the commencement of the testimony;

9                    That the within testimony was

10     stenographically recorded by myself, and is

11     an accurate record of the Examination of said

12     witness;

13                   That the parties herein were

14     represented by counsel as stated herein;

15                   That I am not related to any of

16     the parties, in the employ of any of the

17     counsel, nor interested in the outcome of

18     this matter.

19                   IN WITNESS WHEREOF, I have

20     hereunto set my hand this 8th day of March,

21     2004.

22

23                   _Regina Toppins_

24                   REGINA TOPPINS

25

          TOMMER REPORTING, INC. (212) 684-2448

DEF 000896