# ⟨⟩ Electrolux

May 10, 2004

Mr. George Hodges, Esq.
Boeggeman, George, Hodges & Corde, P.C.
11 Martine Avenue, Suite 920
White Plains, N.Y.  10606-1934

Re:     **Montell v. Electrolux**
        **Your File NO.: 089-093 GSH**

Dear Mr. Hodges:

I am returning my depositions.  I have signed and had the last page notarized.

There are some changes which should be made, they are:

Page 9, US Controls has been purchased by a company called ARK-LES.
Page 10, Line 10, "locks" should be "unlocks"
Page 17, Line 14, I have been deposed about 15 times, 2 were on lid lock cases.
Page 22, Line 11 "pack" should be "part".

Please feel free to give me a call at any time.

Sincerely,

Fred J. Pauk
Manager, Product Safety and Compliance
Electrox Home Products
fred.pauk@electrolux.com
(515) 832-7424

**ELECTROLUX HOME PRODUCTS NORTH AMERICA**

| MAILING ADDRESS | OFFICE ADDRESS | TELEPHONE | SITE |
| --- | --- | --- | --- |
| 400 Des Moines Street | 400 Des Moines Street | 515 832 5334 | www.frigidaire.com |
| Webster City, Iowa 50595 | Webster City, Iowa 50595 | FAX | www.poulan.com |
| USA | USA | 515 832 6988 | www.weedeater.com |

DEF 000897

## Closing Litigation Status Report

*LeBlanc, Paul on behalf of Randy LeBlanc v. White Consolidated Industries, Inc.*

**RM0705**

**Division / Location:** EHP / Webster City, IA

**Assigned to:** HEB

**Date of Loss:** 05/10/98

**Docket Number:** 125381

**Amount of Suit:**

**Indemnity Reserves:**

**Expense Reserves:** $ **Redacted**

**Total Expenses:**

           **Redacted**

**Claim Number:** 05608/0

**Date Closed:** 07/12/01

**Date Complaint Filed:** 04/26/99

**Court:** 32nd Judicial District

**Place:** LA

Equinox / 10000.817003

**Product Information:**

**Product:** Washer

**Model #:** TWX233RBWI

**Serial #:** XC51443401

**WCI Counsel:**

   Jones, Walker, Waechter, Poitevent, Carrere & De
Place St. Charles

   201 St. Charles Avenue

   New Orleans  LA   70170-5100

   504 582-8144

**Opposing Counsel:**

MCC RECORDS MANAGEMENT
Co: *19*          Box# *8964*
CTRL# *96185* Loc: *13-14-12*

### Facts / Result

   16 year old put arm into moving washer.

DEF 000828

## Closing Litigation Status Report

| | |
|---|---|
| 10/23/1999 | Discovery underway; lock appears to have failed. |
| 02/22/2000 | Plt. original counsel disbarred.  New counsel has entered. Need to reinspect with electrical eng. |
| 04/28/2000 | New counsel has withdrawn. |
| 06/05/2000 | Counsel has been ordered to show cause why the case should not be dismissed. |
| 09/25/2000 | Court has placed on inactive docket.   Plt. must re-file within one year or we can move for dismissal. |
| 07/12/2001 | Dismissed 6/28/01. |

DEF 000829



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN 28 PM 4: 00
JUN 28 2001
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL A. LEBLANC, | * | Civil Action |
| ON BEHALF OF HIS MINOR CHILD, | | |
| RANDY LEBLANC | * | Docket No. 99-1431 |
| | | |
| versus | * | Section "K" |
| | | |
| WHITE CONSOLIDATED | * | Judge Duvall |
| INDUSTRIES, INC. AND | | |
| TAPPAN AND FRIGIDAIRE HOME | * | Magistrate Shushan |
| PRODUCTS | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes White Consolidated Industries,

Inc. ("White Consolidated"), which moves this Court to dismiss the captioned matter for the

following reasons:

1.

On June 22, 2000, this Court entered an Order that this matter be statistically closed. The

order further provided that "in the event that there [was] no motion to re-open filed by the

N0689947.1

DATE OF ENTRY
JUN 1 1 2001

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc.No. 17

DEF 000830

appropriate party within one year [of the date of the order], the matter will be dismissed."

2.

Upon information and belief, no party has filed a motion to re-open this matter.

3.

Accordingly, White Consolidated respectfully moves this Court to dismiss the captioned matter against White Consolidated Industries, Inc., with prejudice.

WHEREFORE, for the above and foregoing reasons, defendant, White Consolidated Industries, Inc., hereby moves this Court to dismiss the captioned matter, with prejudice.

Respectfully submitted,

JOHN C. COMBE, JR., T.A. (#4377)
JOSEPH S. PIACUN (#25211)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
**Attorneys for Defendant**
**White Consolidated Industries, Inc.**

DEF 000831

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL A. LEBLANC, | * | Civil Action |
| ON BEHALF OF HIS MINOR CHILD, | | |
| RANDY LEBLANC | * | Docket No. 99-1431 |
| | * | Section "K" |
| versus | * | |
| | * | Judge Duvall |
| WHITE CONSOLIDATED | * | |
| INDUSTRIES, INC. AND | | |
| TAPPAN AND FRIGIDAIRE HOME | * | Magistrate Shushan |
| PRODUCTS | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**O R D E R**

Considering the foregoing Motion to Dismiss,

IT IS HEREBY ORDERED that the captioned matter be and the same is hereby dismissed,

with prejudice.

New Orleans, Louisiana, this 27th day of June, 2001.

_____

UNITED STATES DISTRICT JUDGE

N0689947.1

DEF 000832

AUG 25 2000 11:26 FR WCI  LEGAL DEPT    216 898 2940 TO 19147615211    P.06/21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

Index No.: 12452/00
Date Purchased: 8/2/00
SUMMONS

------------------------------------------------------X

SUZANEN ARNOLD,

            Plaintiff,

    -against-

JOHN J. SCHMITTAU, MARY JANE SCHMITTAU,
RICHMOND DISCOUNT APPLIANCE SALES COPR.,
WHITE CONSOLIDATED INDUSTRIES AND
FRIGIDAIRE HOME PRODUCTS

            Defendants.

------------------------------------------------------X

Plaintiff designates
RICHMOND County as the
place of trial.

The basis of venue is:
plaintiff's residence

Plaintiff resides at:
444 Bradford Avenue
Staten Island, NY 10307

County of Richmond

To the above named Defendant(s):

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of appearance
on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the
day of service, where service is made by delivery upon you personally within the state, or, within
30 days after completion of service where service is made in any other manner.  In case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
in the complaint.

Dated:      Staten Island, New York

                                    *[signature]*
                                 ANTHONY L. GALANTE
                                 AMEDURI, GALANTE & FRISCIA
                                 Attorneys for Plaintiff(s)
                                 471 Bement Avenue
                                 Staten Island, New York 10310
                                 (718) 442-9000
                                 Our File No. 1534

TO:    JOHN J. SCHMITTAU
       73 Bedell Avenue
       Staten Island, NY 10307

       MARY JANE SCHMITTAU
       73 Bedell Avenue
       Staten Island, NY 10307

       WHITE CONSOLIDATED INDUSTRIES, INC.

RECEIVED COURT DFSK.
00 AUG -2 PM 4:09
RICHMOND COUNTY CLERK

AMEDURI
GALANTE
& AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9000

Redacted

DEF 000833

P.O. Box 35920
Cleveland, Ohio 44135

RICHMOND DISCOUNT APPLIANCE SALES, CORP.
6308 Amboy Road
Staten Island, NY 10309

FRIGIDARE
P.O. Box 7190
Dublin, Oh 43017-0790

AMEDURI,
GALANTE
& AND FRISCIA
M Attorneys At Law
411 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9008

2

DEF 000834

AUG 25 2000 11:27 FR WCI LEGAL DEPT    216 898 2048 TO 919147615211    P.08/21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-------------------------------------------------------X

SUZANEN ARNOLD,

        Plaintiff,

       -against-

JOHN J. SCHMITTAU, MARY JANE SCHMITTAU,
RICHMOND DISCOUNT APPLIANCE SALES COPR.,
WHITE CONSOLIDATED INDUSTRIES AND
FRIGIDAIRE HOME PRODUCTS

        Defendants.

-------------------------------------------------------X

Index No.: 12452/00

Date Purchased: 8/2/00

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **AMEDURI, GALANTE & FRISCIA**, complaining of the Defendant, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF SUZANNE ARNOLD

1. At all times herein mentioned, Plaintiff **SUZANNE ARNOLD**, was, and still is, a resident of the County of Richmond, State of New York.

2. Upon information and belief, at all times herein mentioned, Defendant, **JOHN J. SCHMITTAU**, was, and still is, a resident of the County of Richmond, State of New York.

3. Upon information and belief, at all times herein mentioned, Defendant, **MARY JANE SCHMITTAU**, was, and still is, a resident of the County of Richmond, State of New York.

4. Upon information and belief, at all times herein mentioned, Defendant **RICHMOND DISCOUNT APPLIANCE SALES CORP.** (hereinafter referred to as "**RICHMOND**") was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the

Redacted

AMEDURI,
GALANTE
& FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 445-0000

3

DEF 000835

State of New York.

5. Upon information and belief, that at all times herein mentioned, Defendant **WHITE CONSOLIDATED INDUSTRIES** (hereinafter referred to as "WHITE") was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, that at all times herein mentioned, Defendant **FRIGIDAIRE HOME PRODUCTS** (hereinafter referred to as "FRIGIDAIRE") was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, that at all times herein mentioned, Defendant **RICHMOND** was and still is a foreign corporation, duly authorized to do business in the State of New York.

8. Upon information and belief, that at all times herein mentioned, Defendant **WHITE** was and still is a foreign corporation, duly authorized to do business in the State of New York.

9. Upon information and belief, that at all times herein mentioned, Defendant **FRIGIDAIRE** was and still is a foreign corporation, duly authorized to do business in the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, defendant, **RICHMOND**, was and still is an un-authorized foreign corporation.

11. Upon information and belief, at all times hereinafter mentioned, defendant, **WHITE** was and still is an un-authorized foreign corporation.

12. Upon information and belief, at all times hereinafter mentioned, defendant,

Redacted

GALANTI
F AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9000

4

FRIGIDAIRE was and still is an un-authorized foreign corporation.

13. That the defendant, JOHN J. SCHMITTAU owned the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

14. That the defendant, MARY JANE SCHMITTAU owned the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

15. That the defendant, JOHN J. SCHMITTAU operated the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

16. That the defendant, MARY JANE SCHMITTAU operated the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

17. That the defendant, JOHN J. SCHMITTAU controlled the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

18. That the defendant, MARY JANE SCHMITTAU controlled the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

19. That the defendant, JOHN J. SCHMITTAU maintained the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

Redacted

AMEDURI
GALANTE
AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9000

5

20. That the defendant, **MARY JANE SCHMITTAU** maintained the premises and furnishings known as and by 444 Bradford Avenue, in the County of Richmond, City and State of New York.

21. That at all times herein mentioned, Defendant, **RICHMOND** maintained its principal place of business within the County of Richmond, State of New York.

22. That Defendant, **JOHN J. SCHMITTAU**, committed a tortious act within the State of New York.

23. That Defendant, **MARY JANE SCHMITTAU**, committed a tortious act within the State of New York.

24. That Defendant, **RICHMOND**, committed a tortious act within the State of New York.

25. That Defendant, **WHITE**, committed a tortious act within the State of New York.

26. That Defendant, **FRIGIDAIRE**, committed a tortious act within the State of New York.

27. That at all times hereinafter mentioned it was the duty of the defendant, **JOHN J. SCHMITTAU** to keep the aforesaid premises and furnishings in a safe, reasonable condition.

28. That at all times hereinafter mentioned it was the duty of the defendant, **MARY JANE SCHMITTAU** to keep the aforesaid premises and furnishings in a safe, reasonable condition.

29. That Defendant, **RICHMOND**, regularly does, or solicits, business in the State of New York.

30. That Defendant, **WHITE**, regularly does, or solicits, business in the State of New York.

31. That Defendant, **FRIGIDAIRE**, regularly does, or solicits, business in the State of New York.

32. That Defendant **RICHMOND** received substantial revenue from goods used or

AMEDURI,
GALANTE
AND FRISCIA
Attorneys At Law
4?: BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9008

6

AUG 25 2000 11:28 FR WCI  LEGAL DEPT    216 898 2340 T  919147615211    P.12/21

consumed, or services rendered, in the State of New York.

33. That Defendant **WHITE** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

34. That Defendant **FRIGIDAIRE** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

35. That at all times herein mentioned the Defendant **RICHMOND** was in the business of manufacturing, distributing and selling washing machine for the purpose of sale and use to the general public.

36. That at all times herein mentioned the Defendant **WHITE** was in the business of manufacturing, distributing and selling washing machine for the purpose of sale and use to the general public.

37. That at all times herein mentioned the Defendant **FRIGIDAIRE** was in the business of manufacturing, distributing and selling washing machine for the purpose of sale and use to the general public.

38. That the Defendant, **RICHMOND** manufactured, produced, distributed and sold a certain product called "Frigidaire 8 cycle, Flex Care, Model #FWX233RESI, Serial #XC74343732".

39. That the Defendant, **WHITE** manufactured, produced, distributed and sold a certain product called "Frigidaire 8 cycle, Flex Care, Model #FWX233RESI, Serial #XC74343732".

40. That the Defendant, **FRIGIDAIRE** manufactured, produced, distributed and sold a certain product called "Frigidaire 8 cycle, Flex Care, Model #FWX233RESI, Serial #XC74343732".

AMEDURI
GALANTE
AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-8000

7

DEF 000839

41. That at all times herein mentioned, and prior to May 21, 1999, the Defendant, RICHMOND, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

42. That at all times herein mentioned, and prior to May 21, 1999, the Defendant, WHITE, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

43. That at all times herein mentioned, and prior to May 21, 1999, the Defendant, FRIGIDAIRE, manufactured, sold, distributed and delivered to various retailers the above mentioned product.

44. That at all times herein mentioned, and prior to May 21, 1999 the defendant, JOHN J. SCHMITTAU purchased a certain product called "Frigidaire 8 cycle, Flex Care, Model #FWX233RESI, Serial #XC74343732".

45. That at all times herein mentioned, and prior to May 21, 1999 the defendant, MARY JANE SCHMITTAU purchased a certain product called "Frigidaire 8 cycle, Flex Care, Model #FWX233RESI, Serial #XC74343732".

46. That at all times hereinafter mentioned, on May 21, 1999 the Plaintiff, SUZANNE ARNOLD was at the premises of the Defendants MARY JANE SCHMITTAU and JOHN J. SCHMITTAU at the invitation of and/or with the knowledge, permission and consent of the Defendants, MARY JANE SCHMITTAU and JOHN J. SCHMITTAU.

47. That on May 21, 1999, Plaintiff SUZANNE ARNOLD used said product of Defendant, JOHN J. SCHMITTAU.

48. That on May 21, 1999, Plaintiff SUZANNE ARNOLD used said product of Defendant, MARY JANE SCHMITTAU.

8

DEF 000840

Redacted

49. On, before, and after the date of the incident, the Defendants owned, operated, maintained, managed, supervised, took care of, repaired, and had a duty to operate, manage, maintain, supervise, take care of, repair and place where, the instrumentalities by which the persons through which the aforesaid incident occurred.

50. That the Defendant **JOHN J. SCHMITTAU** expressly and/or impliedly warranted said product was fit for the purpose for which it was intended.

51. That the Defendant **MARY JANE SCHMITTAU** expressly and/or impliedly warranted said product was fit for the purpose for which it was intended.

52. That the Defendant **RICHMOND** expressly and/or impliedly warranted said product was fit for the purpose for which it was intended.

53. That the Defendant **WHITE** expressly and/or impliedly warranted said product was fit for the purpose for which it was intended.

54. That the Defendant **FRIGIDAIRE** expressly and/or impliedly warranted said product was fit for the purpose for which it was intended.

55. That the Defendant **JOHN J. SCHMITTAU** expressly and/or impliedly warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

56. That the Defendant **MARY JANE SCHMITTAU** expressly and/or impliedly warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

57. That the Defendant **RICHMOND** expressly and/or impliedly warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it

ANCOURI,
GALANTE
& AND FRISCIA
Attorneys At Law
471 DEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-8000

9

was good, safe and proper to use.

58. That the Defendant **WHITE** expressly and/or impliedly warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

59. That the Defendant **FRIGIDAIRE** expressly and/or impliedly warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

60. That the Defendant, **JOHN J. SCHMITTAU** impliedly warranted that the said product was of merchantable quality and was safe for use.

61. That the Defendant, **MARY JANE SCHMITTAU** impliedly warranted that the said product was of merchantable quality and was safe for use.

62. That the Defendant, **RICHMOND** impliedly warranted that the said product was of merchantable quality and was safe for use.

63. That the Defendant, **WHITE** impliedly warranted that the said product was of merchantable quality and was safe for use.

64. That the Defendant, **FRIGIDAIRE** impliedly warranted that the said product was of merchantable quality and was safe for use.

65. That the Defendant, **MARY JANE SCHMITTAU** requested that the plaintiff **SUZANNE ARNOLD** use the said product

66. That relying upon said warranties, Plaintiff proceeded to use the said product in accordance with its intended use.

67. That Defendant, **RICHMOND** warranted and labeled its product and provided certain

Redacted

AMBURI
GALANTE
AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-6000

10

DEF 000842

written instructions on said label in connection with the use of the product.

68. That Defendant, **WHITE** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

69. That Defendant, **FRIGIDAIRE** warranted and labeled its product and provided certain written instructions on said label in connection with the use of the product.

70. That on May 21, 1999 the Plaintiff while using the product in accordance with its intended use and pursuant to the written instructions set forth on the aforesaid label, was caused to suffer and sustain severe bodily injuries.

71. That the aforesaid accident was caused solely and wholly by reason that Defendant, **JOHN J. SCHMITTAU** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

72. That the aforesaid accident was caused solely and wholly by reason that Defendant, **MARY JANE SCHMITTAU** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

73. That the aforesaid accident was caused solely and wholly by reason that Defendant, **RICHMOND** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

74. That the aforesaid accident was caused solely and wholly by reason that Defendant, **WHITE** breached its warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

75. That the aforesaid accident was caused solely and wholly by reason that Defendant, **FRIGIDAIRE** breached its warranties of merchantability and fitness for intended use of the said

Redacted

GALANTE
AND FRISCIA
Attorneys At Law
471 FAYMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 448-0000

11

**DEF 000843**

AUG 25 2000 11:30 FR WCI  EGAL DEPT     216 898 2049 T · 119147615211     P.17/21

product which warranties were both express and implied.

76. That by reason of the foregoing, Plaintiff SUZANNE ARNOLD was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

77. That this action falls within one or more exception set forth in § 1602 of the CPLR.

78. That as a result of the foregoing, Plaintiff was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF SUZANNE ARNOLD

79. Plaintiff SUZANNE ARNOLD, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

80. That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff.

81. That on May 21, 1999, Plaintiff SUZANNE ARNOLD, used the product for the purpose and use normally intended.

82. That on May 21, 1999, while Plaintiff SUZANNE ARNOLD was using the said product, Frigidaire 8 cycle, Flex Care, Model #FWX233RESI, Serial #XC74343732 causing Plaintiff to suffer severe bodily injuries.

Redacted

AMEDURI,
GALANTE
AND PRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9000

12

AUG 25 2000 11:30 FR WCI EGAL DEPT    216 898 2340 T   919147615211    P.18/21

**Redacted**

83. That by reason of the foregoing, the Defendant, **JOHN J. SCHMITTAU**, his agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

84. That by reason of the foregoing, the Defendant, **MARY JANE SCHMITTAU**, his agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

85. That by reason of the foregoing, the Defendant, **RICHMOND**, his agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

86. That by reason of the foregoing, the Defendant, **WHITE**, his agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

87. That by reason of the foregoing, the Defendant, **FRIGIDAIRE**, his agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

88.

89. That by reason of the foregoing, Plaintiff **SUZANNE ARNOLD**, has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

AMEDURI,
GALANTE
& AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND,
NEW YORK 10310
718 442-8000

13

DEF 000845

**Redacted**

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF SUZANNE ARNOLD

90. Plaintiff SUZANNE ARNOLD, repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

91. That Plaintiff SUZANNE ARNOLD was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, RICHMOND, its agents, servants, employees and/or licensees in improperly and negligently manufacturing and producing said product for use by the general public; and in otherwise being careless and negligent.

92. That Plaintiff SUZANNE ARNOLD was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendant, WHITE, its agents, servants, employees and/or licensees in improperly and negligently manufacturing, producing and distributing said product for use by the general public; and in otherwise being careless and negligent.

93. That Plaintiff SUZANNE ARNOLD was caused to sustain those bodily injuries through no fault or carelessness of her own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants, FRIGIDAIRE, its agents, servants, employees and/or licensees in improperly and negligently manufacturing, producing and distributing said product for use by the general public; and in otherwise being careless and negligent.

94. That by reason of the foregoing, Plaintiff SUZANNE ARNOLD, has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AUSDURI,
GALANTE
F AND PRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-5000

14

DEF 000846

**WHEREFORE,** Plaintiff demands judgment against the Defendant herein in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, on the First Cause of Action; in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action, and in the sum of ONE MILLION ($1,000,000.00) DOLLARS on the Third Cause of Action, together with the costs and disbursements of this action.

Dated: Staten Island, New York

Yours, etc.

AMEDURI, GALANTE & FRISCIA
By
ANTHONY L. GALANTE
Attorneys for Plaintiff(s)
471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000
Our File No. 1534

AMEDURI,
GALANTE
AND FRISCIA
Attorneys At Law
471 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 442-9000

15

### PLAINTIFF'S VERIFICATION

STATE OF NEW YORK      }
                         } ss:
COUNTY OF RICHMOND    }

          SUZANNE ARNOLD, being duly sworn, says:

          I am a Plaintiff in the action herein:  I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

DATED:       Staten Island, New York

                                  *Suzanne Arnold*
                                  SUZANNE ARNOLD

Sworn to before me this
2Y day of July, 2000

*[signature]*
Notary Public

         JAMES A. DOLLARD
       Notary Public, State of New York
          No. 43-4828877
      Qualified in Richmond County
     Comm. Expires March 30, 2 08  2

AMEDURI,
GALANTE
AND FRISCIA
Attorneys At Law
421 BEMENT AVENUE
STATEN ISLAND
NEW YORK 10310
718 448-9000

16

DEF 000848

AUG 25 2000 11:26 FR WCI LEGAL DEPT    216 898 2040 T^ 9191476l52Il    P.04/2l

**State of New York - Department of State**
**Division of Corporations**

Party Served:                               Plaintiff/Petitioner:
WHITE CONSOLIDATED INDUSTRIES, INC.         ARNOLD, SUZANEN


WHITE AT WHITE CONSOLIDATED
INDUSTRIES, INC.
11770 BEREA RD.
LAKEWOOD CLEVELAND,  OH 44111


Dear Sir/Madam:
Enclosed herewith is a copy of SUMMONS AND VERIFIED COMPLAINT which was
served upon the Secretary of State on 08/10/2000 pursuant to SECTION 306 OF
THE BUSINESS CORPORATION LAW.  This copy is being transmitted pursuant to
such statute to the address provided for such purpose.


                              Very truly yours,
                              Division of Corporations

DEF 000849

AUG 25 2000 11:26 FR UCI LEGAL DEPT   216 898 2040 TO 919147615211   P.05/21

Index No. 124520

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

SUZANEN ARNOLD,

        Plaintiff,

  -against-

JOHN J. SCHMITTAU, MARY JANE SCHMITTAU, RICHMOND DISCOUNT APPLIANCE
SALES COPR., WHITE CONSOLIDATED INDUSTRIES AND FRIGIDAIRE HOME
PRODUCTS

        Defendants.

---

### SUMMONS and VERIFIED COMPLAINT

---

### AMEDURI, GALANTE & FRISCIA
*Attorneys for Plaintiff*
**471 Bement Avenue**
**Staten Island, New York 10310**
**(718)442-9000**

---

TO:

RICHMOND COUNTY CLERK
00 AUG -2 PM 4: 08
RECEIVED COURT OFSK

2000081000 /26

DEF 000850

# ⊞ Electrolux

November 17, 2003

Mr. George Maher
1004 Pennsylvania Ave.
Fort Pierce, FL  34950

RE:        **Product Liability Claim**
           **Loss Date:     5/18/01**

Dear Mr. Maher:

Per your phone call to our office, you asked that we review your claim again regarding a
Washing Machine.

As wee have previous stated, we will be unable to assist you with any settlement for
damages regarding this incident.  After reviewing the information that was submitted and
the testing that was completed on the washer, it has been determined that the washing
machine had been altered from its factory specifications.  Although this was an
unfortunate accident, we see no liability with this claim.

Sincerely,

Robin S. Levy
Claims Consultant

cc:      Fred Pauk

MAILING ADDRESS
P.O. BOX 35920
CLEVELAND, OH 44135-0920
USA

OFFICE ADDRESS
18013 CLEVELAND PARKWAY
SUITE 100
CLEVELAND, OH 44135

TELEPHONE
216 898 1800

FAX
216 898 2393

WEBSITE
www.electrolux.com

DEF 000898

September 19, 2002

Mr. George Maher
1004 Pennsylvania Avenue
Fort Pierce, FL 34950

RE:    Product Liability Claim
        Loss Date:   5/18/01

Dear Mr. Maher:

At your request, we have reconsidered our assessment of your claim relating to the injuries sustained on May 18, 2001, and have reviewed the facts and observations reported to us from our field engineer's evaluation at your home. Unfortunately, it is our finding that the washer in question has been altered from its factory specifications, such that the safety locking mechanism would not function as designed.

As a result, we regret that our position has not changed, and that we must continue to deny liability for your claim.

Sincerely,

Judy Hronek
Claims Consultant

April 17th, 2002

Electrolux
Ms. Judy Hronek, Claims Consultant
P.O. Box 35920
Cleveland, Ohio 44135-0920

Re: Product Liability Claim #Crawford & Co. 111-14154C
Fridgidaire Washer, model #FWX433RBS1, Serial #
XC44896865

Dear Ms. Hronek:

I have spent a considerable amount of time reviewing your short
letter of November 2, 2001. This is the one that although add-
dressed to me, contained the salutation "Dear Mr. Watson".

The purpose of this letter is to request you to re-open this
claim and re-investigate the facts. I have reviewed this time
and again, including the pictures taken by Mr. Prosser and the
comparison of the lid lock that he used for the pictures com-
pared to the one that was supplied with our machine. It appears
obvious that the "lock" that Mr. Prosser used had been significantly
upgraded in thickness and therefore in durability, not to mention that
my machine with the factory supplied "lock" opened without opposition
which resulted in my injuries. To date, the pain in the "stubs" of my
two fingers has subsided minimally and the prognosis is that it will
remain for years to come. It has greatly affected my computer
skills, a necessary part of my employment.

I feel that I am entitled to some type of settlement for pain and
suffering, the effect the injury has had on my employment and
enjoyment of life, to mention a few.

In closing I am willing to settle this claim in full for the
above mentioned pain and suffering and lingering effect this
injury has had on my life and livelihood. Your consideration

DEF 000900

of a $25,000. settlement will be appreciated.  My only other recourse will be litigation.  Should that be the end result, no one but the attorneys will benefit.

Very truly Yours,

George H. Maher
1004 Pennsylvania Avenue
Fort Pierce, Fl. 34950

Cc: Mr. Michael Treschow
Mr. Hans Straberg

DEF 000901

# ☒ Electrolux

January 5, 2004

Mrs. Jane Paulson
PAULSON LAW FIRM
1000 SW Broadway
Ste. 1660
Portland, OR  97205-3068

　　　　　　Re:　　　**Product Liability Claim**
　　　　　　　　　　　**Claimant:**　　Marie Marchais
　　　　　　　　　　　**Our Claim #:** 13560/0
　　　　　　　　　　　**DOL:**　　　　7/21/03

Dear Mrs. Paulson:

We have reviewed the information that was submitted and we have determined that we are not going to be liable for any damages resulting from this incident.

As you have stated, the owner of the machine replaced a piece and had thrown it away. This would be considered spoliation of evidence.  Although this was an unfortunate incident, we are unable to prove any liability and respectfully deny this claim.

Should you consider filing suit, please use CT Corporation to file your complaint.

Sincerely,

Robin S. Levy
Claims Consultant

| MAILING ADDRESS | OFFICE ADDRESS | TELEPHONE | WEBSITE |
|---|---|---|---|
| P.O. BOX 35920 | 18013 CLEVELAND PARKWAY | 216 898 1800 | www.electrolux.com |
| CLEVELAND, OH 44135-0920 | SUITE 100 | | |
| USA | CLEVELAND, OH 44135 | FAX | |
| | | 216 898 2393 | |

☒ The Electrolux Group. The world's No. 1 choice.

DEF  000903

January 5, 2004

Mrs. Jane Paulson
PAULSON LAW FIRM
1000 SW Broadway
Ste. 1660
Portland, OR  97205-3068

      Re:      **Product Liability Claim**
                **Claimant:   Marie Marchais**
                **Our Claim #: 13560/0**
                **DOL:       7/21/03**

Dear Mrs. Paulson:

We have reviewed the information that was submitted and we have determined that we are not going to be liable for any damages resulting from this incident.

As you have stated, the owner of the machine replaced a piece and had thrown it away. This would be considered spoliation of evidence.  Although this was an unfortunate incident, we are unable to prove any liability and respectfully deny this claim.

Should you consider filing suit, please use CT Corporation to file your complaint.

Sincerely,

Robin S. Levy
Claims Consultant

*[handwritten]* 11/4 send to Fred 4SHP



# PAULSON LAW FIRM

### TRIAL LAWYERS, P.C.

CHARLES PAULSON

September 11, 2003

♦ JANE PAULSON
♦ ALSO ADMITTED IN
WASHINGTON & CALIFORNIA

*[handwritten]* 9/15 Cld atty 4 Lft Msg
9/19 Cld atty again
10/6/03 Returned atty call
1356 0/0

Electrolux Home Products, Inc.
PO Box 35920
Cleveland, OH 44135

Re:   Marie Marchais

Ladies and Gentlemen:

We represent Marie Marchais regarding injuries she received while operating a Frigidaire washing machine, model MWX233RES3. The washing machine was spinning with the top open and the machine grabbed a sheet Ms. Marchais was holding and pulled the sheet with Ms. Marchais' arm into the machine. Ms. Marchais sustained injuries including an amputated ring finger on her right hand and a broken right wrist.

Please let me know within 30 days of the day of this letter if you are interested in settling this claim or we will file suit.

Sincerely,

*[signature]*

Jane Paulson

JP:cz

cc:   Marie Marchais

*[handwritten]* need loss date
need location loss address

RECEIVED
SEP 15 2003
By

1000 SW BROADWAY, SUITE 1660, PORTLAND, OREGON 97205-3068 ♦ (503) 226 6361

DEF 000905

# ⧫ Electrolux

November 24, 2003

Mrs. Paula Gibson
P.O. Box 815
Lowell, KY  40805

RE:      **PRODUCT LIABILITY CLAIM**
         Claimant:      Christopher Gibson
         Date of Loss:  1/26/03

Dear Ms. Gibson.

We are in receipt of your above-captioned claim in which you refer to liability for damages as the result of a Washing Machine.

We will be unable to assist your with any settlement for damages regarding this incident. After reviewing the information that was submitted and inspecting the unit, it has been determined that the washing machine has been altered from it's original manufacturing state.

Although his was an unfortunate accident, we respectfully deny liability of this claim.

Sincerely,

Robin S.Levy
Claims Consultant

Cc:    Fred Pauk

       Helena Carpenter -- Crawford & Company (324-98796)

MAILING ADDRESS
P.O. BOX 35920
CLEVELAND, OH 44135-0920
USA

OFFICE ADDRESS
18013 CLEVELAND PARKWAY
SUITE 100
CLEVELAND, OH 44135

TELEPHONE
216 898 1800
FAX
216 898 2393

WEBSITE
www.electrolux.com

⧫ The Electrolux Group. The world's No. 1 choice.

November 24, 2003


Mrs. Paula Gibson
P.O. Box 815
Lowell, KY  40805

> **RE:**      **PRODUCT LIABILITY CLAIM**
> Claimant:     Christopher Gibson
> Date of Loss:  1/26/03

Dear Ms. Gibson.

We are in receipt of your above-captioned claim in which you refer to liability for damages as the result of a Washing Machine.

We will be unable to assist your with any settlement for damages regarding this incident. After reviewing the information that was submitted and inspecting the unit, it has been determined that the washing machine has been altered from it's original manufacturing state.

Although his was an unfortunate accident, we respectfully deny liability of this claim.

Sincerely,


Robin S.Levy
Claims Consultant

Cc:    Fred Pauk

        Helena Carpenter – Crawford & Company (324-98796)



**Photo Mounting Sheet**

File Identification _324-98796_

Taken By _H. Carpenter_        _10/28/03_
DATE TAKEN

① Washer

② Broken Latch

DEF 000908



**Photo Mounting Sheet**

File Identification *98796*

Taken By *H. Carpenter*          *10/28/63*
                                    DATE TAKEN



③ *Testing*

④ *No reading*

DEF 000909



## Photo Mounting Sheet

File Identification _98796_

Taken By _H. Carpenter_      _10/28/03_
DATE TAKEN



DEF 000910



## Photo Mounting Sheet

File Identification _98296_

Taken By _H. Carpenter_   _10/28/03_
DATE TAKEN



⑥ Readings

⑧



**Crawford**®

## Photo Mounting Sheet

File Identification  *98796*

Taken By  *H. Carpenter*   *10/28/03*
DATE TAKEN

