UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK YOUNG, by Natural Father and Administrator Ad Prosequendum of the ESTATE OF DASHAWN TAHREE YOUNG, and FRANK YOUNG, individually<br><br>        Plaintiffs,<br><br>  vs.<br><br>FRIGIDAIRE COMPANY, ELECTROLUX, WHITE CONSOLIDATED INDUSTRIES, JOHN DOE 1-10 (fictitious names), ABC CORP, 1-10 (fictitious names), PETER POE 1-10 (fictitious names) AND XYZ CORP. 1-10 (fictitious names),<br><br>        Defendants. | Civil Action No.: 2:05-cv-00964 (PGS-ES)<br><br>CIVIL ACTION |

**DEFENDANT'S MOTION IN LIMINE TO BAR INTRODUCTION OF PRIOR CLAIMS EVIDENCE AND PRECLUDE PLAINTIFF FROM CALLING DEFENDANT'S COUNSEL AS A WITNESS**

GOLDBERG SEGALLA LLP
301 Carnegie Center Boulevard
Suite 101
Princeton, New Jersey 08540
(609) 986-1300

Attorneys for Defendant
Electrolux Home Products, Inc.

David S. Osterman, Esq.
Of Counsel
David S. Osterman, Esq.
Sarah X. Fang, Esq.
On the Brief

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................ii

PRELIMINARY STATEMENT .................................................1

STATEMENT OF FACTS ....................................................2

LEGAL ARGUMENT ........................................................3

I.   PRIOR CLAIMS EVIDENCE IS INADMISSIBLE ABSENT A SHOWING
     BY THE PROPONENT THAT THE PRIOR CLAIMS ARE
     SUBSTANTIALLY SIMILAR TO THE SUBJECT INCIDENT .............3

     A.   Plaintiff's Exhibits 9 and 10 are Inadmissible .......4

II.  Plaintiff Should be Precluded from Attempting to
     Introduce Prior Claims Evidence Through Cross
     Examination of Fred Pauk or Ed Buckles ....................7

     A.   Fred Pauk ............................................8

     B.   Plaintiff Should be Precluded from Compelling the
          Testimony of Defendant's General Counsel .............9

CONCLUSION............................................................12

## TABLE OF AUTHORITIES

Barker v. Deere and Co., 60 F.3d 158, 162 (3rd Cir. 1995) ........3

Fraley v. Rockwell Int'l Corp., 470 F. Supp. 1264 (S.D. Ohio 1979)................................................7

Hickman v. Taylor, 329 U.S. 495, 513, 67 S.Ct. 385 (1947)......10

Kerr v. Able Sanitary and Environmental Services, Inc., 295 N.J.Super.147 (App. Div. 1996) ...........................10-11

Knotts v. Black & Cecker, Inc., 204 F. Supp.2d 1029 (N.D. Ohio 2002)..............................................6-7

McKinnon v. Skil Corp., 638 F.2d 270 (1st Cir. 1981) ...........7

McShain v. Cessna, 563 F.2d 632 (3rd Cir. 1977) ................7

Mihailovich v. Laatsch, 359 F.3d 892, 908 (7th Cir. 2004), cert den. 543 U.S. 926, 125 S.Ct. 345 (2004)...................4

Shelton v. American Motors, 805 F.2d 1323, 1327 (8th Cir. 1986) (en banc)................................................10

### STATUTES

Federal Rule of Evidence 401....................................3

Federal Rule of Evidence 403.................................1, 3

Federal Rule of Evidence 803(8)(c)..............................6

## PRELIMINARY STATEMENT

In the course of discovery, plaintiff pursued discovery relating to prior accidents and injuries involving washing machines. Defendant now moves In Limine to exclude evidence identified in the Pretrial Order relating to this issue on the basis of hearsay and under Rule 403, Prejudice Outweighing the Probabative Value. Further, in connection with this motion, defendant moves In Limine to preclude plaintiff from attempting to compel the testimony of Mr. H.E. Buckles, Esq., an in-house attorney for defendant at trial.

It is not entirely clear what specific evidence plaintiff intends to introduce on the issue of prior claims, if any, or how she intends to introduce it. The pretrial order identifies only two specific exhibits that falls within this category. (See Plaintiff's Exhibit List, documents #9 and #10). Plaintiff also identified two witnesses, Fred Pauk (Electrolux's 30(b)(6) deponent) and H.E. ("Ed") Buckles, Esq. (an attorney in defendant's General Counsel office) to testify with respect to "prior accidents." Finally, in connection with plaintiff's opposition to defendant's summary judgment motion concerning plaintiff's punitive damage claim, plaintiff's counsel's brief identified a number of purportedly "similar" prior accidents. This motion is directed towards all such evidence on the grounds that the purported prior

claims are in no way "similar" to the unusual occurrence here, are not relevant to any disputed issue in this case, and the introduction of the evidence would be highly prejudicial and far in excess of any probative value.

## STATEMENT OF FACTS

The facts of this case are by now well-known to this Court, and will not be repeated at length. Defendant shall rely upon the statements of facts and submissions in connection with its previously submitted Summary Judgment and In Limine Motions. As the Court is well aware, decedent defeated the safety interlock in the lid lock mechanism, by placing an object (either a pen or a dry wall screw) inside the latch opening, and then starting the machine in the spin cycle, with the lid open. Plaintiff's principal liability contention is design defect. The key liability contention of her expert, according to the summary of plaintiff's liability expert's (John Jones, P.E.) testimony set forth in the Pretrial Order, is that "the interlock was easily bypassed and therefore defectively designed rendering the washing machine unreasonably hazardous to the user." (See Pretrial Order, at 6(A)(1)). It is anticipated that plaintiff will argue that evidence of the alleged prior claims is being offered to prove that the interlock had been "easily bypassed" in the past.

LEGAL ARGUMENT

I.  PRIOR CLAIMS EVIDENCE IS INADMISSIBLE ABSENT A SHOWING BY THE PROPONENT THAT THE PRIOR CLAIMS ARE SUBSTANTIALLY SIMILAR TO THE SUBJECT INCIDENT

Federal Rule of Evidence 401 states:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Federal Rule of Evidence 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In the context of a products liability claim, the Third Circuit has held that when evidence of prior claims is offered as evidence in support of a design defect claim, it is the proponent's burden to establish that the prior accident occurred under circumstances "substantially similar to those at issue in the case at bar." Barker v. Deere and Co., 60 F.3d 158, 162 (3rd Cir. 1995). Prior to the introduction of prior claims evidence, the district court "must be apprised of the specific facts of the previous accident in order to make a reasoned determination as to whether or not the prior accidents are 'substantially similar.'" Id. at 163.

3

Federal courts have defined the phrase "substantial similarity" to focus on whether the facts support an inference that the accidents share a similar, common cause. For example, the 7th Circuit has stated:

> "In applying this standard, we have emphasized that 'substantially similar' does not mean 'identical,' and that the range between similar and identical is a matter to be addressed on cross-examination." The particular defect or danger alleged by the plaintiff will serve to define the degree of commonality that there must be among the accidents in order for them to be considered substantially similar. Looking to the established facts underlying both the plaintiff's accident and the other accidents she has proffered, the court must consider whether those facts reasonably support an inference that all of the accidents share a common cause-i.e., the danger that the plaintiff has alleged. If the facts do support such an inference, then the other accidents are admissible barring other factors suggesting that their admission will result in undue prejudice.

Mihailovich v. Laatsch, 359 F.3d 892, 908(7th Cir. 2004), cert den. 543 U.S. 926, 125 S.Ct. 345 (2004) (internal citations omitted).

### A.  Plaintiff's Exhibits 9 and 10 are Inadmissible

Plaintiff has identified on her exhibit list two documents, Exhibits 9 and 10, that relate to the issue of prior claims. Exhibit 9 contains correspondence dated June 19, 2001, and October 31, 2001, from Electrolux to the United States Consumer Product Safety Commission ("CPSC") relating to one particular prior incident involving a minor named Amber

4

Newcomb. Exhibit 10 is identified as "Consumer Product Safety Commission Epidemiological Report relative to Amber Newcomb." (A copy of both documents are attached to the Affidavit of David Osterman ("Osterman Aff.") at Exhibit A and B, respectively). Both documents should be excluded because they are irrelevant, contain hearsay, and the prejudice outweighs any probative value.

Exhibit 9 represents correspondence from Electrolux Senior Associate General Counsel, H.E. "Ed" Buckles to the agency and should be excluded as irrelevant and prejudicial. The Buckles' correspondence contains multiple layers of hearsay, referencing information reported to him from multiple sources. The report relates to the incident involving Amber Newcomb, which is described as involving an injury to a young girl who became entangled in the washer <u>during the agitation cycle</u>. That is substantially dissimilar to the facts of this case. This case occurred during the spin cycle and involves a claim that the lid lock mechanism was "easily defeated." According to Mr. Buckles' letter to the CPSC, the product at issue in the Newcomb case was designed to lock during the spin cycle <u>but not during the agitation cycle</u>. According to Buckles' letter of June 19, 2001, the product was designed this way "to allow the unit to agitate with the lid open due to consumer preference and no perceived hazard." Further,

5

according to the CPSC documents, the child was able to access the inside of the washer by opening the lid <u>during the agitation cycle</u>. In other words, the lid lock mechanism at issue in the Newcomb matter was not defeated, easily or otherwise -- it played no role in that incident at all. By design at that time and on that product, the lid was not locked at all during the agitation cycle. The dissimilarity between the manner of the two accidents renders the documents irrelevant to the issue of whether the lid lock mechanism at issue in this case was capable of being "easily defeated."

Nor is it relevant to the issue of "notice" because defendant acknowledges that there is a risk of injury associated with access to the drum during the spin cycle, which is precisely why defendant interlocked the lid during the spin cycle and why it placed warnings on the product and in the manual.

Exhibit 10 is actually entitled "Epidemiological Investigation Report," and is based entirely upon inadmissible hearsay. The report is based on statements of non-CPSC employees, and identifies the "respondent" as "the victim's family attorney." Federal Courts have held in similar circumstances that CPSC Epidemiological reports do not satisfy the public record exception of F.R.E. 803(8)(c) because of a fundamental lack of trustworthiness. <u>See</u> <u>Knotts v. Black &</u>

Decker, Inc., 204 F. Supp. 2d 1029 (N.D. Ohio 2002); Fraley v. Rockwell Int'l Corp. 470 F. Supp. 1264 (S.D. Ohio 1979) (excluding CPSC Epidemiolgical Investigation Report finding that it constituted hearsay) and McKinnon v. Skil Corp., 638 F.2d 270 (1st Cir. 1981); see also McShain v. Cessna, 563 F.2d 632, 636 (3rd Cir. 1977) ("To the extent that the NTSB reports offered by McShain consist of the statements of pilots or other witnesses regarding the accidents, they constitute inadmissible hearsay evidence.  The Advisory Committee's Notes make clear that Federal Rule of Evidence 803(8) exempts from the hearsay rule only reports by officials; and of course the pilots and other witnesses are not officials for this purpose. Moreover, the memoranda submitted to the government by its investigators often contained statements from witnesses which would make such memoranda encompass double hearsay.").

## II. Plaintiff Should be Precluded from Attempting to Introduce Prior Claims Evidence Through Cross Examination of Fred Pauk or Ed Buckles

Plaintiff has identified two witnesses from whom she intends to elicit testimony regarding the alleged prior claims: Fred Pauk, a retired Electrolux engineer, and Ed Buckles, the current Senior Associate General Counsel. Although plaintiff has not listed any other documents she intends to introduce into evidence relating to the issue of prior claims, since she listed the topic of "prior claims" in

7

connection with each of their proposed testimony summaries in the Pretrial Order, it is presumed that plaintiff intends to question these witnesses with respect to alleged additional prior claims.[1] In the absence of a proper evidentiary foundation, however, such questioning should be precluded.

A. **Fred Pauk**

Fred Pauk was previously deposed with respect to his knowledge of prior injury claims occurring during the spin cycle and is listed to be called by defendant as a witness during its case in chief. Pauk testified at his deposition that all prior claims he was aware of involved allegations either that the lid lock mechanism failed entirely (i.e., a manufacturing defect) causing the lid not to lock as the machine automatically advanced from the wash to the spin cycle or involved situations in which the mechanism was permanently disabled. (See Exhibit E attached to Osterman Aff. in Support of Defendant's Motion for Partial Summary Judgment, Pauk Dep. at 16:21-18:18; 19:18-25:16). Mr. Pauk will testify that he is not aware of any prior claims of injury occurring when the lid lock mechanism was "bypassed" by a user in a manner similar to what happened here. To the extent plaintiff seeks

---

[1] Defendant acknowledges that additional "prior claims" documents involving washing machine accidents, beyond just the Amber Newcomb case, were exchanged during discovery. None of the other claims are similar to the facts at issue here. We have not bothered to list, discuss and distinguish each of the other claims individually because plaintiff has obviously chosen not to seek to have the documents admitted substantively.

8

to confront Pauk with the same line of questioning regarding the same claims discussed at his deposition, the court should preclude plaintiff from prejudicing the jury with questions to Pauk about prior claims plaintiff knows she cannot establish as similar. Nor should plaintiff be permitted to confront Pauk with documentary evidence of prior claims not listed in the Pretrial Order.

### B. Plaintiff Should be Precluded from Compelling the Testimony of Defendant's General Counsel

Plaintiff has listed as a witness, Mr. H.E. Buckles, who is defendant's Senior Associate General Counsel. Unlike Mr. Pauk, Mr. Buckles has not been deposed by plaintiff and, in fact, the court previously denied plaintiff's request to depose Mr. Buckles. Simply put, Mr. Buckles is an in-house attorney for the defendant and compelling his testimony is a form of harassment. In addition, all of his knowledge relating to prior claims would be based on information provided by outside counsel. Plaintiff was instructed by the Court to pursue discovery from other means, such as interrogatories or depositions of other non-privileged witnesses. Plaintiff elected not to pursue any additional discovery on this issue. Although plaintiff has not yet issued a Notice in Lieu of Subpoena pursuant to F.R.C.P. 45 to compel Mr. Buckles' testimony at trial, defendant moves herein

9

to preclude plaintiff from attempting to do so. The practice of forcing opposing counsel to testify as a witness has long been discouraged by federal courts on the grounds that it lowers the standards of the profession, disrupts the workings of the adversarial system, and adds to the already burdensome time and cost of litigation through inevitable work-product and attorney-client objections. Hickman v. Taylor, 329 U.S. 495, 516 (1947) ("Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary."); see also Shelton v. American Motors, 805 F.2d 1323, 1327 (8th Cir. 1986)(en banc). New Jersey Courts applying Shelton and its progeny have held that in order to compel the testimony of opposing counsel the proponent of the testimony must demonstrate "good cause," which includes, at a minimum that the attorney possesses relevant information that is not otherwise available from other, less intrusive sources. Specifically, in Kerr v. Able Sanitary and Environmental Services, Inc., 295 N.J. Super. 147 (App. Div. 1996), the court set forth the following factors to be considered:

> (1) the relative quality of the information purportedly in the attorney's knowledge, and the extent to which the proponent of the deposition can demonstrate the attorney possesses such information;
>
> (2) the availability of the information from other sources that are less intrusive into the adversarial

process, *i.e.*, the extent to which all other reasonable alternatives have been pursued to no avail;

(3) the extent to which the deposition may invade work product immunity or attorney-client privilege; and

(4) the possible harm to the party's representational rights by its attorney if called upon to give deposition testimony, *i.e.*, the extent to which the deposition will affect attorney preparation or participation on behalf of the client. Consideration of these or any other relevant factors, either singly or in combination, will determine in a particular case whether the party seeking the deposition of opposing counsel has overcome the presumptive "good cause" for the protective order. If such showing is not made, a protective order should issue.

Id. at 156.

Plaintiff cannot hope to satisfy this standard. Mr. Buckles is an attorney in the Electrolux legal department and has worked directly on this case. He was not a witness to this or any other case or claim involving Electrolux. Any knowledge he has obviously derives from his role as the Company's attorney, interacting with outside lawyers and the client. Compelling Mr. Buckles' testimony about this case or any other case would be improper, intrusive and prejudicial. It is hard to imagine any testimony from Mr. Buckles that does not trigger a privilege objection.

Additionally, this issue was previously addressed by the Court. Earlier in discovery, at a conference, Magistrate Judge Hedges <u>denied</u> plaintiff's request to compel Mr. Buckles' testimony and specifically gave plaintiff the opportunity to

pursue this line of inquiry through other less intrusive means, such as interrogatories, notice to produce, or deposition of other witnesses other than in-house counsel. For strategic reasons, plaintiff's counsel elected not to pursue any additional discovery on the issue. Plaintiff cannot hope to satisfy the Shelton/Kerr standard in this case where she has not even attempted to avail herself of less intrusive discovery.

## CONCLUSION

Accordingly, Defendant's Motion in Limine to Bar Introduction of Prior Claims Evidence and Preclude Plaintiff From Calling Defendant's Counsel as a Witness should be granted.

> **GOLDBERG SEGALLA LLP**
> Attorneys for Defendant
> Electrolux Home Products, Inc.
>
> By: _/s/ David S. Osterman_
> David S. Osterman
> A Member of the Firm

Dated: May 28, 2008